# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CYNTHIA WETZEL, on behalf of herself
and all other New Mexico consumers similarly situated,

      Plaintiff,

v.                                                                                   No. 1:20-cv-1213 DHU/KRS

DIESTEL TURKEY RANCH,

      Defendant.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on March 29, 2022. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with modifications, as reflected in the dates below. Considering the nature of this case, the Court enters discovery deadlines for class certification purposes at this time, as well as briefing deadlines for Plaintiff to file a motion for class certification. After the motion for class certification is decided, the Court will set a new scheduling conference.

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a) Maximum of thirty (30) interrogatories by each party to any other party with responses due thirty (30) days after service.

(b) Maximum of thirty (30) requests for admission by each party to any other party with responses due thirty (30) days after service.

(c) Maximum of fifteen (15) depositions by Plaintiff and fifteen (15) by Defendant. Each deposition limited pursuant to the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a)   Termination of class discovery:  **September 26, 2022**;

(b)    Deadline for supplementing discovery/disclosures: Due pursuant to Fed. R. Civ. P. 26(e);

(c)   Motions relating to class discovery:  **October 17, 2022**;

(d)   Motion for Class Certification:  **October 26, 2022**;

(e)   Response to Motion for Class Certification:  **November 9, 2022**;

(f)   Reply to Motion for Class Certification:  **November 23, 2022**.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question.  Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline.  Discovery must be completed on or before the termination of the discovery deadline.  A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline.  The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time period under Local Rule 26.6 to challenge a party's objections to answering discovery.  The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE