IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CYNTHIA WETZEL, on behalf of herself
and all other New Mexico consumers
similarly situated,

    Plaintiff,

vs.       Civil Action No. 20-CV-01213-DHU-KRS

DIESTEL TURKEY RANCH,

    Defendant.

**STIPULATION AND PROTECTIVE ORDER
RE: CONFIDENTIAL INFORMATION**

The parties in this action, entitled *Cynthia Wetzel v. Diestel Turkey Ranch*, United States District Court for the District of New Mexico, Case No. 20-CV-01213 (the "Action"), plaintiff Cynthia Wetzel ("Plaintiff") and defendant Diestel Turkey Ranch ("Defendant") have entered into a Stipulation for entry of a Protective Order re: Confidential Information ("Protective Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles subject to the procedures set forth in this Protective Order. For good cause appearing therefore, the court HEREBY ORDERS AS FOLLOWS:

**1.   DEFINITIONS**

    1.1   <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of Documents, Information or Testimony under this Protective Order.

- 2 -

  1.2 <u>"CONFIDENTIAL" Material</u>:  Any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Protective Order.

  1.3 <u>Designating Party</u>:  A Party or Non-Party that designates Documents, Information or Testimony that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

  1.4 <u>Disclosure or Discovery Material</u>:  All Documents, Information or Testimony, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or as part of discovery in this matter.

  1.5 <u>Document</u>:  Any "Writing," "Original," and "Duplicate" as those terms are defined by Rule 1001 of the Federal Rules of Evidence, which have been produced in discovery in this Proceeding by any person, and any copies, reproductions, or summaries of all or any part of the foregoing;

  1.6 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or staff member of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

  1.7 <u>Information</u>:  The content of Documents or Testimony;

  1.8 <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

  1.9 <u>Outside Counsel</u>:  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this Action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

  1.10 <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, volunteer staff, consultants, retained experts, and Outside Counsel (and their support staff).

  1.11 <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.12     Professional Vendors:  Persons or entities that provide support services for this Action (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.13     Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

1.14     Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

1.15     Testimony:  All depositions, declarations or other testimony taken or used in this Action.

**2.     SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

The protections conferred by this Protective Order do not, however, cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

In the event additional Parties join or are joined in this Action, they shall not have access to any Protected Material until they have executed and, at the request of any Party, filed with the Court their agreement to be bound by this Protective Order.

**3.    DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all causes of action and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**4.    DESIGNATING PROTECTED MATERIAL**

4.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Documents, Information and Testimony that qualify for protection under this Protective Order must be clearly designated before the material is disclosed or produced.  Designation in conformity with this Protective Order requires:

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated material.

b. For Testimony given in depositions the Designating Party may either:

i. Identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential"; or

ii. Designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. The Parties may stipulate, confirmed in writing, to extend this 30-day period. During the transcription and following review period after a deposition session, the transcript and exhibits must be treated as Confidential unless the Designating Party consents to less confidential treatment of the information. Each Party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated as Confidential in accordance with this Stipulation and Protective Order.

c. For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

4.3   Mistaken Designations. If it comes to a Designating Party's attention that Documents, Information or Testimony that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.4   Inadvertent Failures to Designate. A Party's or Non-Party's inadvertent failure to timely designate qualified Documents, Information or Testimony does not waive the Designating

Party's right to secure protection under this Protective Order for such material.  Likewise, a Party's or Non-Party's failure to designate Disclosure or Discovery Materials as "CONFIDENTIAL" does not constitute forfeiture of confidentiality as to any other Discovery Materials.  At any time, the Party or Non-Party may designate any Disclosure or Discovery Material as "CONFIDENTIAL" by providing written notice to the Receiving Party.  Upon receiving notification of the designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

**5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge ("Designation Objection").  To avoid ambiguity as to whether a challenge has been made, the Designation Objection must recite that the challenge to confidentiality is being made in accordance with this section of the Protective Order.  Within 14 days of receiving the Designation Objection, the Designating Party and the Challenging Party shall meet and confer in good faith to attempt to resolve the dispute without involvement of the Court. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

5.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**6.      ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action, and shall not use Protected Material at any time for any other purpose.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

When the Action has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

6.2     Disclosure of "CONFIDENTIAL" Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Documents, Information or Testimony designated "CONFIDENTIAL" shall be disclosed only to:

    (a)  the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

    (b)  any Party, as defined in Section 1.10 of this Protective Order;

    (c)  Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)  the Court and its personnel;

    (e)  mediators, arbitrators, or other neutrals and their staff, as part of the ADR process;

    (f)  court reporters and their staff;

    (g)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (h)  during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before being shown or given the Protected Material(s), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Protective Order.

