## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| **CYNTHIA WETZEL**, on behalf of herself and all other New Mexico consumers similarly situated**,**<br><br>Plaintiff**,**<br><br>v.<br><br>**DIESTEL TURKEY RANCH,**<br><br>Defendant. | **Case No.: 20-cv-1213 DHU/KRS** |

## PLAINTIFF'S FIRST MOTION TO COMPEL

Plaintiff Cynthia Wetzel moves to compel the production of documents responsive to Plaintiff's First Set of Requests for Production and First Set of Interrogatories. Consistent with this Court's Order (ECF 47), this motion is timely because it is filed within 21 days of the parties' meet and confer session concerning the Requests.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff seeks to enforce New Mexico's truth in advertising and fair play in business laws for a Thanksgiving turkey that she bought to feed to her family. Compl. ¶ 11. She paid a premium to purchase from Defendant Diestel Turkey Ranch ("DTR"), a company that promised and continues to promise high standards. In reality, less than 1% of DTR's birds are raised the way that DTR promises. Id. ¶¶ 45, 68, 84. In fact, the turkeys are raised in ways that, instead of nourishing the soul, turns the stomach. Id. ¶ 51 (photos).

As a result, Plaintiff, a class action representative, sued DTR for making false and misleading statements and advertising about its turkey products. On February 8, 2022, Plaintiff served DTR with her opening Interrogatories and Requests for Production. On March 7, 2022,

Plaintiff granted DTR's counsel's request to extend the deadline to responding to Plaintiff's discovery to March 24, 2022. On March 23, 2022, Plaintiff granted DTR's second request for an extension of time to respond to Plaintiff's discovery, setting the new deadline of April 7, 2022. On April 7, 2022, DTR served its answers and responses to Plaintiff's discovery. No documents were included in these responses as the parties were negotiating an agreed upon protective order.

Due to the ongoing protective order negotiation and the fact that DTR had not yet produced documents, Plaintiff moved to extend the time to file a motion to compel. In its Order on the motion, the Court ruled that the parties must hold a meet and confer within 30 days of receiving documents, and any motion to compel must be filed within 21 days of the meet and confer session.

DTR made a partial production of documents to Plaintiff on July 6, 2022 via a Hightail website link. The parties had an initial meet and confer session on July 7, 2022 wherein DTR's counsel explained that he had sent a thumb drive with the complete production of document to Plaintiff's counsel via the mail due to the inability to upload documents in their native format on Hightail. After receiving the complete production, the parties held another meet and confer session on July 18, 2022 during which the substance of DTR's responses to Plaintiff's Requests for Production was discussed.

DTR's responses to Plaintiff's Interrogatories and Requests for Production were ripe with objections and incomplete responses. Attached as Ex. 1 (Interrogatories) and 2 (RFPs). After discussing the issues on July 18, 2022, DTR's counsel advised that he would touch base with his client on the matters and supplement the responses. Plaintiff followed up via emails on on July 29, 2022 and August 3, 2022 wherein Plaintiff stated she would move to compel if the discovery responses were not supplemented. Plaintiff spoke with DTR's counsel on August 3, 2022 where Plaintiff again advised DTR that she would file a motion if complete responses were not furnished. Plaintiff has received neither supplemental responses nor a privilege log.

## ARGUMENT

A.   Legal Standard

Fed.R.Civ.P. 26(b)(1) provides that discovery may be obtained "regarding any non-privileged matter that is relevant to any party's claim or defense…" Relevancy is broadly construed for pretrial discovery purposes. As a general proposition, "[a] request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *In re Urethane Antitrust Litigation*, 261 FRD 570, 573 (D. Kan. 2009). When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Hammond v. Lowe's Home Ctrs., Inc.*, 216 FRD 666, 670 (D. Kan. 2003).

The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial." 8 Charles Alan Wright et al., Federal Practice and Procedure § 2008, at 99 (2d ed.1994). "[A] party resisting discovery on the basis that a request if overly broad has the burden to support its objection, unless the request is overly broad on its face." *General Electric Capital Corp. v. Lear Corp.*, 215 FRD 637, 640 (D. Kan. 2003). The scope of permissible discovery is construed broadly so as "to achieve the full disclosure of all potentially relevant information." *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004).

Generally, the proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Federal courts have held that the scope of discovery under Rule 26 is broad. See *Hartnett*

*v. Papa Johns*, 2012 WL 3860739 at *13-14 (D.N.M. 2012) (citing *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M.2004) (Browning, J.) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information."). These rules reflect the courts' and Congress' recognition that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947). As a result, Rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case." *Anaya v. CBS Broad.*, Inc., 251 F.R.D. 645, 649-650 (D.N.M. 2007) (Browning, J.) (internal quotation marks omitted).

Further, Rule 26 requires that when a party withholds information that is otherwise discoverable by claiming it is privileged, the party must "describe the nature of the documents … not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). In other words, DTR is required to state whether it is withholding any responsive information and produce a privilege log of all relevant documents withheld on the basis of privilege.

