UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| **CYNTHIA WETZEL**, on behalf of herself and all other New Mexico consumers similarly situated**,** <br><br> Plaintiff**,** <br><br> **v.** <br><br> **DIESTEL TURKEY RANCH,** <br><br> Defendant. | Case No.: **20-cv-1213 DHU-KRS** <br><br> <u>**CLASS ACTION COMPLAINT**</u> <br><br> <u>**JURY TRIAL DEMANDED**</u> |

### **<u>PLAINTIFF'S REPLY TO FIRST MOTION TO COMPEL</u>**

Plaintiff Wetzel moved to compel the production of documents responsive to Plaintiff's First Set of Interrogatories and Requests for Production (ECF 51, 51-1, 51-2), Defendant Diestel Turkey Ranch (DTR) opposed (ECF 57), and Plaintiff now replies in support of her motion.

### **TIMELINESS**

The Motion is both timely in the context of the overall case and this Court's discovery schedule. Plaintiff filed suit in November 2020 (ECF 1). An initial scheduling order was entered in November 2021 (ECF 29). Plaintiff served discovery in February 2022 (ECF 37). This Court entered a second initial scheduling order in February 2022 (ECF 41). The parties filed a Joint Status Report and Provisional Discovery Plan, this Court held a Rule 16 Scheduling conference, and this Court adopted the discovery plan with modifications, and entered a Scheduling Order, all in March 2022 (ECF 42-45). Class discovery ends on September 26, 2022 and motions relating to class discovery are due October 17, 2022 (ECF 45). This Court stated, "Discovery

must be completed on or before the termination of the discovery deadline." (ECF 45.)

Plaintiff granted discovery response extensions to DTR on March 7 and March 24, 2022. DTR ultimately served responses but no documents on April 7, 2022.

Plaintiff moved to extend the deadline to move to compel (ECF 46), which this Court granted (ECF 47). That motion allowed more time, but not unlimited time, for the parties to comply with discovery requests and meet and confer regarding any deficiencies, while still moving the case forward as required to meet the class discovery and motion deadline. Specifically, the Court ordered that "Plaintiff's deadline to file a motion to compel is extended to 21 days after the parties hold a meet-and-confer session, which will take place within 30 days of when Defendant produces documents responsive to Plaintiff's first set of discovery." (ECF 47).

Despite DTR's contentions, Plaintiff did not "run to the courthouse" or skirt any meet and confer requirements. Plaintiff fully complied with the Court's order and only filed her Motion to Compel at the last possible moment to do so.  Initially, DTR produced a portion of documents via Hightail[1] on July 6, 2022, the day before the parties were scheduled to meet and confer on July 7, 2022. During the meet and confer, DTR's counsel indicated that he had also sent a thumbdrive via mail because not all of DTR's documents could be produced on Hightail. The thumbdrive, which was organized into folders and more complete unlike the Hightail production, was not received until after the July 7, 2022 meet and confer. The parties met and conferred again on July 18, 2022, which was within 30 days of when DTR produced documents, consistent with the Court's order. Plaintiff followed up via email on July 29 and August 3, 2022 and specifically noted the motion to compel deadline. Plaintiff gave DTR every

---

[1] Hightail is a cloud-based system akin to Dropbox or ShareFile.

opportunity possible to supplement its responses or provide additional material prior to the motion to compel deadline. DTR chose not to, and Plaintiff's hand was forced. Plaintiff waited until 21 days after the July 18 meet and confer, which was August 8, 2022, and filed her motion on the last possible day (ECF 51) that would comply with the Court's order (ECF 47).

DTR appears to argue, without citation, that an ESI Protocol from Plaintiff is required for Defendant to be required to meet its discovery obligations. Plaintiff's discovery requests addressed ESI (ECF 51-4 at 8 of 17). The status of the ESI Protocol did not prevent DTR from producing electronically stored information on July 6. If an ESI Protocol were necessary, Diestel also could have proposed an ESI Protocol in February 2022 in response to receiving the discovery requests. The Rules of Civil Procedure are not waived pending negotiation of an ESI Protocol to ensure that DTR conducted a thorough search. While Plaintiff remains committed to negotiating an ESI Protocol, and followed-up via email in that regard on August 31, it is not Plaintiff's duty to assist DTR in August to respond to requests that were served in February.

