UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **CYNTHIA WETZEL**, on behalf of herself and all other New Mexico consumers similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **DIESTEL TURKEY RANCH,** <br><br> Defendant. | Case No.: 20-cv-1213 DHU-KRS <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

**JOINT MOTION TO EXTEND DEADLINES FOR
CLASS CERTIFICATION DISCOVERY AND MOTION**

Plaintiff Wetzel and defendant Diestel Turkey Ranch ("DTR" or "Defendant") jointly request an extension of the class certification discovery and motion deadlines previously set by this Court on March 30, 2022 (ECF No. 45). While the parties agree that extensions are merited, the parties are not in agreement regarding the length of the extension and request that the Court set dates.

Good cause exists for an extension.

1. The Court has not yet entered its ruling on DTR's Motion to Dismiss (the "Motion"). DTR's Motion was filed on April 14, 2021 (ECF No. 7-9) and fully briefed on May 12, 2021 (ECF No. 26). The Court heard argument on the Motion on January 5, 2022 (ECF No. 34) and took the matter under submission. The Court agreed to set some initial case discovery deadlines at the request of Plaintiff's counsel and over DTR's objection that discovery should await a ruling on the Motion. *See* ECF No. 34. The case was reassigned to District Judge David H. Urias on February 10, 2022. *See* ECF No. 40. DTR believes the ruling on its Motion may dispose of the entire case or limit the issues that must be addressed in class certification briefing and at trial.

2. The parties have exchanged responses to requests for production, agreed on a

protective order (ECF No. 49) and come to an agreement regarding documents from a related case being used in this case (ECF No. 56).

3. A timely motion to compel is pending regarding Plaintiff's requests for production and interrogatories propounded to DTR that were served in April 2022 (ECF No. 51). Defendant has informed Plaintiff that it will be filing a timely motion to compel relating to Plaintiff's document production and written responses this week.

4. DTR objected to a number of Plaintiff's documents requests on the grounds of relevance, burden and proportionality. In order to address those objections, DTR agreed in its responses to negotiate an ESI Protocol with Plaintiff that would address how electronically stored data (i.e., email communications and their attachments) would be search, reviewed and produced. Plaintiff provided DTR with a draft ESI Protocol on August 16, 2022 and DTR provided Plaintiff a revised ESI Protocol on September 2, 2022. The parties are continuing to negotiate the scope of the proposed ESI Protocol. Until DTR knows how many documents are returned based on the searches ultimately agreed to under the ESI Protocol, it cannot estimate how long it will take to review the search results for non-privilege, responsive communications. DTR believes, based on past experience, that it will take more than 45 days to complete its production of ESI documents once an ESI Protocol is agreed and filed.

5. To date, Plaintiff has deposed only two individuals employed by DTR. Due to scheduling conflicts, including defense counsel's illness and Plaintiff's counsels' unavailability, Plaintiff has not yet been able to depose two other individuals for whom DTR has provided available dates.

6. Defendant deposed Plaintiff Wetzel and has not requested any other depositions.

**Termination of Class Discovery:** The parties agree that the class discovery period should be extended.

Plaintiff requests a 45-day extension, from September 26 to November 10, 2022.

Defendant requests an extension to January 20, 2023 to ensure it can complete the ESI production on time and in full.

**Class Certification Discovery Motions:** The parties agree that any class certification

discovery motions should be due 21 days after class discovery closes.

Under Plaintiff's proposal, that would be December 1, 2022.

Under Defendant's proposal, that would be February 10, 2023.

**Class Certification Motion:** The parties agree that the class certification motion should be due at least 30 days after the discovery motions.

Plaintiff proposes that if discovery motions are filed, that the class certification motion be due 30 days after this Court rules on those discovery motions, so that there is time for any additional discovery potentially ordered by this Court to be produced, reviewed, and used in the class certification motion. Allowing for time between any class discovery orders and the class certification motion will avoid the need to file amended or supplemental class certification motions based on discovery orders. Therefore, Plaintiff proposes that class certification motions be due 30 days after any discovery motion could have been filed or 30 days after the Court resolves any discovery motions, whichever is later.

DTR believes is specific date should be set for the filing of class certification motions and proposes March 10, 2023.

**Class Certification Motion Response:** The parties agree that any response to the class certification motion should be due at least 21 days after the motion is filed.

The Court originally ordered that any response to the class certification motion be due 14 days after the motion. Plaintiff proposes 21 days. Defendant requests 30 days.

**Class Certification Reply:** The parties agree that any reply to the class certification motion be due at least 14 days after the response. Plaintiff suggests 14 days. Defendant suggests 21 days for any reply.

The parties seek a decision from the Court on their request for and the length of the extension.

Dated: September 20, 2022    Respectfully submitted,

**ELSNER LAW & POLICY, LLC**    **THE POTTS LAW FIRM, LLP**

By: *Gretchen Elsner*    By: /s/ *Timothy L. Sifers*
Gretchen Elsner    Timothy L. Sifers
Gretchen@ElsnerLaw.org    Nathaniel K. Scearcy
314 South Guadalupe Street    1901 W. 47th Place, Suite 210
Santa Fe, New Mexico 87501    Westwood, KS 66205
Telephone: (505) 303-0980    Telephone: (816) 931-2230
    Facsimile: (816) 931-7030
    Email: tsifers@potts-law.com
    nscearcy@potts-law.com

*Counsel for Plaintiff & the Proposed Class*

Date: September 20, 2022    Respectfully Submitted,

**BLAXTER | BLACKMAN LLP**

By   */s/Brian R. Blackman*
Brian R. Blackman (Admitted *Pro Hac Vice*)
J.T. Wells Blaxter (Admitted *Pro Hac Vice*)
601 Montgomery Street, Suite 1110
San Francisco, California 94111
Tel: (415) 500 7700
Email: bblackman@blaxterlaw.com
    wblaxter@blaxterlaw.com

QUINN S. SIMONS
P.O. Box 5333
Santa Fe, NM 87502
Tel: (505) 988-5600
Fax: (505) 982-0185
Email: qsimons@simonsfirm.com

*Attorneys for Defendant Diestel Turkey Ranch*