**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**CYNTHIA WETZEL**, on behalf of herself )
and all other New Mexico consumers )     **Civil Action No. 20-cv-1213DHU/KRS**
similarly situated, )
)
      Plaintiff, )
)
**v.** )
)
**DIESTEL TURKEY RANCH,** )
)
      Defendant. )

<u>**REPLY IN SUPPORT OF DIESTEL TURKEY RANCH'S MOTION TO COMPEL**</u>

# <u>TABLE OF CONTENTS</u>

Page

I.   INTRODUCTION ................................................................................................. 1

II.  LEGAL ARGUMENT ......................................................................................... 3

   A.  Plaintiff Must Produce Correspondence Between Ms. Schimkat and Plaintiff. ................. 3

   i.   Plaintiff's Correspondence is Not Protected by the Attorney-Client Privilege. .............. 3

      a.   Plaintiff Fails to Carry Her Burden to Provide Admissible Evidence Showing Her Correspondence with Ms. Schimkat is Protected by the Attorney-Client Privilege. ........... 3

      b.   Plaintiff Waived the Attorney- Client Privilege by Replying on the Schimkat Correspondence in Her Complaint. ......................................................................... 5

   ii.  Plaintiff's Correspondence is Not Protected by the Work Product Doctrine. ................. 6

   iii.  A Privilege Log Was Required but Cannot be Belatedly Supplied Now to Cure Waiver. ............................................................................................................. 7

   B.  Plaintiff Agrees to Identify Which Documents Are Responsive to Each RFP. .................. 9

   C.  Plaintiff Must Withdraw Improper Objections. ............................................................ 10

   D.  Plaintiff Must Provide Amended Responses Confirming That All Responsive Documents Have Been Produced. ........................................................................... 11

III. CONCLUSION ................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

### <u>FEDERAL CASES</u>

Page

*Amaya v. Bregman*
  2016 WL 10516103 (D.N.M. Mar. 7, 2016) .............................................................. 3

*Anderson v. Chapman*
  2009 WL 10696437 (D.N.M. Aug. 26, 2009) ........................................................ 10

*Choudhuri v. Wells Fargo Bank*
  2017 WL 1738034 (N.D. Cal. May 4, 2017) ........................................................ 9

*Duran v. Home Depot USA, Inc.*
  2015 WL 13666480 (D.N.M. Mar. 12, 2015) ........................................................ 3

*Sturdivant v. Kone Inc.*
  2009 WL 3875906 (W.D.N.C. Nov. 18, 2009) ........................................................ 9

### <u>STATE CASES</u>

Page

*Hartman v. Texaco Inc.*
  1997-NMCA-032 ........................................................................................... 4, 6

*Pina v. Espinoza*
  2001-NMCA-055 ........................................................................................ 4, 8, 9

*Pub. Serv. Co. of New Mexico v. Lyons*
  2000-NMCA-077 ............................................................................................. 5

*Santa Fe Pacific Gold Corp. v. United Nuclear Corp.*
  2007-NMCA-133 ............................................................................................. 6

### <u>OTHER AUTHORITIES</u>

Page

Fed. R. Civ. Proc. 26(b)(5) ....................................................................................... 12

Fed. R. Civ. Proc. 34(a)(1) ........................................................................................ 6

Fed. R. Civ. Proc. 34(b)(2)(E)(i) ................................................................................ 9

N.M. R. Evid. Rule 11-503 ........................................................................................ 3

## I.      INTRODUCTION

Diestel seeks production of correspondence between Plaintiff and her friend Ms. Helga Schimkat in which Ms. Schimkat provided Plaintiff with the information she relied on to allege in her Complaint that Diestel's marketing statements were false or misleading.[1]  Plaintiff fails to meet her burden to provide evidence showing her correspondence with Ms. Schimkat is protected by the attorney-client or work product privileges.

