**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CYNTHIA WETZEL, on behalf of herself and
all other New Mexico consumers similarly situated,

      Plaintiff,

v.                                  No. 1:20-cv-1213 DHU/KRS

DIESTEL TURKEY RANCH

      Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL (Doc. 65)**

      THIS MATTER is before the Court on Defendant's Motion to Compel, Memorandum in

Support, and Declaration in Support, (Docs. 65, 66, and 67), filed September 22, 2022.  Plaintiff

filed a response on October 6, 2022, and Defendant filed a reply on October 20, 2022.  (Docs. 71

and 73).  Having considered the parties' briefing, record of the case, and relevant law, the Court

grants Defendant's Motion to Compel, (Doc. 65), as set forth below.

I.      **Background**

      Plaintiff brings a putative class action against Defendant (referred to below as

"Defendant," "DTR," or "Diestel") for violations of the New Mexico Unfair Practices Act, New

Mexico's False Advertising Law, and common law unjust enrichment, based on allegations that

Defendant provided false and misleading statements and advertising about its turkey products.

(Doc. 42) at 2; (Doc. 51) at 1.  In its Motion to Compel, Defendant asks the Court to compel

Plaintiff to: (1) produce all e-mail correspondence between Plaintiff and Helga Schimkat;

(2) produce documents as maintained in the usual course of business or identify which

documents are responsive to each request for production ("RFP"); (3) serve amended responses

that remove boilerplate objections to RFP Nos. 13-14 and 20-24; and (4) provide amended

responses to Defendant's RFPs stating under oath that all responsive documents within her possession, custody, or control have been produced.  (Doc. 66) at 6-7; 13-25.

In response, Plaintiff argues that the correspondence between Plaintiff and Ms. Schimkat is privileged and irrelevant as to any claim or defense in this case.  (Doc. 71) at 4.  Plaintiff explains that Ms. Schimkat is an attorney who worked with Plaintiff's counsel's firm on a previous case in California state court alleging that Defendant violated California's consumer protection statutes.  *Id.* at 2.  Plaintiff contends her communications with Ms. Schimkat are privileged because Ms. Schimkat worked with Plaintiff's counsel on similar litigation and the communication was made privately and was not intended for further disclosure.  *Id.* at 5-6. Plaintiff further argues she was not required to disclose the e-mail with Ms. Schimkat on a privilege log because it was not responsive to any RFP, the RFPs specifically excluded privileged communications, and the parties had agreed to forego producing privilege logs for communications between litigation counsel and clients about the litigation.  *Id.* at 7-8. Regarding the remaining issues raised in the Motion to Compel, Plaintiff agrees to supplement her responses to RFPs and interrogatories by identifying by Bates number the documents responsive to each request, and asks that Defendant be ordered to do the same.  *Id.* at 10-11. Plaintiff also agrees to provide amended responses to RFP Nos. 13-14 and 20-24.  *Id.* at 10-12.

In its reply, Defendant maintains that the correspondence between Plaintiff and Ms. Schimkat is relevant and not privileged, and regardless, any privilege has been waived.  (Doc. 73) at 4-5.  Defendant argues that Plaintiff should be ordered to identify which documents in her production are responsive to each RFP, and this should not be conditioned on Defendant being ordered to do the same.  *Id.* at 5.  Defendant also maintains that Plaintiff's objections are improper and leave unclear whether all responsive documents have been produced.  *Id.*

## II.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides

that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

Relevant evidence is that which "has any tendency to make a fact more or less probable than it

would be without the evidence; and the fact is of consequence in determining the action."  Fed.

R. Evid. 401.  However, "[i]nformation within [the] scope of discovery need not be admissible in

evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526

F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad

discovery privileges.").  Nonetheless, the Court is not required to permit the parties to engage in

fishing expeditions in the hope of supporting their claims or defenses.  *See Landry v. Swire

Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit."  Fed. R. Civ. P. 26(b)(1).  Ultimately, "[c]ounsel bears the responsibility of

propounding proper discovery requests, and expecting counsel to fulfill this responsibility is

neither capricious nor unfair."  *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

## III.    **Discussion**

### A.  **Correspondence between Plaintiff and Ms. Schimkat**

Plaintiff testified at her September 13, 2022 deposition that she met her counsel through

her friend, Helga Schimkat.  (Doc. 73-2) at 35:24-25, 36:1-4.  Plaintiff stated that during a phone

conversation in 2019, Ms. Schimkat told her about the California state case against Defendant

and they "talked about the fact that these turkeys were raised in an industrial agriculture

operation, even though they claimed not to be." *Id.* at 38:20-23; 41:8-17.  Plaintiff stated that

