UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **CYNTHIA WETZEL**, on behalf of herself and all other New Mexico consumers similarly situated**,**<br><br>Plaintiff**,**<br><br>v.<br><br>**DIESTEL TURKEY RANCH,**<br><br>Defendant. | Case No.: 20-cv-1213 JB/KRS<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION TO COMPEL ESI DISCOVERY**

Plaintiff Cynthia Wetzel moves to compel Defendant Diestel Turkey Ranch ("DTR" or "Diestel") to produce certain electronically stored information ("ESI") responsive to Plaintiff's First Set of Requests for Production. In support of said motion, Plaintiff states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

As this Court is aware, this is a consumer class action arising from DTR's false and misleading statements and advertising concerning its turkey products. On February 8, 2022, Plaintiff served DTR with her opening Interrogatories and Requests for Production. In its responses to Request Nos. 7, 9, and 11 DTR indicated that "…DTR will meet and confer with Plaintiff over appropriate search and ESI protocols, subject to the proportionality limitations of Fed. R. Civ. P. 26(b)(1), to locate any relevant, non-privileged and responsive communications…" Ex. A.

In the months following, the parties have worked towards coordinating an agreed upon procedure for the ESI search contemplated in the discovery propounded and DTR's responses. A protocol and stipulation have been agreed to, and the only matter left in dispute is the

parameters of the search regarding custodians and the terms to be used for certain Requests. A timeline of the dispute is summarized below:

- August 16, 2022: Plaintiff's counsel e-mailed counsel for DTR a draft ESI protocol and Plaintiff's proposed search terms;

- September 2, 2022: DTR responded via e-mail rejecting Plaintiff's proposed terms and custodians and suggesting its own;

- September 23, 2022: Plaintiff's counsel e-mailed DTR with Plaintiff's revised proposal regarding search terms, pairing down the original proposal and adding limiting connectors;

- September 30, 2022: DTR's counsel e-mailed a further-edited term proposal to Plaintiff's counsel;

- October 4, 2022: DTR's counsel sent a corrected term proposal;

- October 5, 2022: Plaintiff's counsel e-mailed DTR's counsel reiterating why certain terms are included in Plaintiff's proposal and indicating further Court involvement might be necessary;

- October 21 and November 3, 2022: Plaintiff's counsel followed up with DTR on two occasions seeking a response to the October 5 email;

- November 18, 2022: DTR's counsel e-mailed Plaintiff's counsel indicating that DTR had pulled the e-mail data from all of DTR's email records, not simply the email from the three custodians that Plaintiff sought;

- December 9, 2022: Parties engaged in a telephonic meet and confer regarding the terms of the search and the issues DTR raised in its November 18 e-mail;

- December 16, 2022: DTR emailed Plaintiff's counsel agreeing to proposed search terms except for three Requests.  See Ex. B.

Unfortunately, the parties have been unable to agree upon the custodians and search terms to be utilized in the ESI search for a handful of Requests. Despite Plaintiff limiting the original proposal and including numerous Boolean connectors to focus the Requests and minimize the number of responsive documents, DTR still claims that the proposed terms are too broad and unconnected to be utilized in the search. Plaintiff's proposal is far from overbroad and appropriately limited to seek only information relevant to the claims at hand.

On September 20, 2022, DTR requested an additional four months to complete discovery (ECF 63), which this Court granted on September 22, 202 (ECF 64). Class discovery currently terminates on January 20, 2023 (ECF 64). As the timeline above indicates, DTR has not met its obligation to search and produce documents so that Plaintiff can review documents before deposing DTR's representatives and before meeting the Court's deadline to move for class certification by March 10, 2023.

## ARGUMENT

A.  Legal Standard

Fed.R.Civ.P. 26(b)(1) provides that discovery may be obtained "regarding any non-privileged matter that is relevant to any party's claim or defense…" Relevancy is broadly construed for pretrial discovery purposes. As a general proposition, "[a] request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *In re Urethane Antitrust Litigation*, 261 FRD 570, 573 (D. Kan. 2009).

