EXHIBIT B

**From:** David Adams <dadams@blaxterlaw.com>
**Sent:** Friday, December 16, 2022 4:53 PM
**To:** Nate Scearcy <nscearcy@potts-law.com>
**Cc:** Gretchen Elsner <gretchen@elsnerlaw.org>; Brian Blackman <bblackman@blaxterlaw.com>; Wells Blaxter <wblaxter@blaxterlaw.com>; Tim Sifers <tsifers@potts-law.com>
**Subject:** RE: DTR Document Production

Good Afternoon Nate,

I am writing to let you know that DTR ran the search terms set forth in my December 9 email below and found the hit count to be low. DTR therefore reran the searches removing the requirement that all hits had to be withing 7 words of the challenged label statements which Plaintiff testified to reviewing in making her purchase – i.e., we removed the limitation "/7 ["Thoughtfully Raised on Sustainable Family Farms" or "Raised Without Antibiotics" or (slow /2 grow) or "Family Secrets" or "Family Farms" or "Sonora California"]" from each RFP. DTR still contends that discovery should be limited based on the scope of statements Plaintiff actually reviewed, and will make this argument in its motion for protective order as explained in my previous email. DTR is, however, willing to remove these limiting terms in the interest of arriving at a reasonable compromise regarding ESI searches.

DTR's preliminary searches also indicated that Amber Bailey's custodian files return a significant number of hits for RFP Nos 12 and 18. In light of the potential for responsive documents, DTR will agree to add Ms. Bailey as a custodian  to these searches.

1

DTR's revised search terms and custodians are as follows:

**REQUEST NO. 7:** All DOCUMENTS CONCERNING any contemplated, potential, or actual changes, revisions or modifications to the PRODUCTS' LABELS or ADVERTISEMENTS during the CLASS PERIOD, including drafts of such DOCUMENTS.

> Diestel's Search Terms – [label! or packag! or box! or message!] /7 [change! or new or update or alter or modify or correct or fix] /7 [Centric or Moxie]
> Custodian – Heidi Diestel; Jared Orrock

**REQUEST NO. 8:** All DOCUMENTS sufficient to show when and where each statement ADVERTISEMENT, or LABEL RELATED TO the TURKEY PRODUCTS appeared.

> Diestel's Search Terms – [label or packag!] /3 [change or new] /7
> Custodian – Heidi Diestel; Jared Orrock

**REQUEST NO. 9:** For DOCUMENTS CONCERNING the reasons for, plans, proposals, and motivations for any change to the LABEL or ADVERTISING of any PRODUCT.

> Diestel's Search Terms – [label! or or packag! or box! or message!] /7 [change! or new or update or alter or modify or correct or fix or plan!] /7 [Centric or Moxie]
> Custodian – Heidi Diestel; Jared Orrock

**REQUEST NO. 11:** All DOCUMENTS CONCERNING YOUR strategy for MARKETING, ADVERTISING, or selling the TURKEY PRODUCTS in the United Sates and New Mexico during the CLASS PERIOD.

> Diestel's Search Terms – [consumer* (and label or package)] /5 [strategy or approach or plan or message or convey or presence or reflect] /5 [market! or advertis! or Centric or Moxie]
> Custodian – Heidi Diestel; Jared Orrock

**REQUEST NO. 12:** All DOCUMENTS referencing or reflecting any call center feedback for the TURKEY PRODUCTS.

> Diestel's Search Terms – [("New Mexico" or "NM") and (complaint! Or fraud! Or mistreat! Or "Deadly Feast" or scam! or lie or "Direct Action" or "Direct Action Everywhere" or violation or welfare or antibiotic or mislead or misled or human! or standard! or GAP or DxE or organic or advertis! or label! or brochure or pamphlet or treat! Or stimulant!)]
> Custodian – Heidi Diestel; Diestel Customer Feedback Email Address; Amber Bailey.

**REQUEST NO. 13:** All DOCUMENTS that discuss the CHALLENGED STATEMENTS.

> Agreed Search Terms – [Challenged Statements] /3 (perception or perceive or understanding or mislead! or accura! or false or true or verif! or deceive or decepti! or interpret!)
> Custodians – Jared Orrock, Heidi Diestel Orrock

Defined Term - **Challenged Statements**: "Sonora Ranch"; "Diestel Turkey Ranch"; "Diestel Family Ranch"; "Thoughtfully Raised"; "plenty of room to roam"; "room to roam"; "fresh air"; "individual care"; "pasture raised"; "family farm"; "family-run sustainable ranch"; "small family farm"; "slow

grown"; "raised without antibiotics"; "no antibiotics"; "no antibiotics ever"; "no chemicals"; ([third /2 party] /2 certif!); ("Global Animal Partnership" /2 certif!); (GAP /2 certif!); (slow /2 grown); (proprietary /2 breed)

**REQUEST NO. 18:** Any COMMUNICATION between YOU and any customer in response to any complaint about the ingredients or processing of the PRODUCTS.

> Diestel's Search Terms – [("New Mexico" or "NM") and (complaint! Or fraud! Or mistreat! Or "Deadly Feast" or scam! or lie or "Direct Action" or "Direct Action Everywhere" or violation or welfare or antibiotic or mislead or misled or human! or standard! or GAP or DxE or organic or advertis! or label! or brochure or pamphlet or treat! Or stimulant!)]
> Custodian – Heidi Diestel; Diestel Customer Feedback Email Address; Amber Bailey.

DTR's proposed search terms above return 14,364 unique hits resulting in approximately 20.56 gigabytes of data. Our discovery vendor estimates the processing costs for these documents will be approximately $3,600, with a monthly hosting cost of approximately $308/month.

To provide some context, Plaintiff's proposed search terms returned 469,820 documents with families. These hits comprise approximately 94 gigabytes of data, which would make the processing costs approximately $16,450 and the hosting costs approximately $1,410/month. This cost, not to mention the time and cost of reviewing these documents, is unreasonably high given the marginal relevance of such documents.

Finally, you stated on our December 9 call that DTR has produced past correspondence in which Heidi Diestel received consumer complaints from DTR's customers, i.e., retailers/distributors.  You agreed to provide copies of these documents for our consideration. We have not received anything from you on this point.  Please send over anything you want us to consider.

Best,

David P. Adams
Blaxter | Blackman LLP
601 Montgomery Street, Suite 1110
San Francisco, California 94111

(415) 500-7709 direct dial
(415) 500-7700 main
dadams@blaxterlaw.com
www.blaxterlaw.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited.  If you are not the intended recipient, please notify Blaxter | Blackman LLP immediately by telephone or by e-mail and permanently delete the original and destroy all copies of this message and all attachments.