    (i)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER ACTION

If a Party is served with a subpoena or a court order issued in other action(s) that compels disclosure of any Documents, Information or Testimony designated in this action as "CONFIDENTIAL," that Party must:

   (a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order.  Notification will be made within 72 hours of receipt of the subpoena or court order and made via an email and telephone call to Outside Counsel for the Designating Party;

   (b) promptly notify in writing the person who caused the subpoena or order to issue in the other action(s) that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order;

   (c) wait at least five (5) days after providing the notification required under subsection 7(a) above before disclosing the Protected Material (the "Waiting Period");

   (d) if the subpoena or court order requires disclosure of Protected Material before the end of the Waiting Period, then the Party must notify the Designating Party of this requirement and delay disclosure for a reasonable amount of time for the Designating Party to seek a protective order against disclosure; and

   (e) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

 8.1 The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by

this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

       8.2       In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

       (a)       promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

       (b)       promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

       (c)       make the information requested available for inspection by the Non-Party.

       8.3       If the Non-Party fails to object or seek a protective order from this Court within 15 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**9.**       **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A.

**10.    USE IN COURT PROCEEDINGS – FILING OF COURT PAPERS.**

Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the court any Protected Material, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the Parties to arrange for appropriate safeguards, and provided that the rules applicable to sealing records, as further addressed below, are followed.  Likewise, nothing in this Protective Order shall be dispositive of any issues of relevance, discoverability or admissibility.

If the Protected Materials are required to be kept confidential by law or are submitted in connection with discovery motions or proceedings, no court order is required.  If, however, the Protected Materials, or information contained therein, are submitted for use at trial or as the basis for adjudication of matters other than discovery motions or proceedings, a court order sealing the Protected Materials is required.  The Parties understand that failure to present evidence sufficient to support the findings that the Protected Materials are CONFIDENTIAL, as defined in Section 1.2, may result in the placement of confidential materials in the public file.  The Parties further understand that no sealing order will be issued solely on the basis of the existence and applicability of this Protective Order.

**11.    MISCELLANEOUS**

11.1    <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    <u>Modification</u>.  Nothing in this Protective Order shall preclude any Party from applying to the Court to modify this Protective Order to provide for additional safeguards to

ensure the confidentiality of materials produced in this Action or otherwise modify this Protective Order for good cause shown.

12. **FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in Section 3 above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

13. **RETENTION OF JURISDICTION**

The court shall retain jurisdiction over all persons to be bound by the terms of this Protective Order, during the pendency of this Action and for such time thereafter as is needed to carry out its terms.

IT IS SO ORDERED.

_____
The Honorable Kevin R. Sweazea
United States Magistrate Judge

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Date: June 2, 2022

BLAXTER BLACKMAN | LLP

By:   */s/ Brian R. Blackman*
Brian R. Blackman
(*Pro Hac Vice Attorney to be Noticed*)
J.T. Wells Blaxter
(*Pro Hac Vice Attorney to be Noticed*)
601 Montgomery St., Suite 1110
San Francisco, CA 94111
(415) 500 7700
bblackman@blaxterlaw.com
wblaxter@blaxterlaw.com
***Attorneys for Diestel Turkey Ranch***

QUINN S. SIMONS
P.O. Box 5333
Santa Fe, NM 87502
(505) 988-5600
(505) 982-0185 Facsimile
qsimons@simonsfirm.com
***Attorneys for Diestel Turkey Ranch***

Date: June 2, 2022

ELSNER LAW & POLICY, LLC

By:   */s/ Gretchen Elsner*
Gretchen Elsner
314 South Guadalupe Street, Suite 123
Santa Fe, NM 87501
(505) 303-0980
gretchen@elsnerlaw.com
***Attorneys for Plaintiff Cynthia Wetzel***

Timothy L. Sifers
Nathaniel K. Scearcy
THE POTTS LAW FIRM, LLP
1901 W. 47th Place, Suite 210
Westwood, KS 66205
(816) 931-2230
tsifers@potts-law.com
nscearcy@potts-law.com
***Attorneys for Plaintiff Cynthia Wetzel***

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of New Mexico on _____ in the case of *Cynthia Wetzel v. Diestel Turkey Ranch*, United States District Court for the District of New Mexico, Case No. 20-CV-01213. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of New Mexico for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____