B.   The Law Applied to This Discovery Dispute

Everything that Plaintiff has requested conforms both to Rule 26(b)(1) and District of New Mexico case law and relates to or could produce information that could lead to admissible evidence. All Requests are related to Plaintiff's claims or DTR's potential defenses, therefore Plaintiffs asks this Court to compel DTR to supplement its responses and produce responsive documents. The relief requested from this Court by Plaintiff is authorized under Fed. R. Civ. P. 37. The Court may compel answers to interrogatories and it may compel the production of documents.

See *Rivera v. DJO*, LLC, 2012 WL 3860744 at *25-26 (D.N.M. 2012).

## **INTERROGATORIES IN DISPUTE**

A. General Objections

Every single response given by DTR incorporates "General Objections." General objections have been found to be impermissible under Rules 33 and 34. Therefore, Defendants' reference to its general objections in response to discovery requests is improper because it fails to set forth the specific grounds on which they are objecting.  See *Heuskin v. D&E Transp.*, LLC, 2020 WL 1450575, at *2 (D.N.M.) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."); *King v. Gilbreath*, 2015 WL 12866984, at *1 (D.N.M.) (explaining that "the use of general, reserved objections is disfavored" because Rules 33 and 34 "require that the grounds for objecting to an interrogatory or request for production be particularized to that request") (citations omitted); *Matter of Caswell Silver Family Tr. Created Under the Terms of the Caswell Silver Revocable Tr. U/A Dated Nov. 21, 1985*, 2012 WL 13013063, at *3 (D.N.M.) ("'[G]eneral objections' are not contemplated by the Rules and, therefore, are null.").  Instead, a proper objection is one that is tailored to the individual discovery request, not a conclusory objection such as "vague," "ambiguous," "overly broad" or "unduly burdensome" which neglects to say why the discovery request is subject to that objection. As such, Plaintiff asks the Court to overrule and strike every reference to DTR's "General Objections."

B. DTR's Objections to Interrogatories 2, 3, 5, and 8

Plaintiff asks the Court to overrule and strike DTR's numerous unfounded objections to certain interrogatory responses and order it to respond fully. Plaintiff served DTR with only eight interrogatories, but every answer that DTR provided is preceded by, at minimum, four paragraphs of objections. Even Interrogatory 1, which seeks the identity of people who participated in

answering of helping to answer the interrogatories, has five paragraphs of objections. Specifically, Plaintiff is asking the Court to strike DTR's objections and compel complete answers to Interrogatories 2, 3, 5, and 8, which are reproduced below.

**INTERROGATORY NO. 2:**

IDENTIFY, for New Mexico, for each quarter of the CLASS PERIOD, your unit sales of each of the TURKEY PRODUCTS and the total revenue YOU derived from the sale of the individual TURKEY PRODUCTS.

\*\*\*

**INTERROGATORY NO. 3:**

IDENTIFY all products YOU have made, used, sold, offered for sale, advertised, or manufactured that contained the CHALLENEGED STATEMENTS during the CLASS PERIOD, including but not limited to each of the TURKEY PRODUCTS, and for each such product identify: (a) all of its product names; (b) all of its product numbers; (c) the family or series of products the product belongs to; (d) any internal names, code names or project names for the product; and (e) any other designations YOU use to refer to the product either internally or externally.

\*\*\*

**INTERROGATORY NO. 5:**

Provide BASIC DISSEMINATION DATA for each unique ADVERTISEMENT for each TURKEY PRODUCT disseminated throughout the CLASS PERIOD.

\*\*\*

**INTERROGATORY NO. 8:**

For each of the PRODUCTS, state the date that they became available for sale in New Mexico and, if applicable, the date they YOU [sic] stopped selling the PRODUCTS.

These are clear and direct Interrogatories targeted to obtain relevant information to the case at hand. However, as with all of its discovery responses, DTR issued numerous groundless objections to each one. Despite DTR's contentions, there is nothing vague or ambiguous about any of these Interrogatories. Each one contains defined terms and scopes such that there is no question as to the meaning of any of them. See Ex. 4 for definitions provided to DTR.

Despite its objections, DTR does provide a semblance of a response to some of these

Interrogatories. Interrogatories 2, 3 and 8 seek distribution information regarding the turkey products as well as the revenue DTR obtained from their sale. After extensive objections, DTR directs Plaintiff towards numerous excel spreadsheets for responsive information. However, the specific spreadsheet Defendant is referring to is not identified via Bates number. Further, the spreadsheets that were provided have been pulled from different programs which render the spreadsheets unorganized, difficult to follow, and missing information. DTR is referring Plaintiff to unidentified documents and then charging Plaintiff to come up with key conclusions based off missing, incomplete, and disorganized materials. Simply, there is not enough specificity to comply with Fed. R. Civ. P. 33(d). DTR should be required to provide a sworn answer to each of these Interrogatories.

    C.  <u>Specific Interrogatories</u>

    This case is about marketing to the public, so an interrogatory that seeks information on any market analysis or studies that DTR conducted or contracted for concerning the at-issue Turkey Products is relevant. Interrogatory No. 4 deals directly with DTR's knowledge of the public's understanding of its products and claims.