## GENERAL OBJECTIONS

DTR's voluminous general objections should be overruled and struck. These general objections were not selectively used, and were instead incorporated into every response that DTR tendered to Plaintiff. DTR's best argument appears to be that in years past previous courts have recognized that a specific reference to a list of general objections is common practice (ECF 57 at 11 of 23), but DTR does not cite any authority that a responding party is permitted to repeatedly make boilerplate objections such as "vague and ambiguous" instead of responding. The current law is clear: "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Heuskin v. D&E Transp., LLC*, 2020 WL

1450575, at *2 (D.N.M.)); *King v. Gilbreath*, 2015 WL 12866984, at *1 (D.N.M.) (explaining that "the use of general, reserved objections is disfavored" because Rules 33 and 34 "require that the grounds for objecting to an interrogatory or request for production be particularized to that request") (citations omitted).

## INTERROGATORIES IN DISPUTE

Plaintiff served only eight interrogatories total.

**INTERROGATORY NOS. 2, 3, 5, 8.** In its response, DTR contends that its failure to identify by Bates number the responsive documents referred to in the interrogatory responses is because the parties were still negotiating a Protective Order (ECF 57 at 13 of 23). This Court entered the Protective Order on June 2, 2022 (ECF 49). DTR's response says it will supplement its written responses to identify documents by Bates number. Since that has not yet happened, Plaintiff requests that this point be included in the Court's order.

Plaintiff also requests that DTR be ordered to actually answer the Interrogatories in narrative form, and under oath on behalf of DTR, instead of pointing to a mix of spreadsheets drawn from different databases to which Plaintiff has no access that purportedly answer the questions. While Rule 33(d) allows a party to produce documents in lieu of answering an interrogatory, it is limited to when the answer "may be determined" by examining those documents. As Plaintiff explained in the Motion, that is not the case here.

**INTERROGATORY NO. 2.** Plaintiff seeks sales and revenue information for the class period. Plaintiff sought information by unit. DTR contends that it sells its turkey products by pound or case, not product units. DTR should be ordered to respond to the substance of the request and provide its sales and revenue information for the class period; it can do that by

providing the information by pound or case if it does not consider those "units." Based on its response, this information is available to DTR through its own computer programs.

**INTERROGATORY NO. 3.** Plaintiff seeks the identity of the products that were advertised with the challenged statements and their associated product numbers. DTR again points to its own spreadsheets. One of DTR's objections is that it is overly broad in scope and time even though the interrogatory is specifically limited to the class period. DTR said it would limit its response to products sold in New Mexico between November 2016 and February 2022, but so far has not supplemented this interrogatory with the list of products and associated UPC or item numbers.

**INTERROGATORY NO. 4.** Plaintiff asked for a description of DTR's analyses, such as market analyses and consumer surveys, which are highly relevant to a false advertising suit. DTR's core objection is that "it has not conducted any analyses or surveys specific to New Mexico or New Mexico consumers," (ECF 51-1 at 11 of 18), and therefore believes that excuses responding to the interrogatory as written. Any national or non-state specific study inherently encompasses New Mexico and its consumers. DTR's response brief (ECF 57 at 11 of 23) indicates that DTR will supplement its response and this point should be included in the Court's order.

**INTERROGATORY NO. 5.** In this consumer protection false advertising case, Plaintiff asked DTR to describe where it advertised the products during the class period. DTR's response to this Court is still objecting to providing this most basic information: "The number of brochures and who sent them is irrelevant. If Plaintiff wants to know whether Whole Foods Market displayed these brochures and where, it can (and, indeed, already has) issue[d] a third-party subpoena seeking this information." (ECF 57 at 12 of 23). Even if it were permissible for

DTR to avoid its obligation to answer one of the eight interrogatories served by putting the burden on a third party, the third party named here told Plaintiff to ask DTR:

> The information sought in response number three [of the subpoena] is more easily obtainable from Diestel. WFM does not keep archives of the type of marketing material I believe you are requesting in category 3. I personally contacted all three locations in New Mexico and confirmed with store leadership that they have no such marketing materials. If historical marketing materials for Diestel products does exist, Diestel is the most likely entity to have that material. We do not have anything.