For the attorney-client privilege to apply, Ms. Schimkat must have (1) corresponded with Plaintiff in her role as an attorney offering legal advice, not in her role as Plaintiff's friend, and (2) intended the communication to be confidential.  Plaintiff offers evidence which comes up short of proving the first prong (a time sheet showing that Ms. Schimkat worked with Plaintiff's counsel *on a separate matter* but having no bearing on whether Ms. Schimkat worked on this matter or acted as an attorney when emailing Plaintiff), and no evidence at all supporting a finding that Ms. Schimkat's correspondence was intended to be confidential.  Contrastingly, Diestel attaches Plaintiff's deposition testimony stating that Ms. Schimkat was Plaintiff's friend, not her attorney.

Plaintiff also fails to carry her burden to show the correspondence was protected by the work product privilege.  Plaintiff fails to show Ms. Schimkat corresponded with Plaintiff in her role as an attorney and does not offer any evidence showing that Ms. Schimkat emailed Plaintiff in anticipation of litigation.

Regardless, Plaintiff waived *any* privileged claims by not asserting privileged objections in response to the RFPs.  The fact that one RFP sought only "non-privileged" documents did not absolve Plaintiff of her duty to fully respond, and if necessary, object and provide a privilege log, in response to the other RFPs to which the Schimkat correspondence was responsive.  Plaintiff's failure to provide a privilege log waives all privilege claims, and New Mexico law is clear that Plaintiff cannot cure waiver by providing an untimely log after this Court decides the present motion.

---

[1] All capitalized and defined terms from Diestel's moving papers are given the same definition herein.

Further, Plaintiff waived privilege by relying on Ms. Schimkat's materials to support her allegations in the Complaint.  Plaintiff argues this is not the case.  Plaintiff's argument is not only unsupported a client declaration, but it also directly contradicts Plaintiff's deposition testimony that these were the *only* materials she relied on to support the allegations in her Complaint.

Plaintiff agrees to identify which documents in her production are responsive to each of Diestel's RFPs.  This is clearly required under Federal Rule of Civil Procedure Ruel 34 which requires a party responding to document requests to either produce documents as maintained in the regular course of business or identify which document is responsive to each request.  Plaintiff admits that her production is not organized as maintained in the regular course of business, and thus agrees to identify which documents are responsive to each RFP.  Plaintiff, however, cannot condition her duty to do so on Diestel also undertaking the same exercise.  Plaintiff waived any complaints with the form of Diestel's production by failing to move to compel on this issue.  Further there is no evidence before the Court supporting a conclusion that Diestel failed to produce documents as maintained in the usual course of business.  Without such a finding, the Court has no grounds to order Diestel to identify which documents in its production are responsive to each RFP.

Finally, Plaintiff fails to provide any evidence or argument substantiating her unwarranted burden objections.  Plaintiff's unsupported objections leave it unclear whether all responsive documents have been produced.  Plaintiff must withdraw these objections and provide amended responses making clear that, after a reasonable search, all responsive documents within Plaintiff's possession, custody or control have been produced.  Plaintiff must further sign these responses under oath to ensure she is not unilaterally withholding responsive documents as she did with the Schimkat correspondence.

## II.      LEGAL ARGUMENT

**A.      Plaintiff Must Produce Correspondence Between Ms. Schimkat and Plaintiff.**

Plaintiff's correspondence with Ms. Schimkat is responsive to Diestel's RFP Nos. 5, 21, 22, 24-26, and 28-31.  Plaintiff did not assert a privilege objection to any of these RFPs, but now claims that this correspondence is subject to the attorney-client and work produce privileges. Not so.

Plaintiff offers no admissible evidence showing that Ms. Schimkat ever acted as her attorney and thus fails to carry her burden to show this correspondence is protected under the attorney-client or work product privileges.  Further, Plaintiff's argument that she did not waive the attorney-client privilege by relying on Ms. Schimkat's correspondence to substantiate her allegations in the Complaint directly contradicts her deposition testimony.  Finally, Plaintiff's argument that no privilege log is required is antithetical to New Mexico law and common sense.