Ms. Schimkat followed up after the phone conversation by sending Plaintiff one e-mail with

links to videos about Defendant's turkeys and "a news article or two" from the "Washington Post

and Slate." *Id.* at 39:4, 9; 41:20, 25.  Plaintiff was then asked:

> Q:   And is it what you learned in that e-mail and its
>      attachments that led to you bringing this action against
>      Diestel Turkey Ranch?
> A:   No.  It's the conversation I had with her before that that led
>      to me doing this.
> Q:   So that e-mail didn't have any impact on your decision to
>      bring this action.
> A:   It backed up what I already believed, what we talked about
>      earlier.
> Q:   So is it fair, then, to say that it was both the conversation
>      with Ms. Schimkat and the e-mail and its attachments that
>      led  to you wanting to bring this action against Diestel
>      Turkey Ranch?
> A:   Yes.

*Id.* 45:12-25.

Defendant argues that the e-mail correspondence between Plaintiff and Ms. Schimkat is

responsive to RFP Nos. 5, 21, 22, 24-26, and 28-31.  (Doc. 66) at 13-14.  These RFPs seek non-

privileged communications between Plaintiff and any other person relating to Defendant or its

products (RFP 5), as well as documents relating to the following: Plaintiff's contention that

Defendant's representations indicate its turkeys are not raised on typical factory farms (RFP 21);

investigations of Defendant or its turkey raising operations, the animal welfare conditions at

Defendant's facilities, Plaintiff's contention that Defendant knew its marketing, advertising, or

conduct was false or misleading (RFPs 22, 24-26); and Plaintiff's contentions regarding how

Defendant's turkeys are raised (RFPs 28-31).  (Doc. 67-2) at 3, 5-7.  Because the correspondence

from Ms. Schimkat is about Defendant's products and Defendant's representations of its turkey raising operations, the Court finds that the e-mail and attachments are responsive to the foregoing RFPs.

Plaintiff opposes production of the e-mail and attachments because she claims the communication is protected by the attorney-client and work product privileges.  (Doc. 71) at 4-9. In a diversity action, such as this, the substantive law of New Mexico on attorney-client privilege applies. Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 699 (10th Cir. 1998 ) ("Rule 501 of the Federal Rules of Evidence provides that state law supplies the rule of decision on privilege in diversity cases.").  New Mexico's Rules of Evidence expressly provide for and govern the attorney-client privilege in New Mexico.  *See* Rule 11-503(C) NMRA.  Under New Mexico law, "a communication is 'confidential' if made privately and not intended for further disclosure except to other persons in furtherance of the purpose of the communication."  Rule 11-503(A)(4) NMRA.  A client may prevent disclosure of "(1) a communication (2) made in confidence (3) between privileged persons (4) for the purpose of facilitating the attorney's rendition of professional legal services to the client." *Santa Fe Pac. Gold Corp. v. United Nuclear Corp.*, 175 P.3d 309, 315 (N.M. Ct. App. 2007).  The attorney-client privilege "is an exception to the established principle that the public has a right to every man's evidence," and "[t]he party claiming privilege has the burden of establishing that a communication is protected as an exception to the ordinary rule." *Id.* (citation omitted).  New Mexico Rule 11-503 defines "between privileged persons" as:

> (1) between the client and the client's lawyer or representative;
> (2) between the client's lawyer and the lawyer's representative;
> (3) between the client or client's lawyer and another lawyer
>       representing another in a matter of common interest;

5

(4) between representatives of the client or between the client and
a representative of the client; or

(5) between lawyers representing the client.

Rule 11-503(B)(1)-(5) NMRA.  Stated differently, "[u]nder New Mexico law, the attorney-client

privilege applies to 'confidential communications made for the purpose of facilitating the

rendition of professional legal services to the client.'"  *Anaya v. CBS Broad., Inc.*, 251 F.R.D.

645, 650 (D.N.M. 2007) (quoting *Bd. of Comm'rs of Dona Ana County v. Las Cruces Sun News*,

2003-NMCA-102, ¶ 25; Rule 11-503(B) NMRA).

In contrast, even "[i]n diversity cases, Rule 26(b)(3) of the Federal Rules of Civil

Procedure governs work-product issues."  *Anaya*, 251 F.R.D. at 650 (citing *Frontier Ref., Inc. v.

Gorman-Rupp Co., Inc.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998)).  Rule 26(b)(3) provides that

"[o]rdinarily, a party may not discover documents and tangible things that are prepared in

anticipation of litigation or for trial by or for another party or its representative (including the

other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  Fed. R. Civ. P.