Indeed, the concept of relevancy is broadly construed at the discovery stage. Information is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Federal courts have held that the scope of discovery under Rule 26 is broad. See *Hartnett v. Papa Johns*, 2012 WL 3860739 at *13-14 (D.N.M. 2012) (citing *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M.2004) (Browning, J.) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information."). A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).

B.   The Law Applied to This Discovery Dispute

Plaintiff's search term proposals conform to both Rule 26(b)(1) and District of New Mexico case law and relates to or could produce admissible evidence. The search terms are related to Plaintiff's claims or DTR's potential defenses, therefore Plaintiff asks this Court to compel DTR to conduct the ESI search using the terms proposed by Plaintiff. The relief requested from this Court by Plaintiff is authorized under Fed. R. Civ. P. 37(a)(3). The Court may compel answers to interrogatories and it may compel the production of documents. See *Rivera v. DJO*, LLC, 2012 WL 3860744 at *25-26 (D.N.M. 2012).

## REQUESTS AND SEARCH TERMS IN DISPUTE

The disputed ESI search terms concern three individual Requests for Production. Generally, these Requests and Plaintiff's proposed search terms are tailored to seek information related to Diestel's marketing and advertising, the direct subject matter of this lawsuit. The individual requests and search each parties' proposals are addressed below.

### Request Nos. 7 & 9

These Requests seek information concerning any changes, contemplated or otherwise, that occurred in Diestel's advertising or labeling of its turkey products.

> **REQUEST NO. 7:** All DOCUMENTS CONCERNING any contemplated, potential, or actual changes, revisions or modifications to the PRODUCTS' LABELS or ADVERTISEMENTS during the CLASS PERIOD, including drafts of such DOCUMENTS.
>
> ***
>
> Plaintiff's Search Terms --[label! or advertis! or packag! or box! or "PR" or Public Relations or media or Brochure! or Pamphlet! or message! Or sell sheet!] /7 [change! or new or update or alter or modify or correct or fix]; Centric; Moxie; Mail Chimp; Mailchimp; Reach Public Relations; Access Public Relations
>
> Plaintiff's Custodians – Heidi Diestel; Jared Orrock; Amber Bailey
>
> ***
>
> Diestel's Search Terms – [label! or packag! or box! or message!] /7 [change! or new or update or alter or modify or correct or fix] /7 [Centric or Moxie]

<u>Diestel's Custodians</u> – Heidi Diestel; Jared Orrock[1]

**REQUEST NO. 9:** All DOCUMENTS CONCERNING the reasons for, plans, proposals, and motivations for any change to the LABEL or ADVERTISING of any PRODUCT.

\*\*\*

<u>Plaintiff's Search Terms</u> -[label! or advertis! or packag! or box! or "PR" or Public Relations or media or Brochure! or Pamphlet! or message!] /7 [change! or new or update or alter or modify or correct or fix or plan!]; Centric; Moxie; Mail Chimp; Mailchimp; Reach Public Relations; Access Public Relations

<u>Plaintiff's Custodians</u> – Heidi Diestel; Jared Orrock; Amber Bailey.

\*\*\*

<u>Diestel's Search Terms</u> – [label! or or packag! or box! or message!] /7 [change! or new or update or alter or modify or correct or fix or plan!] /7 [Centric or Moxie]

<u>Diestel's Custodians</u> – Heidi Diestel; Jared Orrock[2]

At the crux of this lawsuit is the advertising and labeling of DTR's turkey products, along with how consumers understood DTR's overall messaging. These Requests are directly targeted to gather information regarding DTR's changes to this marketing message and why.

The only custodian in dispute here is Amber Bailey. Per DTR's organizational charts, Amber Bailey is a Regional Sales Manager for the company. Further discovery has shown that she is one of a handful of individuals at DTR who is directly responsible for soliciting new stores and distributors for DTR products. Therefore, it is not a leap to assume that she would relay customer feedback and thoughts to DTR. How DTR utilized customer feedback, if at all, in any label or advertising changes goes directly to how DTR understood customers' views and understanding of its products. Ms. Bailey's emails and other electronic documents should be included in any search pertaining to these Requests.