**From:** David Adams
**Sent:** Friday, December 9, 2022 3:21 PM
**To:** Nate Scearcy <nscearcy@potts-law.com>
**Cc:** Tim Sifers <tsifers@potts-law.com>; Gretchen Elsner <gretchen@elsnerlaw.org>; Wells Blaxter <wblaxter@blaxterlaw.com>; Brian Blackman <bblackman@blaxterlaw.com>
**Subject:** RE: DTR Document Production

Good Afternoon Nate and Gretchen,

Thanks for making time to speak with us today regarding the parties' ESI discovery contentions. Hear is a summary of the call.

First, when DTR originally agreed to conduct ESI discovery regarding the RFPs listed below, it had yet to take Plaintiff's deposition. During Plaintiff's deposition, she stated that she purchased DTR's bird based on two factors: the bird's GAP rating and price. Neither of these factors implicate DTR's marketing/labeling. Therefore, the marginal relevance of ESI discovery regarding marketing and labeling is outweighed by the expense of undertaking the below searches. DTR has already produced ample non-ESI documents regarding marketing and labeling, and ESI discovery is simply not justified given what DTR has already produced and the marginal relevance of these matters.

Second, although DTR contends that no ESI discovery is appropriate in this case, it is willing to conduct the ESI search terms provided below as a compromise. As I explained on our call, the search terms below are identical to the ones previously proposed by the parties, but DTR has changed them to limit any searches to the label statements which Plaintiff testified she reviewed and relied on when she purchased her whole-body turkey in 2018. No other labeling or marketing statements are relevant in this case. These changes are implemented by ~~bolding and striking through~~ removed terms, and by **bolding in green** added terms. The search terms are included at the bottom of this email.

You stated that Plaintiff would likely not agree to these limitations. Since Plaintiff is not willing to accept DTRs proposed comprise search terms, DTR will move for a protective order seeking to prevent ESI discovery all together as explained above or, in the alternative, to allow ESI discovery as set forth in DTR's proposed search terms.

Third, we explained to you that the DTR's email provider Rackspace pulled every email from DTR's mail transfer agent, which ensured that every email from all custodians has been pulled. Unfortunately, this means that the documents do not have a "custodian" metadata field. We can determine who sent or received an email based on the "to" and "from" metadata fields which are included in the data pull. We will use these fields to determine the applicable custodian for a given document.  We don't believe this will affect the accuracy of DTR's review or production, but we wanted to be transparent about how this process worked on our end.

Fourth, we explained that we do not believe that Amber Bailey or Heidi Diestel are appropriate custodians for RFP Nos. 12 and 18. They both handles sales and would not interface with consumers regarding complaints. You stated that DTR has produced past correspondence in which Heidi Diestel received consumer complaints from DTR's customers, i.e., retailers/distributors.  You agreed to provide these documents for our consideration. Please send them over and we will review them.

Regardless, DTR does not believe that Amber Bailey is an appropriate custodian for any of the below RFPs. Ms. Bailey is unlikely to possess any relevant documents regarding customer complaints or branding in her sales role. We will move for a protective order on this issue as well.

Fifth, I asked that Plaintiff stipulate to push back the case schedule to allow more time for DTR to conduct its review of these documents. As stated in my previous email, it has taken months to pull DTR's ESI data, and the data is still not completely uploaded and ready for search and review, although our vendor stated it should be ready to go any day now. In light of these delays, it will be difficult for DTR to complete its review of these documents by the close of class discovery on January 20, 2022. You stated that you would confer with your co-counsel and get back to us.

Here are the parties proposed search terms:

**REQUEST NO. 7:** All DOCUMENTS CONCERNING any contemplated, potential, or actual changes, revisions or modifications to the PRODUCTS' LABELS or ADVERTISEMENTS during the CLASS PERIOD, including drafts of such DOCUMENTS.

Diestel's Search Terms – [label! or ~~advertis!~~ or packag! or box! or message!] /7 [change! or new or update or alter or modify or correct or fix] /7 [Centric or Moxie] **/7 ["Thoughtfully Raised on Sustainable Family Farms" or "Raised Without Antibiotics" or (slow /2 grow) or "Family Secrets" or "Family Farms" or "Sonora California"]**

Plaintiff's Search Terms --[label! or advertis! or packag! or box! or "PR" or Public Relations or media or Brochure! or Pamphlet! or message! Or sell sheet!] /7 [change! or new or update or alter or modify or correct or fix]; Centric; Moxie; Concentra; Mail Chimp; Mailchimp; Reach Public Relations; Access Public Relations

Custodian – Heidi Diestel; Jared Orrock; ~~Amber Bailey.~~

**REQUEST NO. 8:** All DOCUMENTS sufficient to show when and where each statement ADVERTISEMENT, or LABEL RELATED TO the TURKEY PRODUCTS appeared.

Diestel's Search Terms – [label or ~~advertis!~~ or packag!] /3 [change or new] **/7 ["Thoughtfully Raised on Sustainable Family Farms" or "Raised Without Antibiotics" or (slow /2 grow) or "Family Secrets" or "Family Farms" or "Sonora California"]**

Plaintiff's Search Terms - [label or advertis! or packag! Or "PR" or media or Brochure or Pamphlet] /3 [change or new]

Custodian – Heidi Diestel; Jared Orrock

**REQUEST NO. 9:** For DOCUMENTS CONCERNING the reasons for, plans, proposals, and motivations for any change to the LABEL or ADVERTISING of any PRODUCT.

Diestel's Search Terms – [label! or ~~advertis!~~ or packag! or box! or message!] /7 [change! or new or update or alter or modify or correct or fix or plan!] /7 [Centric or Moxie] **/7 ["Thoughtfully Raised on Sustainable Family Farms" or "Raised Without Antibiotics" or (slow /2 grow) or "Family Secrets" or "Family Farms" or "Sonora California"]**

Plaintiff's Search Terms -[label! or advertis! or packag! or box! or "PR" or Public Relations or media or Brochure! or Pamphlet! or message!] /7 [change! or new or update or alter or modify or correct or fix or plan!]; Centric; Moxie; Concentra; Mail Chimp; Mailchimp; Reach Public Relations; Access Public Relations

Custodian – Heidi Diestel; Jared Orrock; ~~Amber Bailey.~~

**REQUEST NO. 11:** All DOCUMENTS CONCERNING YOUR strategy for MARKETING, ADVERTISING, or selling the TURKEY PRODUCTS in the United Sates and New Mexico during the CLASS PERIOD.