**INTERROGATORY NO. 4:**
For each product identified in response to Interrogatory Nos. 2 and 3, describe in detail any market analysis, industry analysis, competitive analysis, reverse engineering, testing results, customer or third-party surveys and related survey results and analysis, usability studies, and focus group studies that were performed by or on behalf of YOU or a related entity relating to the TURKEY PRODUCTS and products identified.

**RESPONSE TO INTERROGATORY NO. 4:**
DTR specifically incorporates its General Objections into this response.
DTR objects to this Interrogatory on the grounds that its use of the phrases "describe in detail," "market analysis," "industry analysis," "competitive analysis," "reverse engineering," "testing results," "usability studies," "focus group studies," "related entity" and "products identified" render it vague and ambiguous.
DTR objects to this interrogatory on the grounds that it is overly broad in scope and time, unduly burdensome and oppressive, seeks information that is neither relevant to the claims and defenses raised in this action nor reasonably

calculated to lead to the discovery of admissible evidence, and exceeds the rule of proportionality in contravention of Federal Rule of Civil Procedure 26(b)(1). This Interrogatory is not limited to products Plaintiff purchased, nor products DTR actually sold or were available for purchase in New Mexico in the last six years. DTR will limit its response to New Mexico.

DTR objects to this interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. DTR will not provide privileged information.

DTR objects on the grounds that the Interrogatory seeks trade secret, proprietary commercial information or other highly confidential and competitively sensitive business information protected from discovery by the trade secret privilege and DTR's and its vendors' and distributors' rights of privacy. DTR will only produce information responsive to this Interrogatory subject to the protections and limitations of a protective order entered by the Court that allows DTR to designate the information "Confidential."

Subject to and without waiving these objections, DTR states that it has not conducted any analyzes or surveys specific to New Mexico or New Mexico consumers.

As was the theme with its responses, DTR lodged numerous groundless objections and limited its response to only studies specifically pertaining to New Mexico. This ignores, however, the fact that any national study that DTR may have performed inherently encompasses New Mexico and its consumers. Even if DTR studied only consumers from another state, that study could be relevant to how New Mexico consumers understood DTR's marketing. DTR has not made any argument that its nationwide marketing varied from one state to another in order to justify limiting its response to marketing specific to New Mexico. DTR must fully answer this interrogatory on its marketing studies.

**INTERROGATORY NO. 5:**

Provide BASIC DISSEMINATION DATA for each unique ADVERTISEMENT for each TURKEY PRODUCT disseminated throughout the CLASS PERIOD.

**RESPONSE TO INTERROGATORY NO. 5:**

DTR specifically incorporates its General Objections into this response.

DTR objects to this Interrogatory on the grounds that its use of the term "disseminated" and the phrase "unique ADVERTISEMENT" render it vague, ambiguous and unintelligible.

DTR objects to this interrogatory on the grounds that it is overly broad in scope and time, unduly burdensome and oppressive, seeks information that is

neither relevant to the claims and defenses raised in this action nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the rule of proportionality in contravention of Federal Rule of Civil Procedure 26(b)(1). This Interrogatory is not limited to consumer facing advertising, DTR branded products Plaintiff purchased, nor products DTR actually sold or were available for purchase in New Mexico in the last six years. DTR will limit its response to consumer facing advertising to New Mexico consumers.

DTR objects on the grounds that the Interrogatory seeks trade secret, proprietary commercial information or other highly confidential and competitively sensitive business information protected from discovery by the trade secret privilege and DTR's and its vendors' and distributors' rights of privacy. DTR will only produce the information responsive to this Interrogatory subject to the protections and limitations of a protective order entered by the Court that allows DTR to designate the information "Confidential."

Subject to and without waiving these objections, DTR states that it operates a website located at "dieselturkey.com" that consumers can access through the Internet. DTR branded products are packaged in USDA approved labels and labeling. DTR branded products sold through its ecommerce store are shipped in DTR labeled boxes that include inserts about the brand and company. DTR provides sales brochures to Whole Foods Market for its use at its stores. DTR does not know if Whole Foods Market stores in New Mexico actually displays the brochures. Consumers can follow DTR on social media, including Instagram and Facebook. DTR will occasionally issue press releases about its business. DTR has been featured in news articles, but does not know whether those articles reached consumers in New Mexico.  Discovery is continuing.

In her initial Interrogatories, Plaintiff defined "Basic Dissemination Data" as "… all of the following information about each version of an Advertisement: (i) how it was disseminated; (ii) when it was disseminated; (iii) the total number disseminated; (iv) where it was disseminated; and (v) the identity and contact information of the individuals or entities that disseminated the Advertisements." As this case is centered on DTR's advertising of its Turkey Products to the public at large, this Interrogatory is absolutely relevant and is targeted at determining which consumers saw which advertisements. In its response, DTR vaguely describes in broad terms how some of their advertisements are disseminated. However, the Interrogatory seeks much more than that. DTR makes no effort to identify the quantity of brochures it has sent out, where they are sent, and who is responsible. Further, while DTR mentions that they issue press releases, there is nothing done to identify where these press releases were published or by whom. DTR should be

required to supplement this response with all of the information that this Interrogatory is

seeking.