Attached as Ex. 1. At least one of the brochures Diestel created and sent to stores, including Whole Foods, is reproduced in the Complaint (ECF 1 at 11) and these documents as a whole are highly relevant to DTR's advertising program. Casey Ratkovitch, a Diestel employee, confirmed in her deposition that DTR sent brochures to retailers. Instead of relying on unverified document production from defense counsel, DTR must answer the interrogatory in full by describing where it disseminated its advertisements during the class period.

**INTERROGATORY NO. 6.** Plaintiff asked DTR to identify the stores in New Mexico where its products are sold. In its response, DTR listed three New Mexico Whole Foods' locations. Notably, this response is less complete than DTR's "Store Locator" portion of its own website, see Ex. 3 to Motion (ECF 51-3). DTR has not provided any supplemental and sworn interrogatory response to explain why there are more New Mexico stores listed as selling Diestel products on its website than in its current sworn interrogatory response. It appears that DTR is attempting to evade responding to this interrogatory by claiming that it does not know where its distributor ships its products and that DTR cannot figure that out. This defies logic. For example, if DTR's products were subject to a food safety recall and attendant liability, it would probably be able to trace and remove products from shelves with alacrity.

DTR attempts to explain the discrepancy between its own website and interrogatory

responses by stating that the website only displays stores where Diestel products are "likely" available, not where they are sold. As explained above, this strains belief. DTR has no good-faith argument to claim that its products are being shipped to its distributor and further shipped to retailers in New Mexico and then not actually being sold to New Mexico customers. If that were the case, DTR could have asserted it but did not. DTR must answer this interrogatory in full.

"[A]ll information available to the interrogated party must be supplied" including "information possessed by, or within the knowledge of, . . . agents or representatives of the party." *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 55, 629 P.2d 231; *see also Myhre v. Seventh–Day Adventist Church*, 298 F.R.D. 633, 647 (S.D.Cal. 2014) ("A party answering interrogatories has an affirmative duty to furnish any and all information available to the party."). This obligation extends to information a party may obtain with reasonable effort, such as information held by DTR's distributor to New Mexico, even if they are not personally known to the party. *City of Las Cruces v. United States*, No. CV 17-809 JCH/GBW, 2021 WL 330062, at *8 (D.N.M. Feb. 1, 2021). "Reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *T. Rowe Price Small–Cap Fund, Inc. v. Oppenheimer & Co., Inc.,* 174 F.R.D. 38, 43 (S.D.N.Y.1997). Rule 34 also requires parties to produce documents available to them, not just those in their possession: "[T]he mere fact that the documents are in the possession of an individual or entity which is different or separate from that of the named party is not determinative of the question of availability or control. *United Nuclear Corp.*, 1980-NMSC-094, ¶ 58.

**INTERROGATORY NO. 8.** For the eighth and final interrogatory, Plaintiff asked DTR to state the date the products were available in New Mexico. DTR's objections are much like its objections to Interrogatory No. 6 – claiming that it does not know. DTR asserts that it sells to a distributor and then does not know what happens after that. Neither the sworn interrogatory nor DTR's response brief to this Court ever argue that this information is not available to DTR or that DTR could not easily obtain it from its distributor. DTR then says it will produce sales reports covering the class period subject to the protective order, indicating that perhaps an answer is knowable but that Defendant does not want to provide a sworn response. DTR should be required to answer this interrogatory fully.

## REQUESTS FOR PRODUCTION IN DISPUTE

Nine requests for production were addressed in Plaintiff's Motion. DTR asserts that it has produced thousands of pages already, but that does not excuse DTR from complying with Rule 34 and producing documents responsive to all of Plaintiff's requests.

DTR continues to obfuscate on whether it is withholding documents responsive to those nine requests. In its Motion (ECF 51 at 13 of 22), Plaintiff seeks compliance with Rule 34(b)(2)(C), which requires that DTR clarify if it is withholding documents responsive to Plaintiff's requests. The heading for this section is "DTR Needs to Specify If It Is Withholding Documents." In its response, DTR does not address that argument but instead incorrectly claims that Plaintiff is seeking a log of withheld documents. Plaintiff did not request a log of withheld documents; Plaintiff simply requested a Rules-complaint clarification of whether DTR is withholding documents. DTR's response to RFP No. 5 makes Plaintiff's point: there is no clear and plain statement answering the question, is Defendant withholding documents?