### i.      Plaintiff's Correspondence is Not Protected by the Attorney-Client Privilege.

#### a.      Plaintiff Fails to Carry Her Burden to Provide Admissible Evidence Showing Her Correspondence with Ms. Schimkat is Protected by the Attorney-Client Privilege.

The attorney-client privilege protects from disclosure "a confidential communication made for the purpose of facilitating or providing professional legal services to that client… between the client and the client's lawyer or representative…"  N.M. R. Evid. Rule 11-503.

"The party resisting discovery has the burden of establishing the existence of the privilege." *Duran v. Home Depot USA, Inc*., No. CV 13-0608 WPJ/SCY, 2015 WL 13666480, at *4 (D.N.M. Mar. 12, 2015).  The party resisting discovery on the grounds of privilege meets this burden by providing admissible evidence, typically in the form of affidavits, establishing that the applicable privilege applies.  *Amaya v. Bregman*, No. 14-CV-0599 WJ/SMV, 2016 WL 10516103, at *2 (D.N.M. Mar. 7, 2016) ("Discovery disputes involving privileges arise every day in federal court. Those disputes, if not resolved, typically reach a magistrate judge in the form of a motion to compel or a motion for protective order. In deciding those motions, the first

step is to determine whether the privilege exists. In the vast majority of cases, that determination is made based on affidavits…"); *Hartman v. Texaco Inc*., 1997-NMCA-032, ¶ 20, 123 N.M. 220, 225, 937 P.2d 979, 984 (Party's burden to substantiate privilege claim "may be met by submitting detailed affidavits sufficient to show that precise facts exist to support the immunity claim."); *Pina v. Espinoza*, 2001-NMCA-055, ¶¶ 24-26, 130 N.M. 661, 668, 29 P.3d 1062, 1069 ("Plaintiff's privilege log together with any supplemental affidavits must affirmatively demonstrate an objectively reasonable basis for each assertion of privilege.")

Here, Diestel offered evidence with its moving papers showing that Ms. Schimkat was Plaintiff's friend, not her attorney.  ECF No. 67.  Since the filing of Diestel's moving papers, the parties have obtained a copy of Plaintiff's deposition transcript which confirms that Plaintiff testified Ms. Schimkat was her friend (Declaration of David P. Adams, ¶¶2-3, Ex. 1 [Plaintiff's Deposition Transcript], pp.35:24-36:4, 43:9-11) and that she was not represented by Ms. Schimkat.  *Id.* at Ex. 1, p.38:1-3 ("Q. (By Mr. Blackman) Are you represented by Helga Schimkat? A. No.").[2]

Contrastingly, Plaintiff fails to offer any admissible evidence, whether an affidavit or in any other form, establishing that Ms. Schimkat corresponded with Plaintiff as her attorney, rather than as Plaintiff's friend.  Plaintiff's Opposition attaches a declaration filed in the DxE Action - a California state action filed by a separate plaintiff years before the present action - stating that Ms. Schimkat worked with Plaintiff's counsel in that matter from November 2018 through June 2019.  ECF No. 71-1, at p.4.  The declaration attaches Ms. Schimkat's time sheet in the DxE Action, which contains no entries for legal services involving correspondence with Plaintiff, or any other potential class representative in New Mexico or another state.  *Id.* at pp. 16-17.

---

[2] A court can consider recently obtained evidence on reply so long as the opposing party has an opportunity to respond.  *Doebele v. Sprint/United Mgmt. Co*., 342 F.3d 1117, 1139 (10th Cir. 2003).  Regardless, even if this Court were to disregard Plaintiff's Deposition Transcript attached to the present reply, the burden to establish application of a priivileged was Plaintiff's.  She did not meet it.

All Plaintiff's evidence demonstrates is that Ms. Schimkat worked with Plaintiff's counsel on a separate matter. It has no bearing on whether Ms. Schimkat acted as an attorney when corresponding with Plaintiff, or whether this correspondence was intended to be confidential. In fact, the omission of time entries regarding correspondence with Plaintiff indicates that Ms. Schimkat's correspondence was undertaken as a friend, not an attorney. Tellingly, Plaintiff does not produce Ms. Schimkat's time sheet *in this matter*, or a declaration stating that Ms. Schimkat acted as counsel *in this matter*.