26(b)(3)(A), (B).  "In order to establish work product protection for a document, a discovery

opponent must show that the primary motivating purpose behind the creation of a document must

be to aid in possible future litigation."  *President & Fellows of Harvard Coll. v. Elmore*,

2016 WL 7508832, at *2 (D.N.M.).

Plaintiff argues the e-mail and attachments from Ms. Schimkat are privileged because,

while Ms. Schimkat does not represent Plaintiff, she is an attorney who assisted Plaintiff's

counsel in the California state case against Defendant from November 2018 to June 2019.  *See*

(Doc. 71-1) at 4.  Ms. Schimkat's work with Plaintiff's counsel's firm indicates that the

communication she had with Plaintiff was "between privileged persons" because it was "between

the client … and another lawyer representing another in a matter of common interest."  Rule 11-

6

503(B)(3) NMRA.  Plaintiff also states in response to the Motion to Compel that the

"communication was made privately and was not intended for further disclosure."  (Doc. 71)

at 6.  However, Plaintiff does not assert that the communication was made "for the purpose of

facilitating or providing professional legal services" to Plaintiff.  Rule 11-503(B) NMRA.

Instead, Plaintiff argues that the communication is privileged because "[e]ven when no client-

lawyer relationship ensues, a lawyer who has learned information from a prospective client shall

not use or reveal that information."  *Id.* (quoting Rule 16-118 NMRA).  Nevertheless, Plaintiff

makes no showing that Plaintiff was ever Ms. Schimkat's "prospective client," and Plaintiff

testified that the communications about Ms. Schimkat's work on the California case "just came

up in conversation" in the context of their friendship as writers.  *See* (Doc. 73-2) at 36:20-24 ("I

believe Helga might have been working on a case, and she was telling me about it, because we

are writing—writing friends.  So it just came up in conversation.  'Writing friends,' meaning we

critique each other's work.").

Based on the foregoing, the Court finds no evidence to support a finding that the

communication at issue was made for the purpose of facilitating or providing legal services or in

anticipation of litigation, and Plaintiff has not submitted affidavits or any other support for such a

finding.  Therefore, the Court finds that the communication is not a privileged attorney-client

communication or protected as attorney work product.  *See In re Grand Jury Proceedings*, 616

F.3d 1172, 1183 (10th Cir. 2010) (holding that the burden of proving the attorney-client privilege

applies to a particular communication rests on the party asserting the privilege, who must prove

the privilege exists as to specific questions or documents, rather than a blanket assertion); *United

States v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998) (explaining that the mere fact that an

attorney was involved in a communication does not render the communication privileged); *U.S.*

*ex rel. Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396, 399 (D. Colo. 1992) ("The privilege is to be strictly construed.  It is to be extended no more broadly than necessary to effectuate its purpose.") (citation omitted); *c.f. King v. Gilbreath*, 2014 WL 12786916, *4 (D.N.M.) (unpublished) (finding that confidential communications involving a third party were privileged because the plaintiffs and their counsel submitted affidavits establishing the plaintiffs intended the third party act as their representative in the proceeding, the plaintiffs relied on the third party to facilitate the provision of legal advice, and the plaintiffs' counsel often involved the third party to communicate with the plaintiffs regarding their legal representation).

Having found the e-mail and attachments sent from Ms. Schimkat to Plaintiff are not protected as an attorney-client communication or attorney work product, the Court grants Defendant's Motion to Compel as to this claim.  It is therefore not necessary for the Court to consider Defendant's contention that Plaintiff waived privilege by failing to object to the RFPs on the basis of privilege or produce a privilege log.  Nevertheless, the Court reminds Plaintiff that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A); *see also White v. Graceland Coll. Ctr. For Professional Development & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1266 (D. Kan. 2008) (explaining that a "party who withholds discovery materials must provide sufficient information, usually in the form of a privilege log, to enable the other party to evaluate the applicability of the privilege or protection," and failure to do so "may result in waiver of the attorney-client privilege and/or

work-product protection") (citation omitted).  The Court understands that the parties agreed to forego logging attorney-client communications made during the litigation, but Defendant's counsel clarified to Plaintiff's counsel that this agreement does not extend to "pre-litigation communications."  (Doc. 67-4) at 3 (e-mail exchange between counsel dated September 20, 2022).  Accordingly, in addition to producing the disputed communication between Plaintiff and Ms. Schimkat, Plaintiff shall provide supplemental discovery responses stating whether any responsive pre-litigation communications have been withheld on the basis of privilege and, if so, provide a privilege log as required by Rule 26(b)(5)(A).

### B.  Identification of Responsive Documents

Next, Defendant argues that in response to Defendant's RFPs, Plaintiff improperly produced documents from the previous California state case without identifying by Bates number which documents are responsive to each RFP.  (Doc. 66) at 18.  Plaintiff states in her response that she will provide supplemental responses to Defendant's RFPs and interrogatories that identify by Bates stamp the documents responsive to each request, and asks the Court to require Defendant to do the same with its discovery responses.  (Doc. 71) at 10.  In reply, Defendant argues that Plaintiff cannot condition her duty to identify which documents are responsive to each discovery request on the Court ordering Defendant to do the same.  (Doc. 73) at 5.