Similarly, Plaintiff's search terms are tailored to gather only information regarding changes in advertising, product labeling, and packaging. DTR has produced numerous pamphlets and brochures that it sent with its products to stores to either display, hand out, or use in some other fashion. Likewise, DTR utilized numerous public relation firms, including Reach Public Relations and Access Public Relations, to further hone its

---

[1] See Ex. B – December 16, 2022 E-mail from David Adams
[2] *Id.*

messaging towards consumers. Finally, Mailchimp or Mail Chimp is a platform that DTR regularly utilized to send emails to consumers regarding sales and products. Obviously, any change in that marketing is relevant to this Request. Finally, Plaintiff's terms are further limited in that they must be within seven words of each other to even show up in a search.

DTR's proposed terms are far too limited to return a complete, or even somewhat complete, result of discoverable information responsive to this Request. For example, DTR's proposal does not include "sell sheet," a tool utilized by regional sales managers when pitching DTR's products. Likewise, DTR's proposal omits several forms of advertising that DTR is known to have utilized, like brochures and pamphlets. DTR should be required to run its search using Plaintiff's proposed terms.

### Request No. 11

**REQUEST NO. 11:** All DOCUMENTS CONCERNING YOUR strategy for MARKETING, ADVERTISING, or selling the TURKEY PRODUCTS in the United Sates and New Mexico during the CLASS PERIOD.
***
Plaintiff's Search Terms - [consumer* or ads or media or pitch or press or press release or public relations or facebook or Instagram or twitter or news or TV or television or brochure! or pamphlet!] /5 [strategy or approach or plan or message or convey or presence or reflect]; market!; advertis!; Centric; Moxie; Mail Chimp; Mailchimp; Reach Public Relations; Access Public Relations

Plaintiff's Custodians – Heidi Diestel; Jared Orrock; Amber Bailey.
***
Diestel's Search Terms – [consumer* (and label or package)] /5 [strategy or approach or plan or message or convey or presence or reflect] /5 [market! or advertis! or Centric or Moxie]

Diestel's Custodian – Heidi Diestel; Jared Orrock[3]

As with Requests Numbers 7 and 9, this Request is aimed at discovering information pertaining to Diestel's overall strategy in how its products are marketed as well as its understanding of how consumers view its brand and products. The search terms proposed by Plaintiff are narrowly tailored to product just this type of information. These terms are further limited by only producing results that contain the terms within five words of each other.

---

[3] *Id.*

Diestel's counter proposal is far too narrow. For example, every mention of social media platforms is removed in its proposal. This is despite Diestel producing other documents detailing its social media presence and strategy currently and in the future. Again, Diestel's ESI search per this Request should be conducted with Plaintiff's terms and custodians.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court compel Defendant to conduct its ESI search for Requests 7, 9, and 11 using Plaintiff's proposed search terms and custodians, and for any other relief the Court deems just and proper.

Dated: December 20, 2022

Respectfully submitted,

| ELSNER LAW & POLICY, LLC | THE POTTS LAW FIRM, LLP |
|---|---|
| By: *Gretchen Elsner* | By: /s/ *Timothy L. Sifers* |
| Gretchen Elsner | Timothy L. Sifers |
| Gretchen@ElsnerLaw.org | Nathaniel K. Scearcy |
| 314 South Guadalupe Street | 1901 W. 47th Place, Suite 210 |
| Santa Fe, New Mexico 87501 | Westwood, KS 66205 |
| Telephone: (505) 303-0980 | Telephone: (816) 931-2230 |
| | Facsimile: (816) 931-7030 |
| | Email: tsifers@potts-law.com |
| | nscearcy@potts-law.com |

*Counsel for Plaintiff & the Proposed Class*