Diestel's Search Terms – [consumer* (and label or package)] /5 [strategy or approach or plan or message or convey or presence or reflect] /5 [market! or advertis! or Centric or Moxie] **/7**

["Thoughtfully Raised on Sustainable Family Farms" or "Raised Without Antibiotics" or (slow /2 grow) or "Family Secrets" or "Family Farms" or "Sonora California"]

Plaintiff's Search Terms - [consumer* or ads or media or pitch or press or press release or public relations or facebook or Instagram or twitter or news or TV or television or brochure! or pamphlet!] /5 [strategy or approach or plan or message or convey or presence or reflect]; market!; advertis!; Centric; Moxie; Concentra; Mail Chimp; Mailchimp; Reach Public Relations; Access Public Relations

Custodian – Heidi Diestel; Jared Orrock; ~~Amber Bailey.~~

**REQUEST NO. 12:** All DOCUMENTS referencing or reflecting any call center feedback for the TURKEY PRODUCTS.

Diestel's Search Terms – [("New Mexico" or "NM") and (complaint! Or fraud! Or mistreat! Or "Deadly Feast" or scam! or lie or "Direct Action" or "Direct Action Everywhere" or violation or welfare or antibiotic or mislead or misled or human! or standard! or GAP or DxE or organic or advertis! or label! or brochure or pamphlet or treat! Or stimulant!)] /7 ["Thoughtfully Raised on Sustainable Family Farms" or "Raised Without Antibiotics" or (slow /2 grow) or "Family Secrets" or "Family Farms" or "Sonora California"]

Plaintiff's Search Terms - ("New Mexico" or "NM") or (complaint! Or fraud! Or mistreat! Or "Deadly Feast" or scam! or lie or "Direct Action" or "Direct Action Everywhere" or violation or welfare or antibiotic or mislead or misled or human! or standard! or GAP or DxE or organic or advertis! or label! or brochure or pamphlet or treat! Or stimulant!)

Custodian – Heidi Diestel; Diestel Customer Feedback Email Address; ~~Amber Bailey.~~

**REQUEST NO. 13:** All DOCUMENTS that discuss the CHALLENGED STATEMENTS.

Agreed Search Terms – [Challenged Statements] /3 (perception or perceive or understanding or mislead! or accura! or false or true or verif! or deceive or decepti! or interpret!)

Custodians – Jared Orrock, Heidi Diestel Orrock

Defined Term - **Challenged Statements**: ~~"Sonora Ranch"; "Diestel Turkey Ranch"; "Diestel Family Ranch"; "Thoughtfully Raised"; "plenty of room to roam"; "room to roam"; "fresh air"; "individual care"; "pasture raised"; "family farm"; "family-run sustainable ranch"; "small family farm"; "slow grown"; "raised without antibiotics"; "no antibiotics"; "no antibiotics ever"; "no chemicals"; ([third /2 party] /2 certif!); ("Global Animal Partnership" /2 certif!); (GAP /2 certif!); (slow /2 grown); (proprietary /2 breed)~~ "Thoughtfully Raised on Sustainable Family Farms" or "Raised Without Antibiotics" or (slow /2 grow) or "Family Secrets" or "Family Farms" or "Sonora California"

**REQUEST NO. 18:** Any COMMUNICATION between YOU and any customer in response to any complaint about the ingredients or processing of the PRODUCTS.

Diestel's Search Terms – [("New Mexico" or "NM") and (complaint! Or fraud! Or mistreat! Or "Deadly Feast" or scam! or lie or "Direct Action" or "Direct Action Everywhere" or violation or welfare or antibiotic or mislead or misled or human! or standard! or GAP or DxE or organic or advertis! or label! or brochure or pamphlet or treat! Or stimulant!)] /7 ["Thoughtfully Raised on Sustainable Family Farms" or "Raised Without Antibiotics" or (slow /2 grow) or "Family Secrets" or "Family Farms" or "Sonora California"]

Plaintiff's Search Terms - ("New Mexico" or "NM") or (complaint! Or fraud! Or mistreat! Or "Deadly Feast" or scam! or lie or "Direct Action" or "Direct Action Everywhere" or violation or welfare or antibiotic or mislead or misled or human! or standard! or GAP or DxE or organic or advertis! or label! or brochure or pamphlet or treat! Or stimulant!)

Custodian – Heidi Diestel; Diestel Customer Feedback Email Address; ~~Amber Bailey.~~

Best,

_____
David P. Adams
Blaxter | Blackman LLP
601 Montgomery Street, Suite 1110
San Francisco, California 94111

(415) 500-7709 direct dial
(415) 500-7700 main
dadams@blaxterlaw.com
www.blaxterlaw.com
This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited.  If you are not the intended recipient, please notify Blaxter | Blackman LLP immediately by telephone or by e-mail and permanently delete the original and destroy all copies of this message and all attachments.

---

**From:** David Adams
**Sent:** Friday, November 18, 2022 3:45 PM
**To:** Nate Scearcy <nscearcy@potts-law.com>
**Cc:** Tim Sifers <tsifers@potts-law.com>; Gretchen Elsner <gretchen@elsnerlaw.org>; Wells Blaxter <wblaxter@blaxterlaw.com>; Brian Blackman <bblackman@blaxterlaw.com>
**Subject:** RE: DTR Document Production

Good Afternoon Nate,

We have been working with our client and our ESI provider to pull email data and process it for purposes of electronic discovery (an unfortunately lengthy process).  Given our dispute over the proposed search terms, we wanted to get the data loaded and run some test searches to gain some idea of the efficacy and burden of each party's respective searches.  It has taken several months to get the data of each custodian pulled from DTR's email provider.  Upon reviewing the data, however, it appears the emails were pulled from a master archive that does not segregate the emails by custodian.  Since that time we have been working to find a way to identify custodians within the data set we were provided. Unfortunately, it appears there may be no way to identify the custodians for the files from the master archive.

The current data pull (based on all communications received by or sent from an identified email address) totals roughly 271 GBs.  Our ESI vendor estimates that simply processing this data in order to review it will cost between $14,000 and

$24,000. When you add the costs of searching the data for responsive material, reviewing the search results and processing relevant and responsive information for production, the expense to DTR will likely be upwards of $125,000. Given that we have now deposed plaintiff and have a better understanding of her claims, we believe much, if not all, of this electronic discovery is irrelevant to her claims and the burden on DTR is disproportionate to the needs of this case. As such, we think it makes sense for the parties to discuss these issues with an eye towards presenting them to the Court. Specifically, we think the Court should decide whether Plaintiff is entitled to ESI discovery regarding forms of advertising or brand strategy that plaintiff neither considered nor reviewed in purchasing her Diestel turkey.

We are available next week on Monday-Wednesday or the week after to discuss.

Best,

_____

David P. Adams
Blaxter | Blackman LLP
601 Montgomery Street, Suite 1110
San Francisco, California 94111

(415) 500-7709 direct dial
(415) 500-7700 main
dadams@blaxterlaw.com
www.blaxterlaw.com
This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited. If you are not the intended recipient, please notify Blaxter | Blackman LLP immediately by telephone or by e-mail and permanently delete the original and destroy all copies of this message and all attachments.

---

**From:** Nate Scearcy <nscearcy@potts-law.com>
**Sent:** Thursday, November 3, 2022 3:03 PM
**To:** David Adams <dadams@blaxterlaw.com>; Gretchen Elsner <gretchen@elsnerlaw.org>; Tim Sifers <tsifers@potts-law.com>
**Cc:** Brian Blackman <bblackman@blaxterlaw.com>; Wells Blaxter <wblaxter@blaxterlaw.com>
**Subject:** RE: DTR Document Production

David,

Following up again.



**Nate Scearcy**
**Partner**
816.931.2230 | 816.897.0526 (D) | 816.931.7030 (F)
nscearcy@potts-law.com | www.potts-law.com
1901 W. 47th Place, Suite 210, Westwood, Kansas 66205

   

Privileged/Confidential information may be contained in this message and may be subject to legal privilege. Access to this e-mail by anyone other than the intended is un-authorized.

**From:** Nate Scearcy
**Sent:** Friday, October 21, 2022 3:13 PM
**To:** 'David Adams' <dadams@blaxterlaw.com>; 'Gretchen Elsner' <gretchen@elsnerlaw.org>; Tim Sifers <tsifers@potts-law.com>
**Cc:** 'Brian Blackman' <bblackman@blaxterlaw.com>; 'Wells Blaxter' <wblaxter@blaxterlaw.com>
**Subject:** RE: DTR Document Production

David,

I wanted to circle back here. Please advise of Defendant's position and if we need to reach out to Judge Sweazea.

**From:** Nate Scearcy
**Sent:** Wednesday, October 5, 2022 6:16 PM
**To:** David Adams <dadams@blaxterlaw.com>; Gretchen Elsner <gretchen@elsnerlaw.org>; Tim Sifers <tsifers@potts-law.com>
**Cc:** Brian Blackman <bblackman@blaxterlaw.com>; Wells Blaxter <wblaxter@blaxterlaw.com>
**Subject:** RE: DTR Document Production

David,

Generally, Plaintiff's proposed terms are far from overbroad and are tailored to the RFPs propounded that seek information related to Diestel's marketing and advertising. Additionally, absent any citation to support your contention that Plaintiff, as a class representative, is only entitled to documents or information pertaining her specific purchase, that position has no merit. The challenged statements and misleading advertising appeared in numerous forms and was distributed in a variety of ways and Plaintiff is not limited in discovery to what she specifically saw prior to her purchase.  Plaintiff is entitled to discovery pertaining to the challenged statements, advertising, and marketing during the class period, regardless of format or Plaintiff's own individual experience with them.

Communications regarding sell sheets are absolutely relevant, and Plaintiff's RFPs encompass their production. Further, we specifically requested them on our July 18 meet and confer. I am uncertain as to where you got the impression that we were not seeking sell sheets. Regardless, this e-mail should make clear that Plaintiff is requesting them.

Mailchimp and Mail Chimp are terms that would likely have been used in discussions between Diestel employees regarding consumer outreach and marketing. Diestel obviously utilized it to reach consumers. While Mailchimp itself would not have information, the emails Diestel sent using the platform and the discussions regarding its utilization are relevant in this case and these terms should remain.

See the first paragraph for why brochures and pamphlets are tailored terms and should remain.

Reach Public relations and Access Public Relationships as terms should remain as well. This case is about Diestel's advertising and messaging to consumers and the public. Media inquiries and public relations are relevant in that respect. For the same reasons emails to or from Shaina Ostroff are relevant and discoverable.

Regional Sales Managers like Amber Bailey are one of the few Diestel employees responsible for selling directly to individual retail stores and distributors. How they sell or relay information pertaining to the products to these stores or distributors is again relevant here.

Concentra was added as a mistake and we can agree to remove that term.

To that end, outside of Concentra, Plaintiff is not willing to agree to Diestel's search terms and must stand by her proposed terms. I anticipate we likely will not agree, and instead of continuing the back and forth, it might be beneficial to see if Judge Sweazea is available for a discovery conference for work through these issues. Let me know Diestel's position when you can. Thanks.

---

**From:** David Adams <dadams@blaxterlaw.com>
**Sent:** Tuesday, October 4, 2022 1:56 PM
**To:** Nate Scearcy <nscearcy@potts-law.com>; Gretchen Elsner <gretchen@elsnerlaw.org>; Tim Sifers <tsifers@potts-law.com>
**Cc:** Brian Blackman <bblackman@blaxterlaw.com>; Wells Blaxter <wblaxter@blaxterlaw.com>
**Subject:** RE: DTR Document Production

Hi Nate,

I am circling back on the below. I realized that some of my revisions to your search terms don't work very well.

I neglected to add a "within" connector before many of the general terms which Plaintiff proposed to add to the searches. The result is that these general terms will return hits, regardless of the presence of the focused terms at the beginning of the search.

For instances, as to RFP 11 Diestel's former proposed search was

[consumer* (and label or package)] /5 [strategy or approach or plan or message or convey or presence or reflect]; market!; advertis!; Centric; Moxie

Under this version of the search, any documents containing the general term "marketing" will be returned, regardless of whether the document contains the terms label withing 5 words of the work strategy. I have revised Diestel's proposed search terms for RFP Nos. 7, 8, and 11 below so that the general terms Plaintiff added are connected to the specific connectors:

**REQUEST NO. 7:** All DOCUMENTS CONCERNING any contemplated, potential, or actual changes, revisions or modifications to the PRODUCTS' LABELS or ADVERTISEMENTS during the CLASS PERIOD, including drafts of such DOCUMENTS.

Diestel's Search Terms – [label! or advertis! or packag! or box! or message!] /7 [change! or new or update or alter or modify or correct or fix] /7 [Centric or Moxie]

Plaintiff's Search Terms --[label! or advertis! or packag! or box! or "PR" or Public Relations or media or Brochure! or Pamphlet! or message! Or sell sheet!] /7 [change! or new or update or alter or modify or correct or fix]; Centric; Moxie; Concentra; Mail Chimp; Mailchimp; Reach Public Relations; Access Public Relations

Custodian – Heidi Diestel; Jared Orrock; Amber Bailey

**REQUEST NO. 8:** All DOCUMENTS sufficient to show when and where each statement ADVERTISEMENT, or LABEL RELATED TO the TURKEY PRODUCTS appeared.

Diestel's Search Terms – [label or advertis! or packag!] /3 [change or new]

Plaintiff's Search Terms - [label or advertis! or packag! Or "PR" or media or Brochure or Pamphlet] /3 [change or new]

Custodian – Heidi Diestel; Jared Orrock

**REQUEST NO. 9:** For DOCUMENTS CONCERNING the reasons for, plans, proposals, and motivations for any change to the LABEL or ADVERTISING of any PRODUCT.

Diestel's Search Terms – [label! or advertis! or packag! or box! or message!] /7 [change! or new or update or alter or modify or correct or fix or plan!] /7 [Centric or Moxie]

Plaintiff's Search Terms -[label! or advertis! or packag! or box! or "PR" or Public Relations or media or Brochure! or Pamphlet! or message!] /7 [change! or new or update or alter or modify or correct or fix or plan!]; Centric; Moxie; Concentra; Mail Chimp; Mailchimp; Reach Public Relations; Access Public Relations

Custodian – Heidi Diestel; Jared Orrock; Amber Bailey.

**REQUEST NO. 11:** All DOCUMENTS CONCERNING YOUR strategy for MARKETING, ADVERTISING, or selling the TURKEY PRODUCTS in the United Sates and New Mexico during the CLASS PERIOD.

Diestel's Search Terms – [consumer* (and label or package)] /5 [strategy or approach or plan or message or convey or presence or reflect] /5 [market! or advertis! or Centric or Moxie]

Plaintiff's Search Terms - [consumer* or ads or media or pitch or press or press release or public relations or facebook or Instagram or twitter or news or TV or television or brochure! or pamphlet!] /5 [strategy or approach or plan or message or convey or presence or reflect]; market!; advertis!; Centric; Moxie; Concentra; Mail Chimp; Mailchimp; Reach Public Relations; Access Public Relations

Custodian – Heidi Diestel; Jared Orrock; Amber Bailey.

**REQUEST NO. 12:** All DOCUMENTS referencing or reflecting any call center feedback for the TURKEY PRODUCTS.

Diestel's Search Terms - ("New Mexico" or "NM") and (complaint! Or fraud! Or mistreat! Or "Deadly Feast" or scam! or lie or "Direct Action" or "Direct Action Everywhere" or violation or welfare or antibiotic or mislead or misled or human! or standard! or GAP or DxE or organic or advertis! or label! or brochure or pamphlet or treat! Or stimulant!)

Plaintiff's Search Terms - ("New Mexico" or "NM") or (complaint! Or fraud! Or mistreat! Or "Deadly Feast" or scam! or lie or "Direct Action" or "Direct Action Everywhere" or violation or welfare or antibiotic or mislead or misled or human! or standard! or GAP or DxE or organic or advertis! or label! or brochure or pamphlet or treat! Or stimulant!)

Custodian – Heidi Diestel; Diestel Customer Feedback Email Address; Amber Bailey.

**REQUEST NO. 13:** All DOCUMENTS that discuss the CHALLENGED STATEMENTS.

Agreed Search Terms – [Challenged Statements] /3 (perception or perceive or understanding or mislead! or accura! or false or true or verif! or deceive or decepti! or interpret!)

Custodians – Jared Orrock, Heidi Diestel Orrock

Defined Term - **Challenged Statements**: "Sonora Ranch"; "Diestel Turkey Ranch"; "Diestel Family Ranch"; "Thoughtfully Raised"; "plenty of room to roam"; "room to roam"; "fresh air"; "individual care"; "pasture raised"; "family farm"; "family-run sustainable ranch"; "small family farm"; "slow grown"; "raised without antibiotics"; "no antibiotics"; "no antibiotics ever"; "no chemicals"; ([third /2 party] /2 certif!); ("Global Animal Partnership" /2 certif!); (GAP /2 certif!); (slow /2 grown); (proprietary /2 breed)

**REQUEST NO. 18:** Any COMMUNICATION between YOU and any customer in response to any complaint about the ingredients or processing of the PRODUCTS.

Diestel's Search Terms - ("New Mexico" or "NM") and (complaint! Or fraud! Or mistreat! Or "Deadly Feast" or scam! or lie or "Direct Action" or "Direct Action Everywhere" or violation or welfare or antibiotic or mislead or misled or human! or standard! or GAP or DxE or organic or advertis! or label! or brochure or pamphlet or treat! Or stimulant!)

Plaintiff's Search Terms - ("New Mexico" or "NM") or (complaint! Or fraud! Or mistreat! Or "Deadly Feast" or scam! or lie or "Direct Action" or "Direct Action Everywhere" or violation or welfare or antibiotic or mislead or misled or human! or standard! or GAP or DxE or organic or advertis! or label! or brochure or pamphlet or treat! Or stimulant!)

Custodian – Heidi Diestel; Diestel Customer Feedback Email Address; Amber Bailey.

_____

David P. Adams
Blaxter | Blackman LLP
601 Montgomery Street, Suite 1110
San Francisco, California 94111

(415) 500-7709 direct dial
(415) 500-7700 main
dadams@blaxterlaw.com
www.blaxterlaw.com
This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited.  If you are not the intended recipient, please notify Blaxter | Blackman LLP immediately by telephone or by e-mail and permanently delete the original and destroy all copies of this message and all attachments.

**From:** David Adams
**Sent:** Friday, September 30, 2022 5:11 PM
**To:** Nate Scearcy <nscearcy@potts-law.com>
**Cc:** Gretchen Elsner <gretchen@elsnerlaw.org>; Tim Sifers <tsifers@potts-law.com>; Wells Blaxter <wblaxter@blaxterlaw.com>; Brian Blackman <bblackman@blaxterlaw.com>
**Subject:** RE: DTR Document Production

Hi Nate,

Thanks for sending your thoughts over. My initial thoughts about Plaintiff's proposed search terms are below blue. We may have more feedback if we run terms later and find they bring back an unreviewable number of hits.

On a general note. We would like to get the issue of custodians squared away now because it takes approximately six weeks for us to pull and a custodian's PST file and upload it for review. This time frame may be delayed even further over Thanksgiving and Christmas because this is Diestel's busiest time of the year. In short, we want to pull all relevant PST files now because it will be difficult and burdensome to pull further files if Plaintiff is unsatisfied with Diestel's initial production.

Further, Plaintiff's proposed search terms are vastly overbroad considering Plaintiff's testimony at her deposition that she only reviewed the label/package of the product she purchased (and some statements by third parties, which have no bearing on Plaintiff's claims against Diestel) before making her purchase. Thus, *all* other forms of advertising and marketing statements made by Diestel are irrelevant to Plaintiff's claims. I have adjusted Plaintiff's search terms accordingly.

Enjoy the weekend!

Best,

_____
David P. Adams
Blaxter | Blackman LLP
601 Montgomery Street, Suite 1110
San Francisco, California 94111

(415) 500-7709 direct dial
(415) 500-7700 main
dadams@blaxterlaw.com
www.blaxterlaw.com
This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited.  If you are not the intended recipient, please notify Blaxter | Blackman LLP immediately by telephone or by e-mail and permanently delete the original and destroy all copies of this message and all attachments.

---

**From:** Nate Scearcy <nscearcy@potts-law.com>
**Sent:** Friday, September 23, 2022 1:50 PM
**To:** David Adams <dadams@blaxterlaw.com>
**Cc:** Brian Blackman <bblackman@blaxterlaw.com>; Wells Blaxter <wblaxter@blaxterlaw.com>; Gretchen Elsner <gretchen@elsnerlaw.org>
**Subject:** RE: DTR Document Production

David,

Upon review, I inadvertently left a proposed term off for Request 7. It should read as follows:

**REQUEST NO. 7:** All DOCUMENTS CONCERNING any contemplated, potential, or actual changes, revisions or modifications to the PRODUCTS' LABELS or ADVERTISEMENTS during the CLASS PERIOD, including drafts of such DOCUMENTS.

Proposed Search Terms – [label! or advertis! or packag! or box! or ~~"PR" or Public Relations or media or Brochure! or Pamphlet!~~ or message! ~~Or sell sheet!~~] /7 [change! or new or update or alter or modify or correct or fix]; Centric; Moxie; ~~Concentra; Mail Chimp; Mailchimp; Reach Public Relations; Access Public Relations~~

Communications regarding sell sheets are not relevant. Diestel has already offered to produce all sell sheets and Plaintiff declined. If Plaintiff does not believe the sell sheets themselves are relevant, then why are communications related to them relevant?

Mailchimp is a customer relations platform. It would not be party to any correspondence about high level policy decisions regarding branding and advertising. Further Plaintiff testified in her deposition that she did not review any Diestel marketing emails before making her purchase. Thus, the terms "Mail Chimp" and "Mailchimp" should be removed.

Plaintiff testified at her deposition that she did not review any Brochures or Pamphlets prior to making her purchase. These terms are also irrelevant and should be removed. Further, neither Reach Public Relations nor Access Public Relationships performed any work on labeling or packaging. Instead, these companies handled public relations matters for Diestel (i.e., responding to media inquiries, etc). Public relations is separate and distinct from advertising and labeling. Thus, the terms "PR", "Public Relations", "media", "Reach Public Relations", and "Access Public Relations" should be removed.

Who or what is Concentra? I am not familiar with them. What is the relevance of this term?

Custodian – Heidi Diestel; Jared Orrock; ~~Regional Sales Manager E-mail addresses e.g. Amber Bailey~~

Amber Bailey is a sales manager. She is unlikely to have any information about high level policy decisions regarding branding and advertising. Is there a reason Plaintiff believes she possesses responsive information?

**Nate Scearcy**
**Partner**

816.931.2230 | 816.897.0526 (D) | 816.931.7030 (F)
nscearcy@potts-law.com | www.potts-law.com
1901 W. 47th Place, Suite 210, Westwood, Kansas 66205







Privileged/Confidential information may be contained in this message and may be subject to legal privilege. Access to this e-mail by anyone other than the intended is un-authorized.

**From:** Nate Scearcy
**Sent:** Friday, September 23, 2022 1:17 PM
**To:** David Adams <dadams@blaxterlaw.com>
**Cc:** Brian Blackman <bblackman@blaxterlaw.com>; Wells Blaxter <wblaxter@blaxterlaw.com>; Gretchen Elsner <gretchen@elsnerlaw.org>
**Subject:** RE: DTR Document Production

David,

We are fine with the edits to the stipulation. Following your format, our proposed search terms are below. Changes are in red.

**REQUEST NO. 7:** All DOCUMENTS CONCERNING any contemplated, potential, or actual changes, revisions or modifications to the PRODUCTS' LABELS or ADVERTISEMENTS during the CLASS PERIOD, including drafts of such DOCUMENTS.

> Proposed Search Terms – [label! or advertis! or packag! or box! or "PR" or Public Relations or media or Brochure! or Pamphlet! or message!] /7 [change! or new or update or alter or modify or correct or fix]; Centric; Moxie; Concentra; Mail Chimp; Mailchimp; Reach Public Relations; Access Public Relations

> Custodian – Heidi Diestel; Jared Orrock; Regional Sales Manager E-mail addresses e.g. Amber Bailey

> See comments above

**REQUEST NO. 8:** All DOCUMENTS sufficient to show when and where each statement ADVERTISEMENT, or LABEL RELATED TO the TURKEY PRODUCTS appeared.

> Proposed Search Terms –

> [label or advertis! or packag! ~~Or "PR" or media or Brochure or Pamphlet~~] /3 [change or new]

> Public relations is separate and distinct from advertising and labeling. Thus, the terms "PR" and "media" should be removed.

> Plaintiff testified at her deposition that she did not review any Brochures or Pamphlets prior to making her purchase. These terms are also irrelevant and should be removed.

> Custodian – Heidi Diestel; Jared Orrock

**REQUEST NO. 9:** For DOCUMENTS CONCERNING the reasons for, plans, proposals, and motivations for any change to the LABEL or ADVERTISING of any PRODUCT.

> Proposed Search Terms – [label! or advertis! or packag! or box! or ~~"PR" or Public Relations or media or Brochure! or Pamphlet! or~~ message!] /7 [change! or new or update or alter or modify or correct or fix or plan!]; Centric; Moxie; ~~Concentra; Mail Chimp; Mailchimp; Reach Public Relations; Access Public Relations~~

> Mailchimp is a customer relations platform. It would not be party to any correspondence about high level policy decisions regarding branding and advertising. Further Plaintiff testified in her deposition that she did not review any Diestel marketing emails before making her purchase. Thus, the terms "Mail Chimp" and "Mailchimp" should be removed.

> Plaintiff testified at her deposition that she did not review any Brochures or Pamphlets prior to making her purchase. These terms are also irrelevant and should be removed. Further, neither Reach Public Relations nor Access Public Relationships performed any work on labeling or packaging. Instead, these companies handled public relations matters for Diestel (i.e., responding to media inquiries, etc). Public relations is separate and distinct from advertising and labeling. Thus, the terms "PR", "Public Relations", "media", "Reach Public Relations", and "Access Public Relations" should be removed.

Who or what is Concentra? I am not familiar with them. What is the relevance of this term?

Custodian – Heidi Diestel; Jared Orrock; ~~Regional Sales Manager E-mail addresses e.g. Amber Bailey.~~

Amber Bailey is a sales manager. She is unlikely to have any information about high level policy decisions regarding branding and advertising. Is there a reason Plaintiff believes she possesses responsive information?

**REQUEST NO. 11:** All DOCUMENTS CONCERNING YOUR strategy for MARKETING, ADVERTISING, or selling the TURKEY PRODUCTS in the United Sates and New Mexico during the CLASS PERIOD.

Proposed Search Terms – [consumer* (and label or package) ~~or ads or media or pitch or press or press release or public relations or facebook or Instagram or twitter or news or TV or television or brochure! or pamphlet!~~] /5 [strategy or approach or plan or message or convey or presence or reflect]; market!; advertis!; Centric; Moxie; ~~Concentra; Mail Chimp; Mailchimp; Reach Public Relations; Access Public Relations~~

Mailchimp is a customer relations platform. It would not be party to any correspondence about high level policy decisions regarding branding and advertising. Further Plaintiff testified in her deposition that she did not review any Diestel marketing emails before making her purchase. Thus, the terms "Mail Chimp" and "Mailchimp" should be removed.

Plaintiff testified at her deposition that she only reviewed the product packaging and statements from third parties in making her purchase – thus all the search terms above related to other forms of advertising, media, and public relations are irrelevant.

Who or what is Concentra? I am not familiar with them. What is the relevance of this term?

Custodian – Heidi Diestel; Jared Orrock; ~~Regional Sales Manager E-mail addresses e.g. Amber Bailey.~~

Amber Bailey is a sales manager. She is unlikely to have any information about high level policy decisions regarding branding and advertising. Is there a reason Plaintiff believes she possesses responsive information?

**REQUEST NO. 12:** All DOCUMENTS referencing or reflecting any call center feedback for the TURKEY PRODUCTS.

Proposed Search Terms - ("New Mexico" or "NM") ~~or~~ and (complaint! Or fraud! Or mistreat! Or "Deadly Feast" or scam! or lie or "Direct Action" or "Direct Action Everywhere" or violation or welfare or antibiotic or mislead or misled or human! or standard! or GAP or DxE or organic or advertis! or label! or brochure or pamphlet or treat! Or stimulant!)

Plaintiff's added search terms are not limited to New Mexico consumers. Diestel agrees to all these search terms so long as they are limited to New Mexico and thus proposes the above change to the terms.

Custodian – Heidi Diestel; Diestel Customer Feedback Email Address; ~~Regional Sales Manager E-mail addresses e.g. Amber Bailey.~~

Amber Bailey is a sales manager. She is unlikely to have any information about call center feedback for the products. Is there a reason Plaintiff believes she possesses responsive information?

**REQUEST NO. 13:** All DOCUMENTS that discuss the CHALLENGED STATEMENTS.

Proposed Search Terms – [Challenged Statements] /3 (perception or perceive or understanding or mislead! or accura! or false or true or verif! or deceive or decepti! or interpret!)

Custodians – Jared Orrock, Heidi Diestel Orrock

Defined Term - **Challenged Statements**: "Sonora Ranch"; "Diestel Turkey Ranch"; "Diestel Family Ranch"; "Thoughtfully Raised"; "plenty of room to roam"; "room to roam"; "fresh air"; "individual care"; "pasture raised"; "family farm"; "family-run sustainable ranch"; "small family farm"; "slow grown"; "raised without antibiotics"; "no antibiotics"; "no antibiotics ever"; "no chemicals"; ([third /2 party] /2 certif!); ("Global Animal Partnership" /2 certif!); (GAP /2 certif!); (slow /2 grown); (proprietary /2 breed)

**REQUEST NO. 18:** Any COMMUNICATION between YOU and any customer in response to any complaint about the ingredients or processing of the PRODUCTS.

Proposed Search Terms - ("New Mexico" or "NM") or and (complaint! Or fraud! Or mistreat! Or "Deadly Feast" or scam! or lie or "Direct Action" or "Direct Action Everywhere" or violation or welfare or antibiotic or mislead or misled or human! or standard! or GAP or DxE or organic or advertis! or label! or brochure or pamphlet or treat! Or stimulant!)

Plaintiff's added search terms are not limited to New Mexico consumers. Diestel agrees to all these search terms so long as they are limited to New Mexico and thus proposes the above change to the terms.

Custodian – Heidi Diestel; Diestel Customer Feedback Email Address; Regional Sales Manager E-mail addresses e.g. Amber Bailey.

Amber Bailey is a sales manager. She is unlikely to have any information about customer complaints. Is there a reason Plaintiff believes she possesses responsive information?

We also request, to the extent not already provided via the search terms above, the following:

These are new requests for production. If Plaintiff wants to propound them, she can. She cannot, however, demand production absent a valid RFP, an explanation of why these documents would be responsive to one of the above RFPs to which Diestel agreed to provide ESI, or a break down of the search terms Plaintiff proposes to locate responsive documents. Further, even if posed as RFPs, these requests are irrelevant and overbroad and burdensome as stated below.

any email or correspondence to or from Shaina Ostroff from 2016 through and including present day;

Shaina Ostroff handled PR matters for Diestel, not labeling or packaging. She is thus unlikely to have relevant documents.

Every email or correspondence to or from Concentra marketing from 2016 through and including present day;

Who or what is Concentra? I am not familiar with them. What is the relevance of this term?

Every email or correspondence to or from Centric Brand Anthropology from 2016 through and including present day;

This category is overbroad. Any relevant communications will specifically involve branding, labeling, and packaging, and thus are already within the scope of RFP Nos. 7-9, and 11.

All accompanying reports from Mail Chimp for each marketing email DTR sent to consumers and retailers.

Mailchimp is a customer relations platform. It would not be party to any correspondence about high level policy decisions regarding branding and advertising. Further Plaintiff testified in her deposition that she did not review any Diestel marketing emails before making her purchase. Thus, the terms "Mail Chimp" and "Mailchimp" should be removed.

---

**From:** David Adams <dadams@blaxterlaw.com>
**Sent:** Friday, September 2, 2022 6:04 PM
**To:** Nate Scearcy <nscearcy@potts-law.com>
**Cc:** Tim Sifers <tsifers@potts-law.com>; Gretchen Elsner <gretchen@elsnerlaw.org>; Brian Blackman <bblackman@blaxterlaw.com>; Wells Blaxter <wblaxter@blaxterlaw.com>
**Subject:** RE: DTR Document Production

Good Afternoon Nate,

I attach a revised redlined version of Plaintiff's draft ESI Order.

We reviewed Plaintiff's search terms, and we don't think they are workable. Running 53 searches with no limiting terms and concoctors in four separate custodian's email files will return a staggering amount of potential document hits and pose a burden on Diestel that is disproportionate to the relevance of the requested information. Further, the terms you propose are not clearly related to the RFPs for which Diestel agreed to conduct ESI searches. Below are our proposed search terms and custodians for each RFP subject to the parties' ESI order, along with a few notes and defined terms.

You will note we limited custodians, and proposed some new ones, so that those who have responsive information will be the ones with their email files searched. For instance, Casey Ratkovich (she had consumer complaint responsibility in past) and Garrett Diestel's responsibilities do not include brand management, advertising, or consumer complaints. A search of their email files is not reasonably calculated to lead to responsive documents.

The below search terms are Diestel's best attempt to craft search terms that might return responsive nonprivileged documents relating to the Requests at issue.  That said, if Diestel runs these search terms and they return an unworkably large amount of material, the parties will have to meet and confer to further narrow the proposed search terms.

**REQUEST NO. 7:** All DOCUMENTS CONCERNING any contemplated, potential, or actual changes, revisions or modifications to the PRODUCTS' LABELS or ADVERTISEMENTS during the CLASS PERIOD, including drafts of such DOCUMENTS.

Proposed Search Terms – [label or advertis!] /3 [change or new]

Custodian – Heidi Diestel

**REQUEST NO. 8:** All DOCUMENTS sufficient to show when and where each statement ADVERTISEMENT, or LABEL RELATED TO the TURKEY PRODUCTS appeared.

Proposed Search Terms – [label or advertis!] /3 [change or new]

Custodian – Heidi Diestel

**REQUEST NO. 9:** For DOCUMENTS CONCERNING the reasons for, plans, proposals, and motivations for any change to the LABEL or ADVERTISING of any PRODUCT.

Proposed Search Terms – [label or advertis!] /3 [change or new]

Custodian – Heidi Diestel

**REQUEST NO. 11:** All DOCUMENTS CONCERNING YOUR strategy for MARKETING, ADVERTISING, or selling the TURKEY PRODUCTS in the United Sates and New Mexico during the CLASS PERIOD.

Proposed Search Terms – [market! or advertis!] /3 [strategy or approach or plan]

Custodian – Heidi Diestel

**REQUEST NO. 12:** All DOCUMENTS referencing or reflecting any call center feedback for the TURKEY PRODUCTS.

Proposed Search Terms - "New Mexico"

Custodian – Diestel Customer Feedback Email Address

**REQUEST NO. 13:** All DOCUMENTS that discuss the CHALLENGED STATEMENTS.

Proposed Search Terms – [Challenged Statements] /3 (perception or perceive or understanding or mislead! or accura! or false or true or verif! or deceive or decepti! or interpret!)

Custodians – Jared Orrock, Heidi Diestel Orrock

Defined Term - **Challenged Statements**: "Sonora Ranch"; "Diestel Turkey Ranch"; "Diestel Family Ranch"; "Thoughtfully Raised"; "plenty of room to roam"; "fresh air"; "individual care"; "pasture raised"; "family farm"; "family-run sustainable ranch"; "small family farm"; "slow grown"; "raised without antibiotics"; "no antibiotics"; "no antibiotics ever"; "no chemicals"; ([third /2 party] /2 certif!); ("Global Animal Partnership" /2 certif!); (GAP /2 certif!); (slow /2 grown); (proprietary /2 breed)

**REQUEST NO. 18:** Any COMMUNICATION between YOU and any customer in response to any complaint about the ingredients or processing of the PRODUCTS.

Proposed Search Terms - "New Mexico"

Custodian – Diestel Customer Feedback Email Address

I hope you enjoy the holiday weekend.

Best,

_____

David P. Adams
**Blaxter** | Blackman LLP
601 Montgomery Street, Suite 1110
San Francisco, California 94111

[(415) 500-7709](tel:) direct dial
[(415) 500-7700](tel:) main
[dadams@blaxterlaw.com](mailto:dadams@blaxterlaw.com)
[www.blaxterlaw.com](http://www.blaxterlaw.com)
This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited.  If you are not the intended recipient, please notify Blaxter | Blackman LLP immediately by telephone or by e-mail and permanently delete the original and destroy all copies of this message and all attachments.

---

**From:** Nate Scearcy <[nscearcy@potts-law.com](mailto:nscearcy@potts-law.com)>
**Sent:** Tuesday, August 16, 2022 5:53 PM
**To:** Brian Blackman <[bblackman@blaxterlaw.com](mailto:bblackman@blaxterlaw.com)>
**Cc:** Wells Blaxter <[wblaxter@blaxterlaw.com](mailto:wblaxter@blaxterlaw.com)>; Tim Sifers <[tsifers@potts-law.com](mailto:tsifers@potts-law.com)>; Gretchen Elsner <[gretchen@elsnerlaw.org](mailto:gretchen@elsnerlaw.org)>; David Adams <[dadams@blaxterlaw.com](mailto:dadams@blaxterlaw.com)>
**Subject:** RE: DTR Document Production

Brian,

I hope you are doing well. Following up on previous discussions, I am attaching a draft ESI protocol as well as Plaintiff's initial search term requests. Please provide any comments or edits you may have.

I would also like to follow up on possible dates for Mr. Orrock's deposition. Please provide them when you can.

**Nate Scearcy**
**Partner**
816.931.2230 | 816.897.0526 (D) | 816.931.7030 (F)
nscearcy@potts-law.com | www.potts-law.com
1901 W. 47th Place, Suite 210, Westwood, Kansas 66205





Privileged/Confidential information may be contained in this message and may be subject to legal privilege. Access to this e-mail by anyone other than the intended is un-authorized.