### INTERROGATORY NO. 6:

IDENTIFY every store, facility, or location within New Mexico where at least one of the TURKEY PRODUCTS was sold during the CLASS PERIOD.

### RESPONSE TO INTERROGATORY NO. 6:

DTR specifically incorporates its General Objections into this response. DTR objects to this Interrogatory on the grounds that its use of the term "facility" and the phrase "was sold" render it vague and ambiguous. DTR assumes this Interrogatory refers to sales to consumers in New Mexico and bases the remainder of its response on that assumption.

DTR objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome and oppressive, seeks information that is neither relevant to the claims and defenses raised in this action nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the rule of proportionality in contravention of Federal Rule of Civil Procedure 26(b)(1). This Interrogatory is not limited to products Plaintiff purchased. DTR does not sell direct to consumers from physical locations in New Mexico. DTR sells its DTR branded products to distributors and retailers and ships those products to depots and distribution centers. DTR objects on the grounds that the Interrogatory seeks proprietary commercial information or other highly confidential and competitively sensitive business information protected from discovery by the trade secret privilege and DTR's and its vendors' and distributors' rights of privacy. DTR will only produce the information responsive to this Interrogatory subject to the protections and limitations of a protective order entered by the Court that allows DTR to designate the information "Confidential."

Subject to and without waiving these objections, DTR states that it does not sell DTR branded turkey products directly to consumers from physical locations in New Mexico. DTR sells its DTR branded turkey products to distributors and retailers, and ships those products to the distributors' or retailers' depots or distribution center. None of those depots or distribution centers are located in New Mexico. Thus, DTR does not know every store or location within New Mexico where its distributors may have sold a DTR branded turkey product. DTR is informed and believes that DTR branded turkey products have been sold at the following locations in New Mexico between November 2016 and the date of this response:

1. Whole Foods Market, 2103 Carlisle Blvd. NE, Albuquerque, New Mexico 87110 (a.k.a. Indian School Plaza);

2. Whole Foods Market, 5815 Wyoming Blvd. NE, Albuquerque, New Mexico 87109 (a.k.a. Academy); and

3. Whole Foods Market, 753 Cerrillos Road, Santa Fe, New Mexico 87505 (a.k.a. Cerrillos).

Discovery is continuing.

Plaintiff has the burden of certifying the class, and reasonably asked for DTR to identify the New Mexico locations where it sold its products in Interrogatory No. 6. DTR's response did not even identify the stores listed on its own website store locator, Ex. 3, which calls into question whether DTR provided a complete response.  After meeting and conferring on the fact that DTR's sworn response was not as fulsome as its website, DTR failed to supplement this response or to explain why its response does not even list the retailers on its website. DTR must provide a complete response to Interrogatory No. 6.

**INTERROGATORY NO. 8:**

For each of the PRODUCTS, state the date that they became available for sale in New Mexico and, if applicable, the date they YOU [sic] stopped selling the PRODUCTS.

**RESPONSE TO INTERROGATORY NO. 8:**

DTR specifically incorporates its General Objections into this response.

DTR objects to this Interrogatory on the grounds that its use of the phrases "became available for sale" and "stopped selling" render it vague and ambiguous. DTR objects to this interrogatory on the grounds that it is overly broad in scope and time, unduly burdensome and oppressive, seeks information that is neither relevant to the claims and defenses raised in this action nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the rule of proportionality in contravention of Federal Rule of Civil Procedure 26(b)(1). This Interrogatory is not limited to products Plaintiff purchased or products DTR sold or were available for purchase in New Mexico in the last six years. More importantly, over the last six years, DTR has sold more than 300 different retail products or product varieties and has made or used hundreds of other products in the course of its business. Demanding DTR go back and review, catalogue and list out the dates the products were first sold and discontinued in New Mexico is overly broad, unduly burdensome, oppressive and violates the rule of proportionality.

DTR objects on the grounds that the Interrogatory seeks proprietary commercial information or other highly confidential and competitively sensitive business information protected from discovery by the trade secret privilege and DTR's rights of privacy. DTR will only produce the confidential information responsive to this Interrogatory subject to the protections and limitations of a protective order entered by the Court that allows DTR to designate the information "Confidential."

Subject to and without waiving these objections, DTR states that it does not sell DTR branded turkey products directly to consumers from physical locations in New Mexico. DTR sells its DTR branded turkey products to distributors and retailers, and ships those products to the distributors' or retailers'

depots or distribution center. Some of those depots or distribution centers service the New Mexico area. DTR, however, does not know when a particular DTR branded turkey product is shipped to a physical location in New Mexico for resale to a New Mexico consumer, nor when a consumer purchases a DTR branded products from a physical location in New Mexico. DTR can ship directly to customers in New Mexico, who order from DTR's ecommerce website. DTR states that the sales data from its ecommerce website and from its distributors and retailers identify the DTR branded turkey products sold in New Mexico from November 2016 through February 2022. In accordance with Fed. R. Civ. P. 33(d)(1), DTR will produce these sales reports, covering the period of November 2016 to February 2022, subject to a protective order that limits the use and disclosure of this information and allows DTR to designate the information "Confidential."

As with the majority of Plaintiff's discovery directed to DTR, this interrogatory seeks information regarding when and where the disputed products were made available for sale to consumers in New Mexico. This is clearly relevant because the marketing surrounding these products is what is at issue in this case. However, DTR indicates that it has no idea when any of its products became available for sale in New Mexico because it sells to distributors, not retail stores. However, DTR's own website allows users to input their location and then be provided with retail stores near them that carry Diestel products. Ex. 3. Clearly DTR has some method or mechanism to track its products and is at least somewhat aware of the stores carrying its products. DTR has the ability to fully respond this Interrogatory and should be required to do so.

### REQUESTS FOR PRODUCTION IN DISPUTE

A.   <u>General Objections</u>

As with its Interrogatory answers, DTR has incorporated "General Objections" in every response it has provided. As discussed above, this is improper. See *Heuskin v. D&E Transp.*, LLC, 2020 WL 1450575, at *2 (D.N.M.) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.) As such, Plaintiff asks the Court to overrule and strike every reference to DTR's "General Objections."

B.    DTR Needs to Specify If It Is Withholding Documents

Similar to its Interrogatory responses, DTR has issued objections to every single

Request for Production. Despite the objections, DTR has produced some documents to Plaintiff.

Because of this production, the amount of objections, and the lack of a privilege log, Plaintiff

does not know if DTR is objecting but still producing all responsive documents in its possession

or if it is objecting and withholding. Rule 34 provides that a proper response to a request for

production of documents "must either state that inspection and related activities will be

permitted as requested or state with specificity the grounds for objecting to the request,

including the reasons." Fed. R. Civ. P. 34(b)(2)(B).  In doing so, the party must also "state

whether any responsive materials are being withheld" on the basis of the objection.  Fed.

R. Civ. P. 34(b)(2)(C). DTR should be required to specify whether it is withholding any

documents or answering and providing what is in its possession as to every Request.

C.    Specific Requests

DTR failed to provide a yes or no response to whether it has document retention

policies, see Request No. 1.

**REQUEST NO. 1:**
YOUR written document retention policies and procedures.

**RESPONSE TO REQUEST NO. 1:**
DTR specifically incorporates its General Objections into this response.
DTR objects to this Request on the grounds that it is vague and ambiguous
in that it cannot be determined what Plaintiff intends by the use of the phrase
"retention policies and procedures."
DTR objects to this Request on the grounds that it is overly broad in scope
and time, unduly burdensome and oppressive, and seeks information that is
neither relevant to the claims and defenses raised in this action nor reasonably
calculated to lead to the discovery of admissible evidence.
DTR objects to this Request on the grounds that it seeks information
protected from discovery by the attorney-client privilege and/or attorney work
product doctrine. DTR will not provide privileged information.

This is relevant because it will answer whether any potentially relevant document may

have been destroyed as part of DTR's normal business practices. Instead of answering one way

or the other, DTR lodged numerous objections to this relatively simple Request. Further, although DTR's objections contemplate an assertion of privilege via attorney-client communications or work-product doctrine, no privilege log was supplied. As such, Plaintiff is left wondering if a responsive document was withheld or if one even exists.

On August 3, 2022, Counsel for DTR conveyed to Plaintiff's counsel that he believes a document retention policy exists, but that he will not be able to produce it until after his client returns from a trip out of the country. Plaintiff requests that this Response be supplemented and that the Court order DTR to produce the contemplated policy.

Request No. 4 seeks documents related to any third-party organization or individual that DTR contracted with to assist marketing and advertising of the at-issue products. This Request is directly relevant because the marketing and advertising of the turkey products is what is being challenged in this case.

### REQUEST NO. 4:

To the extent not produced in response to Request No. 3, DOCUMENTS sufficient to show all third parties with whom YOU contracted for services RELATING TO the MARKETING, ADVERTISING, manufacture, development, distribution, or sale of the TURKEY PRODUCTS.

### RESPONSE TO REQUEST NO. 4:

DTR specifically incorporates its General Objections into this response.

DTR objects to this Request on the grounds that its use of the terms "manufacture," "development," "services" and "sale" and the phrases "sufficient to show" and "RELATING TO" render it vague and ambiguous.

DTR objects to this Request the grounds that it is overly broad in scope and time, unduly burdensome, oppressive, seeks information that is neither relevant to the claims and defenses raised in this action nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the rule of proportionality in contravention of Federal Rule of Civil Procedure 26(b)(1). This Request is not tailored in any way to the claims or defenses asserted in this action nor the applicable time period. It is not limited to the product(s) Plaintiff purchased, products DTR sold or were available for purchase in New Mexico, nor marketing or advertising DTR undertook in New Mexico. This Request literally demands DTR locate and produce documents identifying every person or company with whom DTR has ever contracted.

DTR objects to this Request on the grounds that it seeks documents and information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. DTR will not provide privileged information.

DTR objects to this Request on the grounds that it seeks trade secret, proprietary

commercial information or other highly confidential and competitively sensitive business information protected from discovery by the trade secret privilege and DTR's, its employees' and its contractors' rights of privacy.

Again, DTR lodged numerous objections, some centering around relevancy and privilege purportedly held by unidentified parties. As with their other responses, no privilege log was provided so that Plaintiff could ascertain the applicability of any privilege. Further, some documents were produced that identified an outside marketing firm that was at least involved in advertising. However, Plaintiff has no way of knowing whether the documents given are the only ones reflecting that relationship or if others exist that were withheld. Defendant should be compelled to supplement this Response by either providing a privilege log or identifying all of the responsive documents that were produced.

## REQUEST NO. 5:
Exemplars of all LABELS, ADVERTISEMENTS, packaging, package inserts, and brochures RELATING TO the PRODUCTS during the CLASS PERIOD.

## RESPONSE TO REQUEST NO. 5:
DTR specifically incorporates its General Objections into this response.

DTR objects to this Request on the grounds that its use of the terms "exemplars" and "packaging" and the phrases "package inserts" and "RELATING TO" render it vague and ambiguous.

DTR objects to this Request the grounds that it is overly broad in scope, unduly burdensome, oppressive, seeks information that is neither relevant to the claims and defenses raised in this action nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the rule of proportionality in contravention of Federal Rule of Civil Procedure 26(b)(1). This Request is not tailored in any way to the claims alleged against DTR in this action. It is not tied to the product(s) Plaintiff purchased, products DTR sold or were available for purchase in New Mexico, nor marketing or advertising DTR undertook in New Mexico. Further, it is not limited to advertising materials actually used in commerce or consumer facing. DTR will limit its response to consumer facing labels, product packaging and advertisements targeted at New Mexico consumers.

DTR objects to this Request on the grounds that it seeks documents and information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. DTR will not provide privileged information.

DTR objects to this Request on the grounds that it seeks trade secret, proprietary commercial information or other highly confidential and competitively sensitive business information protected from discovery by the trade secret privilege and DTR's rights of privacy.

Subject to and without waiving these objections, DTR will produce exemplars of its turkey product labels, packaging, package inserts and consumer

facing brochures for products sold in New Mexico for the period of November 2016 to the present that can be obtained through a reasonable search. DTR will also produce an archived copy of the web pages from its prior website that are in its possession, custody or control. DTR will not reproduce copies of the its current website, the documents linked to its website or any YouTube videos because they are equally available to Plaintiff on public websites.

Request Number 5 seeks exemplars of all advertisements, inserts, and brochures that are related to the products that at some point bore the disputed claims. Clearly this is relevant as it goes towards what consumers were seeing when determining to purchase Diestel products during the class period. While DTR did produce some responsive documents to this Request, it is unclear if anything is being withheld. For example, during one of the meet-and-confer sessions DTR's counsel referenced sell sheets for some products.

Further, DTR notes that it is providing certain documents to Plaintiff but is withholding or not producing others because they are "equally available" to Plaintiff. The fact that something is equally available to Plaintiff does not relieve DTR of its discovery responsibilities. "As a general matter, parties cannot avoid their discovery obligations by stating that the discovery sought can be obtained from some other source." *S2 Automation LLC v. Micron Tech.*, Inc., No. CIV 11-0884 JB/WDS, 2012 WL 3656454, at *37 (D.N.M. Aug. 9, 2012)(Browning, J.)(quoting *Jackson v. W. Va. Univ. Hosp., Inc.*, No. 1:10cv107, 2011 WL 1831591, at *2 (N.D. W. Va. May 12, 2011))(internal quotations and alterations omitted). The Court recognized that "courts have unambiguously stated that this exact objection [--that the records are equally available to the propounding party--] is insufficient to resist a discovery request." *S2 Automation LLC v. Micron Tech., Inc.*, 2012 WL 3656454, at *37 (quoting *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000)). DTR should be required to supplement this response or provide a privilege log identifying any withheld document.

**REQUEST NO. 6:**

All DOCUMENTS showing the periods of time during which each PRODUCTLABEL or ADVERTISEMENT was introduced, used or discontinued.

**RESPONSE TO REQUEST NO. 6:**

DTR specifically incorporates its General Objections into this response.

DTR objects to this Request on the grounds that its use of the term "introduced" and the phrase "showing the periods of time" render it vague and ambiguous.

DTR objects to this Request the grounds that it is overly broad in scope and time, unduly burdensome, oppressive, seeks information that is neither relevant to the claims and defenses raised in this action nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the rule of proportionality in contravention of Federal Rule of Civil Procedure 26(b)(1). This Request is not tailored in any way to the claims alleged against DTR in this action nor the applicable time period. It is not tied to the product(s) Plaintiff purchased, products DTR sold or were available for purchase in New Mexico, nor marketing or advertising DTR undertook in New Mexico. Further, it is not limited to advertising materials actually used in commerce. DTR will limits its response to products sold in New Mexico and advertising directed at New Mexico consumers for the period of November 2016 to the present.

DTR objects to this Request on the grounds that it seeks documents and information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. DTR will not provide privileged information.

DTR objects to this Request on the grounds that it seeks trade secret, proprietary commercial information or other highly confidential and competitively sensitive business information protected from discovery by the trade secret privilege and DTR's rights of privacy.

Subject to and without waiving these objections, DTR will produce copies of its product flyers, product labels, product packaging, package inserts and consumer facing brochures for products sold in New Mexico for the period of November 2016 to the present that can be obtained through a reasonable search. DTR will also produce an archived copy of the web pages from its prior website that are in its possession, custody or control. DTR will not reproduce copies of the its current website, the documents linked to its website or any YouTube videos because they are equally available to Plaintiff on public websites.

Like Request Number 5, DTR states that it is producing some documents but not producing others because they are "equally available." As discussed above, this is not a proper reason to withhold documents, to the extent that is what is happening. DTR should be required to produce the requested documents without objection or produce a privilege log identifying documents and a valid reason for them being withheld.

**REQUEST NO. 9**

For DOCUMENTS CONCERNING the reasons for, plans, proposals, and motivations for any change to the LABEL or ADVERTISING of any PRODUCT.

**RESPONSE TO REQUEST NO. 9:**
DTR specifically incorporates its General Objections into this response.

DTR objects to this Request on the grounds that its use of the terms "CONCERNING," "plans," proposals" and "motivations," and the phrases "for DOCUMENTS," "any change" and "any PORDUCT" render it vague and ambiguous.

DTR objects to this Request the grounds that it is overly broad in scope and time, unduly burdensome, oppressive, seeks information that is neither relevant to the claims and defenses raised in this action nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the rule of proportionality in contravention of Federal Rule of Civil Procedure 26(b)(1). The Request is duplicative of Request No. 7 and is not tailored in any way to the claims alleged against DTR in this action. It is not tied to the product(s) Plaintiff purchased, products DTR sold or were available for purchase in New Mexico, nor marketing or advertising DTR undertook in New Mexico or Plaintiff reviewed. Further, it is not limited to advertising materials actually used in commerce nor the applicable time period.

DTR objects to this Request on the grounds that it seeks documents and information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. DTR will not provide privileged information.

DTR objects to this Request on the grounds that it seeks trade secret, proprietary commercial information or other highly confidential and competitively sensitive business information protected from discovery by the trade secret privilege and DTR's rights of privacy.

Subject to and without waiving these objections, DTR will meet and confer with Plaintiff over appropriate search and ESI protocols, subject to the proportionality limitations of Fed. R. Civ. P. 26(b)(1), to locate any relevant, non-privileged and responsive communications relating to advertising in New Mexico in the possession of specific custodians for the period of November 2016 to the present.

This case involves DTR's marketing of its products and No. 9 is facially relevant to marketing and likely to lead to admissible evidence regarding DTR's knowledge of how consumers understood the challenge statements. DTR must produce these documents.

**REQUEST NO. 19:**
Any DOCUMENTS summarizing the costs of goods sold, as this concept is defined by the Generally Accepted Accounting Principles, attributable to the sale of the PRODUCTS in New Mexico during the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 19:**
DTR specifically incorporates its General Objections into this response.
DTR objects to this Request on the grounds that its use of the terms "summarizing" and "attributable" and the phrases "costs of goods sold" and "sale of the PRODUCTS in New Mexico" render it vague and ambiguous.

DTR objects to this Request the grounds that it is overly broad in scope, unduly burdensome, oppressive, seeks information that is neither relevant to the claims and defenses raised in this action nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the rule of proportionality in contravention of Federal Rule of Civil Procedure 26(b)(1).

DTR objects to this Request to the extent it seeks documents and information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. DTR will not provide privileged information.

DTR objects to this Request on the grounds that it seeks trade secret, proprietary commercial information or other highly confidential and competitively sensitive business information protected from discovery by the trade secret privilege and DTR's rights of privacy. Responding to this request necessarily requires that DTR product confidential business and financial information that is not publicly available and constitutes highly confidential and commercially sensitive business information.

## REQUEST NO. 20:

All general ledgers, trial balances, monthly, quarterly, semiannual and annual financial reports reflecting revenues, profits and/or losses from the sale of the PRODUCT in the United States and New Mexico during the CLASS PERIOD.

## RESPONSE TO REQUEST NO. 20:

DTR specifically incorporates its General Objections into this response.

DTR objects to this Request on the grounds that its use of the terms "reflecting," and the phrases "general ledgers" and "trial balances" render it vague and ambiguous.

DTR objects to this Request the grounds that it is overly broad in scope, unduly burdensome and oppressive, seeks information that is neither relevant to the claims and defenses raised in this action nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the rule of proportionality in contravention of Federal Rule of Civil Procedure 26(b)(1).

DTR objects to this Request to the extent it seeks documents and information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. DTR will not provide privileged information.

DTR objects to this Request on the grounds that it seeks trade secret, proprietary commercial information or other highly confidential and competitively sensitive business information protected from discovery by the trade secret privilege and DTR's rights of privacy. Responding to this request necessarily requires that DTR product confidential business and financial information that is not publicly available and constitutes highly confidential and commercially sensitive business information.

## REQUEST NO. 21:

DOCUMENTS sufficient to show or calculate YOUR total revenue from the sale of the PRODUCTS in the United States and New Mexico for each year in the CLASS PERIOD.

## RESPONSE TO REQUEST NO. 20:

DTR specifically incorporates its General Objections into this response.

DTR objects to this Request on the grounds that its use of the phrases "sufficient to show or calculate" and "total revenue" render it vague and ambiguous.

DTR objects to this Request the grounds that it is overly broad in scope, unduly burdensome and oppressive, seeks information that is neither relevant to the claims and defenses raised in this action nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the rule of proportionality in contravention of Federal Rule of Civil Procedure 26(b)(1).

DTR objects to this Request to the extent it seeks documents and information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. DTR will not provide privileged information.

DTR objects to this Request on the grounds that it seeks trade secret, proprietary commercial information or other highly confidential and competitively sensitive business information protected from discovery by the trade secret privilege and DTR's rights of privacy. Responding to this request necessarily requires that DTR product confidential business and financial information that is not publicly available and constitutes highly confidential and commercially sensitive business information.

Requests 19, 20, and 21 seek information and documents related to the cost of goods and the revenue or losses DTR experienced related to the at-issue turkey products that carried the challenged advertising. The relevance is clear, as the economic impact of selling these products goes to the core of what this lawsuit is about. Further, DTR's objections due to "trade secrets" and "DTR's rights of privacy" and the like are not valid objections and have no foundation within the law. There is a Protective Order in place precisely for this type of information. Further, no privilege log was provided identifying what documents or type of documents were withheld. DTR should be required to respond to Requests 19, 20, 21 fully.

**REQUEST NO. 22:**

All DOCUMENTS sufficient to show during the CLASS PERIOD YOUR sales of PRODUCTS where the end purchasers are in New Mexico; YOUR costs of production, MARKETING, and distribution, and YOUR profit from sale of the PRODUCTS, in such a form as may be distinguished by point-of-sale to the consumer.

**RESPONSE TO REQUEST NO. 22:**

DTR specifically incorporates its General Objections into this response.

DTR objects to this Request on the grounds that its use of the terms "reflecting," and the phrases "sufficient to show," "YOUR sales," "end purchasers," "costs of production" and "as may be distinguished by point-of-sale to the consumer" render it vague, ambiguous and unintelligible.

DTR objects to this Request the grounds that it is overly broad in scope, unduly burdensome and oppressive, seeks information that is neither relevant to the claims and defenses raised in this action nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the rule of proportionality in contravention of Federal Rule of Civil Procedure 26(b)(1).

DTR objects to this Request on the grounds that it seeks documents and information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. DTR will not provide privileged information.

DTR objects to this Request on the grounds that it seeks trade secret, proprietary commercial information or other highly confidential and competitively sensitive business information protected from discovery by the trade secret privilege and DTR's rights of privacy. Responding to this request necessarily requires that DTR product confidential business and financial information that is not publicly available and constitutes highly confidential and commercially sensitive business information.

Subject to and without waiving these objections, DTR will produce, subject to a protective order that limits the use and disclose of this confidential financial information, copies of the sales reports and data DTR is able to access from its ecommerce website and from its distributors and retailers whose areas cover New Mexico for products sold in New Mexico for the period of November 2016 to the present.

Request No. 22 is aimed at determining DTR's financial gain from the marketing and sale of the disputed products. This is clearly relevant in this action as it goes directly to damages.

Again, DTR objected on many baseless grounds, but ultimately produced spreadsheets outlying pounds of turkey product that was sold to its main distributor. However, this spreadsheet is missing all the sales data for 2018. Further, there is no document that was produced that outlines the price per pound that the products were sold at. DTR failed to produce the contract with its distributor. DTR produced a spreadsheet indicating direct sales to New Mexico consumers from DTR's website, failed to provide the email addresses for the entire class period.  Plaintiff asks that the Court compel DTR to fully respond by providing the requested data, including 2018 data and the price per pound information for the period sought.

## CONCLUSION

Plaintiff remains ready and willing to continue working towards a resolution with Defendant. However, despite the parties' efforts, these issues remain unresolved. For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court strike and overrule Defendant's objections to her Interrogatories and Requests for Production, compel Defendant to produce full and complete responses, including responsive documents, to Plaintiff's Interrogatories and Requests for Production, provide a  privilege log within 14 days of this Court's order for any document DTR has withheld, and for any other relief the Court deems just and proper.

Dated: August 8, 2022                                Respectfully submitted,

**ELSNER LAW & POLICY, LLC**          **THE POTTS LAW FIRM, LLP**

By:  *Gretchen Elsner*                             By: /s/ *Timothy L. Sifers*
Gretchen Elsner                                       Timothy L. Sifers
Gretchen@ElsnerLaw.org                       Nathaniel K. Scearcy
314 South Guadalupe Street                   1901 W. 47th Place, Suite 210
Santa Fe, New Mexico 87501                 Westwood, KS 66205
Telephone: (505) 303-0980                     Telephone: (816) 931-2230
                                                              Facsimile: (816) 931-7030
                                                              Email: tsifers@potts-law.com
                                                              nscearcy@potts-law.com

*Counsel for Plaintiff & the Proposed Class*