**REQUEST NO. 1.** DTR has committed to providing a supplemental response to Request No. 1 seeking DTR's document retention policies. Plaintiff requests that this be included in the Court's order for completeness.

**REQUEST NO. 4.**  Plaintiff seeks documents related to DTR's marketing and advertising contracts, and also sought distribution and sales contracts of the products in question. The request is not limited to New Mexico because Plaintiff has no reason to believe that a company that sells nationwide has any marketing contracts limited to New Mexico. DTR asserted in its response brief that as of August 19, it has responded in full. Plaintiff requests that the Court's order also specify that DTR must supplement this response to clearly state whether it is withholding any documents pursuant to its objections.

**REQUEST NO. 5.** This is a false advertising case, and Plaintiff seeks exemplars of advertisements and labels, including ones that DTR placed online. This request is directly tailored to produce documents that consumers were exposed to and show that DTR's message in its advertising was uniform and common. Neither the RFP response nor the motion to compel response make clear whether DTR is withholding any documents pursuant to its objections. DTR has not produced or even identified the URLs for its current websites or YouTube videos, yet wishes for Plaintiff to find this information that Defendant knows it has posted online for consumers to see. If DTR's objection is to the time it would take to download and produce responsive materials, DTR could have identified URLs and produced those to Plaintiff. The fact that DTR has not done so indicates that it is more interested in continuing to evade its duties to cooperate in responding to discovery. Defendant should be ordered to produce all documents.

**REQUEST NO. 9.** This request seeks documents about plans to change advertising and labels, and would include any of DTR's written communications regarding communicating with

consumers or third party marketers. This goes directly to DTR's understanding of how its messaging was received by consumers and its knowledge as to the veracity of the claims made in its advertising. Defendant again tries to limit its response to advertising in New Mexico even though Defendant sells nationwide and does not appear to have any state-specific advertising campaign nor can it limit what New Mexico consumers see on the internet. In its response brief, Defendant asserts that it will produce responsive documents once the parties agree on an ESI Protocol. For completeness, the Court's order should require Defendant to make a complete production.

**REQUEST NOS. 19, 20 and 21.** These request requests relate to Defendant's revenues and profits from selling the challenged products to consumers in New Mexico. While Defendant has produced various Excel spreadsheets as addressed in the response, it is still unclear if DTR is withholding any responsive documents pursuant to its objections.

**REQUEST NO. 22.** Plaintiff sought all documents sufficient to show product sales in New Mexico during the class period. Because the request seeks all documents sufficient to show sales where the end purchasers are in New Mexico, and DTR contends that it does not sell directly to retailers but instead sells through a distributor, the contract with the distributor and any accompanying pricing information such as purchase orders or similar sales documents is included within Request No. 22. DTR's response to this Court says it will supplement pricing information where it is available. For completeness, the Court's order should require DTR to complete its supplementation. For online sales directly to consumers in New Mexico, DTR provided email addresses for consumers for some years and not others. DTR must supplement to provide complete information for each year of the class period.

## CONCLUSION

Plaintiff respectfully requests that this Honorable Court:

1) strike and overrule DTR's objections to Plaintiff's Interrogatories and Requests for Production,

2) compel DTR to produce full and complete responses before the close of class discovery, including responsive documents, to Plaintiff's Interrogatories and Requests for Production,

3) order DTR to provide a privilege log within 14 days of this Court's order for any document DTR has withheld on the basis of privilege,

4) and for any other relief the Court deems just and proper.


Dated: September 6, 2022                    Respectfully submitted,

**ELSNER LAW & POLICY, LLC**                **THE POTTS LAW FIRM, LLP**


By: *Gretchen Elsner*                        By: /s/ *Timothy L. Sifers*
Gretchen Elsner                              Timothy L. Sifers
Gretchen@ElsnerLaw.org                       Nathaniel K. Scearcy
314 South Guadalupe Street                   1901 W. 47th Place, Suite 210
Santa Fe, New Mexico 87501                   Westwood, KS 66205
Telephone: (505) 303-0980                    Telephone: (816) 931-2230
                                             Facsimile: (816) 931-7030
                                             Email: tsifers@potts-law.com
                                             nscearcy@potts-law.com

*Counsel for Plaintiff & the Proposed Class*