Aside from this irrelevant declaration and time sheet, Plaintiff offers no evidence at all supporting her bald conclusions that the elements of the attorney-client privilege are met. ECF No. 71, at pp. 5-6. Plaintiff simply argues with no detail or evidentiary support that Ms. Schimkat acted as Plaintiff's counsel's representative with respect to the disputed correspondence, and that this communication was made privately and not intended for further disclosure. *Ibid.* Plaintiff has thus failed to meet her evidentiary burden to satisfy any of these requirements. This Court cannot determine that these communications were confidential without some evidentiary support.

> **b.     Plaintiff Waived the Attorney- Client Privilege by Replying on the Schimkat Correspondence in Her Complaint.**

Plaintiff waived the attorney-client privilege by relying on the Schimkat correspondence to support her allegations in the Complaint that Diestel's marketing was false or misleading. *Pub. Serv. Co. of New Mexico v. Lyons*, 2000-NMCA-077, ¶ 22, 129 N.M. 487, 494, 10 P.3d 166, 173 ("A party waives the attorney-client privilege where "direct use [of the alleged privileged materials] is anticipated because the holder of the privilege must use the materials at some point in order to prevail [on their claim]…").

Plaintiff argues that she did not waive the attorney-client privilege because she did not rely on Ms. Schimkat's materials to substantiate the allegations in her Complaint. This argument directly contradicts Plaintiff's deposition testimony stating that she brought the present Complaint entirely relying on materials provided by Schimkat. Adams Decl., Ex. 1, pp.38:17-

39:15, 45:12-25 ("Q. So is it fair, then, to say that it was both the conversation with Ms. Schimkat and the e-mail and its attachments that led to you wanting to bring this action against Diestel Turkey Ranch? A. Yes.").

Plaintiff next argues that she is somehow relieved of the burden to produce the evidence she relied to substantiate the allegations in her Complaint because she is a class representative and there is no "expectation that she is individually responsible for marshalling evidence to prove Diestel's deceit." ECF No. 71, p.8. Not so. While Plaintiff may not be expected to possess all the relevant evidence she intends to rely on at trial herself, she is certainly obligated to produce what she does have in her "possession, custody, or control." Fed. R. Civ. Proc. 34(a)(1).

### ii.     Plaintiff's Correspondence is Not Protected by the Work Product Doctrine.

Plaintiff next argues that Ms. Schimkat's correspondence is protected under the work product doctrine. Plaintiff also fails to support this argument with any evidence.

"The work-product rule is an immunity that protects documents and tangible things prepared in anticipation of litigation by or for a party or its representative, including materials prepared by the attorney's agents and consultants." *Santa Fe Pacific Gold Corp. v. United Nuclear Corp.*, 2007-NMCA-133, ¶ 38.

The party resisting discovery on the grounds of work product immunity has the burden to establish for each document that the rule applies. *Hartman,* 937 P.2d at 984. As with the attorney-client privilege, "This burden may be met by submitting detailed affidavits sufficient to show that precise facts exist to support the immunity claim." *Ibid.*

As with Plaintiff's attorney-client privilege argument, Plaintiff also fails to provide admissible evidence supporting her argument that the work product protection applies. Plaintiff does not provide an affidavit or any other evidence showing that Ms. Schimkat's correspondence was sent in anticipation of litigation or that Ms. Schimkat acted as an attorney when sending it. Indeed, Plaintiff never even directly states in the Opposition that Ms. Schimkat's correspondence

to Plaintiff was prepared in anticipation of litigation.  Plaintiff thus fails to carry her burden to demonstrate the work product protection applies.

> ### iii.  A Privilege Log Was Required but Cannot be Belatedly Supplied Now to Cure Waiver.

Though Plaintiff's correspondence with Ms. Schimkat was responsive to RFP Nos. 5, 21, 22, 24-26, and 28-31, she failed to object on privilege grounds to any of these RFPs or provide a privilege log as required under Federal Rule of Civil Procedure Rule 26(b)(5).  Plaintiff claims she was not required to list her correspondence with Ms. Schimkat on a privilege log because Diestel's RFP No. 5 specifically requested "non-privileged" documents only, and thus privileged documents were not responsive and not required to be listed on a privilege log.  This argument fails for two reasons.

First, even if this correspondence was not responsive to RFP No. 5, it was responsive to RFP Nos. 21, 22, 24-26, and 28-31, none of which are limited on their face to "non-privileged" documents.[3]  Plaintiff failed to produce the Schimkat correspondence in response to any of these RFPs, or assert objections thereto based on the attorney-client or work product privileges.  Thus,

---

[3] RFP No. 21 ("All DOCUMENTS RELATING TO YOUR contention that DEFENDANT representations indicate to consumers that its turkeys are not raised on typical factory farms."); RFP No. 22 ("All DOCUMENTS RELATING TO any investigation of DEFENDANT or any of its turkey raising operations."); RFP No. 24 ("All DOCUMENTS RELATING TO the animal welfare conditions at any of DEFENDANT's facilities."); RFP No. 25 ("All DOCUMENTS RELATING TO YOUR contention that DEFENDANT knew its marketing and/or advertising was false or misleading."); RFP No. 26 ("All DOCUMENTS RELATING TO YOUR contention that DEFENDANT knew its conduct RELATING TO the PRODUCTS was false or misleading."); RFP No. 28 ("All DOCUMENTS RELATING TO YOUR contention, as set forth in paragraphs 3-4 of YOUR Complaint, that DEFENDANT raises a large portion of its turkeys in a manner that fails to meet even the lowest tier of the Global Animal Partnership's ("GAP") certification standards."); RFP No. 29 ("All DOCUMENTS RELATING TO YOUR contention, as set forth in Paragraph 4 of YOUR Complaint, that DEFENDANT's turkeys are raised in large, overcrowded metal sheds that lack sufficient space to engage in natural behaviors and are often mired in manure and slaughterhouse waste."); RFP No. 30 ("All DOCUMENTS RELATING TO YOUR contention, as set forth in paragraph 22 of YOUR Complaint, that DEFENDANT's turkeys are raised under typical factory farm conditions.");  RFP No. 31 ("All DOCUMENTS RELATING TO YOUR contention, as set forth in paragraph 46 of YOUR Complaint, that DEFENDANT's turkeys are "rarely, if ever, allowed outside the agro-industrial barns where they spend their lives.").

the Schimkat correspondence was responsive, and improperly withheld without an accompanying privilege log.

Second, under Plaintiff's conception of her duties in responding to RFP No. 5, she is placed with sole unilateral authority to determine privilege without having to substantiate this privilege to Diestel. This conception of Plaintiff's duties violates New Mexico law: "Failure to adequately support a claim of privilege thwarts both the adversarial process and meaningful independent judicial review and justifies denial of the claim of privilege. A privilege log prepared in good faith and in sufficient detail should eliminate many privilege disputes." *Pina,* 29 P.3d at 1069. Plaintiff cannot unilaterally determine what is privileged and what is not without providing Diestel with the opportunity to evaluate, and if necessary, challenge, this claim of privilege. If that were the case, then the entire system for evaluating privilege would be rendered farcically ineffective.

Plaintiff contends that the parties agreed no privilege log was required for communications between the parties and their attorneys during this litigation. However, Plaintiff's correspondence with Ms. Schimkat occurred in 2019 before the filing of this case in November of 2020 (Adams Decl., Ex. 1, p.41:8-15 (Plaintiff's correspondence with Ms. Schimkat occurred in 2019)) and was not made between a client and attorney, and is thus not covered by the parties' agreement.

Finally, Plaintiff should not be allowed to cure her waiver of the attorney-client and work product privileges by supplying an untimely privilege log. As explained in *Pina*, New Mexico courts:

> expressly disapprove of the practice of permitting the proponent of a privilege to rely on an initial conclusory assertion of a privilege and to gradually unveil the basis for her claims of privilege. See Rice, § 11:6 at 45–47 (discussing attorney-client privilege). This practice delays resolution of privilege issues and is unfair to the opponent of the privilege, who should not be forced to engage in costly motion practice in order to obtain basic information necessary to assess claims of privilege. In the absence of a stipulation establishing a different deadline, the proponent of a claim of privilege must fully set out the basis for the claim of privilege no later than the date provided in the Rules of Civil Procedure for responding to a particular discovery request.

8

*Pina*, 29 P.3d at 1069.

Plaintiff had the opportunity to provide facts substantiating her privilege claims both when responding to the RFPs, and in the filing of her Opposition to this motion. She chose not to do so. She should not be allowed to provide a belated privilege log after this Court issues a decision on this motion. Such a log will not provide any new information other than what is already presented to the Court and cannot cure the main defect with Plaintiff's privilege claims: Ms. Schimkat did not correspond with Plaintiff in her role as an attorney.

**B.     Plaintiff Agrees to Identify Which Documents Are Responsive to Each RFP.**

Plaintiff agrees to provide amended responses identifying which documents in Plaintiff's production are responsive to each RFP within 30 days. Defendant agrees this is reasonable.

Plaintiff, however, cannot condition her duty to provide amended responses on Diestel doing the same. *Sturdivant v. Kone Inc.*, No. CIV 309CV224RJCDSC, 2009 WL 3875906, at *1 (W.D.N.C. Nov. 18, 2009) ("The Court cautions Plaintiff, however, that he may not condition his discovery responses upon his satisfaction with Defendant's responses."); *Choudhuri v. Wells Fargo Bank*, N.A., No. 15-CV-03608-VC (KAW), 2017 WL 1738034, at *2 (N.D. Cal. May 4, 2017) ("Finally, Plaintiff's obligation to provide documents is independent of Defendant's discovery obligations; Plaintiff cannot condition her responses on Defendant's responses.")

Plaintiff has already moved to compel regarding various issues with Diestel's responses to written discovery and did not seek an order compelling Diestel to identify which documents respond to each of Plaintiff's document requests. Thus, not only has Plaintiff waived any complaints as to the sufficiency of Diestel's production in this regard, but this Court has no facts before it supporting a ruling that Diestel's production fails to comply with Federal Rule of Civil Procedure Rule 34.

Rule 34 requires a party to "produce documents as they are kept in the usual course of business or [to] organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). As explained in Diestel's moving papers, this duty is disjunctive – either a party can produce documents as kept in the usual course of business or identify documents by

their corresponding request.  Plaintiff puts forward no facts suggesting that Diestel's documents are not produced "as they are kept in the usual course of business," and thus Diestel has no duty to identify documents by their corresponding request.

Contrastingly, Diestel explained in its moving papers exactly how Plaintiff's production was not organized as kept in the usual course of business.  Instead, Plaintiff's production is organized under inapplicable California state law, in the sequence it was haphazardly produced and used for trial in another matter.  Plaintiff must therefore provide amended RFP responses identifying which documents in the production are responsive to each RFP.  Plaintiff agrees to do so in 30 days. Diestel agrees this is reasonable.

**C.    Plaintiff Must Withdraw Improper Objections.**

Plaintiff fails to put forward any facts carrying her burden that Diestel's RFPs are unduly burdensome.  *Anderson v. Chapman*, No. CV 08-0859 JEC/DJS, 2009 WL 10696437, at *1–6 (D.N.M. Aug. 26, 2009) ("In opposing discovery on the grounds of over-breadth, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.").

Plaintiff's Opposition accepts Diestel's explanation as to why RFP Nos. 13 and 14 were not burdensome (they seek all documents *within Plaintiff's possession, custody, or control*, not all responsive documents in existence) and confirms that no documents were withheld based on her burden objections.  Although Plaintiff represented in her Opposition and the parties' meet and confer that all documents have been produced, Plaintiff's current responses to RFP Nos. 13 and 14 agree only to produce "exemplars" of responsive documents.  Diestel is entitled to an accurate response that makes clear Plaintiff withholds no documents based on admittedly improper burden objections.  Plaintiff must therefore withdraw these unsubstantiated and improper burden objections and provide amended responses confirming that all responsive documents in Plaintiff's possession, custody, or control have been produced.

Plaintiff puts forward no facts or argument explaining why RFP Nos. 20-24 are overbroad and unduly burdensome.  Plaintiff simply points out that these requests seek "all"

documents related to each request.  As Plaintiff admits above, seeking "all" documents within

Plaintiff's possession, custody, or control – as opposed to all documents in existence – is

manifestly not burdensome.  Plaintiff must withdraw these unsupported objections and confirm

all responsive documents in her possession, custody, or control have been produced.

**D.      Plaintiff Must Provide Amended Responses Confirming That All Responsive**

**Documents Have Been Produced.**

Plaintiff's vague responses to the RFPs and willingness to hide the ball in discovery – by

not producing the Schimkat correspondence and hiding responsive documents in volumes of

irrelevant materials produced in the DxE Action – require her to provide amended responses

under oath stating that all responsive documents within Plaintiff's possession, custody or control

have been produced.

As explained in Diestel's moving papers, Plaintiff's current responses to the RFPs are

ambiguous and leave it unclear as to whether all, as opposed to some, responsive documents will

be produced.  For instance, in response to RFP Nos. 1-2, 7-9, 11-12, 15-18, and 25-33 states only

that "Responsive documents will be produced."  ECF No. 67-2., at RFP Nos. 1-2, 7-9, 11-12, 15-

18, and 25-33.  Similarly, in response to RFP Nos. 13 and 14, Plaintiff only agrees to produce

"exemplars" of responsive documents.  *Id.* at RFP Nos. 13-14.

Finally, in response to RFP Nos. 20-24, Plaintiff agrees to produce "non-privileged

responsive documents" but fails to assert a privilege objection.  *Id.* at RFP Nos. 20-24.  Diestel is

thus left unsure whether all responsive documents have been produced, or whether some

documents were withheld based on an (unasserted) privilege claim.  Plaintiff claims that, since

documents responsive to these RFPs are third-party documents from the DxE Action, Plaintiff

cannot produce documents from that action that are subject to those third-party's privilege

claims.  Nonsense.  Plaintiff produced these documents because they were within *her* possession,

custody, or control.  If she withholds documents within her possession, custody, or control from

production, she must clearly state an objection and explain what documents are withheld (Fed. R.

Civ. Proc. 34(b)(2)(C)) and provide a privilege log.  *See* Fed. R. Civ. Proc. 26(b)(5).  Plaintiff has not done so.

### III.    CONCLUSION

For the reasons stated herein, Diestel asks that this Court to grant the present motion

Dated:  October 20, 2022

BLAXTER | BLACKMAN LLP


*/s/ David Adams*

BRIAN R. BLACKMAN
DAVID P. ADAMS
610 Montgomery Street, Suite 1110
San Francisco, California 94111
Tel: (415) 500-7704
Email:  bblackman@blaxterlaw.com
dadams@blaxterlaw.com
*Attorneys for Defendant Diestel Turkey
Ranch*

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on October 20, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Gretchen Elsner
ELSNER LAW & POLICY, LLC
314 South Guadalupe Street, Suite 123
Santa Fe, NM 87501
Telephone:  (505) 303-0980
Email:  gretchen@elsnerlaw.org

Timothy L. Sifers
Nathaniel K. Scearcy
THE POTTS LAW FIRM, LLP
1901 W. 47th Place, Suite 210
Westwood, KS 66205
Telephone:  (816) 931-2230
Email: tsifers@potts-law.com
nscearcy@potts-law.com

I declare under penalty of perjury under the laws of the United States of America that the above it true and correct.  Executed on October 20, 2022 in New York, New York.

/s/*David P. Adams*
DAVID P. ADAMS