Rule 34 states that, "[u]nless otherwise stipulated or ordered by the court, … [a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."  Fed. R. Civ. P. 34(2)(E)(i). Accordingly, the Court grants Defendant's Motion to Compel as to this request and Plaintiff shall provide supplemental discovery responses that identify by Bates stamp the documents responsive to each request as she proposed in response to Defendant's Motion to Compel.

Regarding Plaintiff's request for the Court to order Defendant to do the same, the request is improperly made in a response brief, not a motion to the Court.  Moreover, in its Order Granting in Part Plaintiff's Motion to Compel, the Court has already ordered Defendant to supplement certain disputed discovery responses by properly identifying responsive documents by Bates number.  *See* (Doc. 75).

### C.  Plaintiff's Objections

Defendant next contends that Plaintiff improperly asserted boilerplate objections to RFP Nos. 13-14 and 20-24.  (Doc. 66) at 22.  RFP Nos. 13-14 seek website and social media statements made by Defendant which Plaintiff contends are false or misleading.  (Doc. 67-2) at 4.  RFP Nos. 20-24 seek all documents relating to consumer expectations regarding Defendant's products, contentions that Defendant's representations indicate its turkeys are not raised on typical factory farms, investigations of Defendant, photos or videos of Defendant or its operations, and animal welfare at Defendant's facilities.  *Id.* at 5-6.  In response to RFP Nos. 13-14, Plaintiff objected to the use of the word "all" as overly broad, unduly burdensome, and duplicative, and agreed to produce "exemplars" of responsive documents.  *Id.* at 4.  In response to RFP Nos. 20-24, Plaintiff objected to the use of the word "all" as overly broad, unduly burdensome, and not proportional to the needs of the case and, subject to the objection, agreed to produce non-privileged responsive documents.  *Id.* at 5-6.

In its Motion to Compel, Defendant explains that its RFPs only seek documents in Plaintiff's possession, custody, or control, as required by Rules 26 and 34.  *See* (Doc. 66) at 23; (Doc. 67-1) at 3 (Defendant's discovery requests stating it seeks documents within Plaintiff's "care, custody, and control").  Plaintiff states in her response that upon understanding that Defendant is seeking only what Plaintiff has in her possession, custody, or control, she "does not

10

have any website excerpts or social media posts to produce," and she is in the process of producing documents responsive to RFPs 20-24 that are in her possession.  (Doc. 71) at 12. Defendant asks the Court to require Plaintiff to provide supplemental responses to these RFPs withdrawing her objections and stating whether all responsive documents have been produced. (Doc. 73) at 13-14.  The Court agrees and will grant the Motion to Compel as to these RFPs and require Plaintiff to withdraw her objections and provide supplemental responses stating whether she has produced all responsive documents in her possession, custody, or control as required by Rule 34.

### D.  Clarification That All Responsive Documents Have Been Produced

Finally, Defendant moves to compel Plaintiff to provide amended responses to Defendants RFPs confirming whether a reasonable and diligent inquiry was undertaken and that Plaintiff has produced all responsive documents within her possession, custody, or control. (Doc. 66) at 24.  Defendant argues this is necessary because Plaintiff provided a large and unorganized document production from the previous California state case and responded to several discovery requests that "responsive documents will be produced," but has not confirmed whether that production has been completed.  *Id.* at 24-25.  Plaintiff does not address this argument in her response brief.

Rule 34 requires that responses to requests for production of documents "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  In doing so, the party must also "state whether any responsive materials are being withheld" on the basis of the objection. Fed. R. Civ. P. 34(b)(2)(C).  Most of Plaintiff's responses to Defendant's RFPs state that Plaintiff will produce responsive documents, and Plaintiff has agreed to provide

supplemental responses to Defendant's RFPs identifying responsive documents by Bates number.  The Court will grant Defendant's Motion to Compel on this issue and require Plaintiff to produce documents in compliance with Rule 34 and confirm when the production is complete. *See Deakin v. Magellan Health, Inc.*, 340 F.R.D. 424, 436 (D.N.M. 2022) ("Rule 34[(b)(2)(C)] imposes the responsibility on a responding party to state what it is withholding or describe the scope of the production it is willing to make[.]") (quoting *Michael Kors, L.L.C. v. Su Yan Ye*, 2019 WL 1517552 at *3 (S.D.N.Y.)).  If Plaintiff withholds any responsive documents on the basis of privilege, she must provide a privilege log as required by Rule 26(b)(5).

IT IS THEREFORE ORDERED that Defendant's Motion to Compel, (Doc. 65), is GRANTED.  Plaintiff shall provide the supplemental responsive information as set forth above by **January 6, 2022**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE