## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| **CYNTHIA WETZEL, on behalf of herself and all other New Mexico consumers similarly situated,** | |
| **Plaintiff,** | **Civil Action No. 1:20-cv-01213-DHU-DLM** |
| **vs.** | |
| **DIESTEL TURKEY RANCH,** | |
| **Defendant.** | |

## ANSWER TO FIRST AMENDED COMPLAINT & JURY DEMAND

Defendant Diestel Turkey Ranch ("DTR" or "Defendant"), by and through its attorneys of record, answer plaintiff Cynthia Wetzel's ("Plaintiff") First Amended Class Action Complaint ("FAC") as follows:

### RESPONSE TO HEADINGS

The FAC contains headings, some of which characterize certain actions or events. Because they are not set forth in numbered paragraphs, the headings are not properly pleaded facts requiring a response. To the extent any headings contain factual allegations requiring a response, Defendant denies the allegations set forth in those headings.

### RESPONSE TO INDIVIDUAL PARAGRAPHS

The unnumbered introductory paragraph, found at page 1, constitutes Plaintiff's description of the action to which no response is required. To the extent Defendant is required to respond to this paragraph, it only admits that Plaintiff filed the FAC against Defendant.

1.     Defendant admits that Plaintiff filed a putative class action against Defendant and that it produces, markets and sells a variety of turkey food products that are available for

purchase from retailers, including some Whole Foods Market stores and Amazon.com, and Defendant's ecommerce website.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and on that basis denies those allegations.

2.     Defendant admits that each of its turkey products has a product label and that it advertises, *inter alia*, its brand and turkey products online.  Defendant admits that its product labeling varies between products and that its online advertising has changed over time. Defendant admits that some of its advertising over time has used the phrases "thoughtfully raised on sustainable family farms," "plenty of fresh air and space to roam," "individual care," "slow grown," "wholesome diet" and "walk the flock each day."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and on that basis denies those allegations.  With respect to the photograph inserted in paragraph 2, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendant states that the photo speaks for itself and respectfully refers the Court to the photo for a true and accurate statement of its content.

3.     Defendant admits that its owns and operates several turkey ranches in California, including a ranch at its headquarters in Sonora, California.  Defendant further admits that its turkey ranches and the turkey products that come from those ranches have been certified under the Global Animal Partnership's ("GAP") animal welfare rating program, which involves a rating scale from one to five plus with five plus being the highest rating.  Defendant admits that it has referenced its GAP certifications in some of its marketing and advertising.  Defendant denies the remaining allegations in Paragraph 3.

4.     Defendant admits that its owns and operates a turkey processing facility at its headquarters in Sonora, California.  Defendant admits that it raises turkeys on several of its turkey ranches that are located outside of Sonora, California and processes those turkeys at its plant in Sonora.  Defendant admits that its turkey ranches and the turkey products from those

ranches are certified under GAP's animal welfare rating program.  Defendant denies the
remaining allegations in Paragraph 4.

5. Defendant denies the allegations in Paragraph 5.

6. Defendant denies that it exploits consumer demand through misrepresentations.
Defendant lacks knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in Paragraph 6, and on that basis denies those allegations.

7. Defendant denies the allegations in Paragraph 7.

8. Paragraph 8 constitutes Plaintiff's description of the action, to which no response
is required.

9. Defendant lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 9 and on that basis denies those allegations.

10. Defendant lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 10 and on that basis denies those allegations.

11. Defendant lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 11 and on that basis denies those allegations.

12. Defendant lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 12 and on that basis denies those allegations.

13. Defendant lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 13 and on that basis denies those allegations.

14. Defendant admits that some of its turkey products are available for purchase at
some Whole Foods Market stores.  Defendant lacks knowledge or information sufficient to form
a belief as to the truth of the remaining allegations in Paragraph 14 and on that basis denies those
allegations.

15. Defendant lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 15 and on that basis denies those allegations.

16. Defendant lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 16 and on that basis denies those allegations.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies those allegations.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies those allegations.  With respect to the photograph inserted in paragraph 18, photographs are not properly pleaded allegations requiring a response.  To the extent any photograph is deemed an allegation requiring a response, Defendant states that the photo speaks for itself and respectfully refers the Court to the photo for a true and accurate statement of its content.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies those allegations.

20.     Defendant admits that the product labeling for some of its turkey products have used the phrases: "Family Secret 1 Walk The Flock Each Day;" "Family Secret 2 Let Turkeys be Turkeys; " "Family Secret 3 Don't Rush Things Diestel Turkeys Are Slow Grown;" "Family Secret 4 Never Compromise on Quality;" "The Diestel Difference;" "Thoughtfully Raised & Harvested;" "thoughtfully raised with plenty of fresh air and space to roam;" "4th Generation Family Farm;" and drawing of a barn and silo.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and on that basis denies those allegations.

21.     Defendant admits that its turkey ranches and the turkey products that come from those ranches have been certified under the GAP animal welfare rating program and that some of its products sold at Whole Foods Market have a GAP sticker placed on the labeling that denotes the step level certification for that product.  Defendant admits that the callout associated with a GAP Step 2 rating is "Enriched Environment."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and on that basis denies those allegations.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies those allegations.

4

23.     Defendant admits that it uses the slogan "thoughtfully raised" in some of its marketing and advertising of its turkey products.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and on that basis denies those allegations.

24.     Defendant admits that it is a California corporation with its headquarters located at 2220 Lyons Bald Mountain Road, Sonora, California 95370.  Defendant admits that some of its turkey products are available for purchase online from its website and Amazon.com, and at some Whole Foods Market stores.  Defendant admits that it sells its turkey products to retailers and distributors who sell Defendant's turkey products in several states around the county. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and on that basis denies those allegations.

25.     Paragraph 25 contains conclusions of law that Defendant need not answer. Should the Court require Defendant to answer, Defendant denies the allegations in Paragraph 25 for lack of information sufficient to form a belief.

26.     Paragraph 26 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies those allegations.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies those allegations.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies those allegations.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies those allegations.

30.     Paragraph 30 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that it submits product labeling to the FSIS for approval for use in commerce.  Defendant lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 30 and on that basis denies those allegations.

31.     Paragraph 31 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies those allegations.

32.     Paragraph 32 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis denies those allegations.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies those allegations.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis denies those allegations.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and on that basis denies those allegations.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis denies those allegations.

37.     Paragraph 37 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 37.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and on that basis denies those allegations.

39.     Paragraph 39 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis denies those allegations.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and on that basis denies those allegations.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies those allegations.

42.     Defendant admits that it has operated an ecommerce platform on its website since approximately 2017.  Defendant admits that it has sold turkey products through its ecommerce platform to consumers who may be located in New Mexico and has shipped products to addresses in New Mexico.  Defendant further admits that its sells turkey products to distributors and retailers, including Whole Foods Market, who may sell those products into or in New Mexico.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and on that basis denies those allegations.

43.     Defendant admits that, *inter alia,* it processes, distributes and sells turkey products and that Paragraph 43 contains a list of some of those turkey products.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and on that basis denies those allegations.

44.     Defendant admits that it has used several different brand marks on the packaging and labeling of its turkey products and on its website over time.  Defendant admits that one of its brand marks includes the statement "Since [image] 1949 DIESTEL Sonora TURKEY RANCH® California" and another includes the statement "Since [image] 1949 DIESTEL FAMILY RANCH®."  Defendant admits that it does not operate typical industrial, factory farms. Defendant admits that some of its marketing and advertising has used the statement "thoughtfully raised," "plenty of fresh air and space to roam," "plenty of room to roam, whether indoors or outdoors," "slow grown," and "Family Secret 1 Walk The Flock Each Day." Defendant denies the remaining allegations in Paragraph 44.

45.     Defendant admits that past versions of its website included a footer that contained the statement "A Family-Run Sustainable Ranch" and invited consumers to visit the ranch. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and on that basis denies those allegations.  With respect to the image inserted in paragraph 45, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendant

states that the image speaks for itself and respectfully refers the Court to the image for a true and accurate statement of its content.

46.     Defendant admits that it has provided holiday brochures to some Whole Foods Market stores for use in marketing its turkey products during the holiday season.  Defendant admits that some of these brochures use the phrases "A Family-Run Sustainable Ranch," "Slow-Grown Turkeys from the Diestel Family Ranch" and include pictures of turkeys both inside and outside of turkey barns.  Defendant denies the remaining allegations in Paragraph 46.  With respect to the photographs inserted in paragraph 46, photographs are not properly pleaded allegations requiring a response.  To the extent any photograph is deemed an allegation requiring a response, Defendant states that the photo speaks for itself and respectfully refers the Court to the photo for a true and accurate statement of its content.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and on that basis denies those allegations.  With respect to the image inserted in paragraph 47, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendant states that the image speaks for itself and respectfully refers the Court to the image for a true and accurate statement of its content.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and on that basis denies those allegations.

49.     Defendant admits that it owns and operates a slaughter and processing facility at its headquarters in Sonora, California and that its processes the turkey it has raised at that facility.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and on that basis denies those allegations.

50.     Defendant admits that it raises turkeys for commercial purposes at its turkey ranch in Sonora, California.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and on that basis denies those allegations.

51.     Defendant admits that it slaughters more than one million turkeys each year at its processing facility in Sonora, California.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and on that basis denies those allegations.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and on that basis denies those allegations.

53.     Defendant admits that it owns and/or operates turkey ranches in Sonora and Jamestown and other locations in California.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis denies those allegations.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and on that basis denies those allegations.

55.     Defendant denies the allegations in Paragraph 55.  With respect to the photographs inserted in paragraph 55, photographs are not properly pleaded allegations requiring a response.  To the extent any photograph is deemed an allegation requiring a response, Defendant states that the photo speaks for itself and respectfully refers the Court to the photo for a true and accurate statement of its content.

56.     Defendant denies the allegations in Paragraph 56.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and on that basis denies those allegations.

58.     Defendant admits that it raises several thousand turkeys at its Home Ranch in Sonora every year.  Defendant admits that during the period of 2016 to the present it has owned or operated eight to nine turkey ranches in California.  Defendant admits that it purchases some turkey meat from other GAP certified family farms located in other states for use in a variety of its non-whole turkey products.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and on that basis denies those allegations.

59.     Defendant admits that it started using the marketing statement "Thoughtfully Raised" as part of its brand refresh in 2014 and continues to use it today.  Defendant further admits that past versions of its website had a header that included the phrase "Thoughtfully Raised" and that it removed that statement from the header as part of the website relaunch in 2019.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and on that basis denies those allegations.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and on that basis denies those allegations.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and on that basis denies those allegations.

62.     Defendant denies the allegations in Paragraph 62.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and on that basis denies those allegations.

64.     Defendant denies the allegations in Paragraph 64.  With respect to the photographs inserted in paragraph 64, photographs are not properly pleaded allegations requiring a response.  To the extent any photograph is deemed an allegation requiring a response, Defendant states that the photo speaks for itself and respectfully refers the Court to the photo for a true and accurate statement of its content.

65.     Defendant admits that some of its advertising over time has used the phrases "thoughtfully raised," "thoughtfully raised on sustainable family farms," "plenty of fresh air and space to roam," and "plenty of room to roam, whether indoors or outdoors."  Defendant denies the remaining allegations in Paragraph 65.

66.     Defendant admits that past versions of its website had a header that included the phrase "Thoughtfully Raised," which served as a link to a webpage entitled "Thoughtfully Raised" that discussed, *inter alia*, Defendant's sustainable farming practices.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and on that basis denies those allegations.  With respect to the image inserted in

paragraph 66, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendant states that the image speaks for itself and respectfully refers the Court to the image for a true and accurate statement of its content.

67.     Defendant admits that past versions of its website included a webpage entitled "Thoughtfully Raised" that included the statements "[t]o us thoughtfully raised means giving the birds plenty of fresh air and space to roam, whether indoors or outdoors;" and "[o]ur turkeys are given individual care and a wholesome diet."  Defendant further admits that past versions of its website included a webpage entitled "Animal Welfare" that included the statement "Diestel embraces strict animal welfare practices, and when it comes to GAP ratings, it's no surprise that Diestel was one of the first turkey producers to achieve the highest GAP 5 rating on our Pasture Raised Holiday Turkey."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 and on that basis denies those allegations.  With respect to the image inserted in paragraph 67, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendant states that the image speaks for itself and respectfully refers the Court to the image for a true and accurate statement of its content.

68.     Defendant admits that it uses the statement "Thoughtfully Raised" on some of its product labeling.  With respect to the photograph inserted in Paragraph 68, photographs are not properly pleaded allegations requiring a response.  To the extent any photograph is deemed an allegation requiring a response, Defendant states that the photo speaks for itself and respectfully refers the Court to the photo for a true and accurate statement of its content.

69.     Defendant admits that past versions of its website contained a link to a Whole Foods Market video entitled Meet the Ranchers.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 and on that basis denies those allegations.  With respect to the photograph inserted in Paragraph 69, photographs are not properly pleaded allegations requiring a response.  To the extent any

photograph is deemed an allegation requiring a response, Defendant states that the photo speaks for itself and respectfully refers the Court to the photo for a true and accurate statement of its content.

70.     Defendant admits it has created a variety of different company videos over its long history, including a video more than ten years ago entitled Bring It Home – Diestel Farms that discussed the company operations as they existed at that time.  Defendant denies the remaining allegations in Paragraph 70.  With respect to the photograph inserted in Paragraph 70, photographs are not properly pleaded allegations requiring a response.  To the extent any photograph is deemed an allegation requiring a response, Defendant states that the photo speaks for itself and respectfully refers the Court to the photo for a true and accurate statement of its content.

71.     Defendant denies the allegations in Paragraph 71.  With respect to the image inserted in paragraph 71, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendant states that the image speaks for itself and respectfully refers the Court to the image for a true and accurate statement of its content.

72.     Defendant admits that some of its product labeling includes the statement "Family Secret 1 Walk The Flock Each Day."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 and on that basis denies those allegations.  With respect to the image inserted in Paragraph 72, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendant states that the image speaks for itself and respectfully refers the Court to the image for a true and accurate statement of its content.

73.     Defendant denies the allegations in Paragraph 73.  With respect to the image inserted in Paragraph 73, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendant states that the

image speaks for itself and respectfully refers the Court to the image for a true and accurate statement of its content.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis denies those allegations.

75.     Defendant denies the allegations in Paragraph 75.

76.     Defendant admits that its website in 2017 included a webpage entitled "Animal Welfare" that discussed GAP's animal welfare rating program.  Defendant admits its turkey ranches are certified under the GAP program.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and on that basis denies those allegations.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and on that basis denies those allegations.

78.     Defendant admits that GAP has developed an animal welfare rating program and that the program has standards for six different steps levels with Step 1 being the lowest rating and Step 5+ being the highest rating.  Defendant admits that its turkey ranches are certified under GAP's animal welfare rating program and that those certification ratings have changed over time.  Defendant admits that its ranches are audited by third-party auditors to the applicable turkey standards under the GAP program.  Defendant admits that it has discussed the GAP program and its certifications under that program on its website in the past.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78 and on that basis denies those allegations.

79.     Defendant admits that it has referenced the GAP 5+ rating of its Pasture Raised Turkeys in some of its advertising materials in the past.  Defendant denies the remaining allegations in Paragraph 79.  With respect to the image inserted in Paragraph 79, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendant states that the image speaks for itself and respectfully refers the Court to the image for a true and accurate statement of its content.

80.     Defendant admits that its turkey ranches are certified under GAP's animal welfare rating program and that it has referenced those certifications and rating levels in some of its advertising materials in the past.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and on that basis denies those allegations.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and on that basis denies those allegations.  With respect to the image inserted in Paragraph 81, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendant states that the image speaks for itself and respectfully refers the Court to the image for a true and accurate statement of its content.

82.     Defendant denies the allegations in Paragraph 82.

83.     Defendant admits that it raises several thousand turkeys at its Home Ranch in Sonora every year.  Defendant admits that during the period of 2016 to the present it has owned or operated eight to nine turkey ranches in California.  Defendant admits that it purchases some turkey meat from other GAP certified family farms located in other states for use in a variety of its non-whole turkey products.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and on that basis denies those allegations.

84.     Defendant admits that old versions of its website included webpages entitled "The Diestel Difference" and "Our Family Secrets."  Defendant further admits that it has used the statement "Slow Grown" in some of its advertising.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and on that basis denies those allegations.

85.     Defendant admits that it uses different turkey breeds.  Defendant further admits that it has used the statement "Slow Grown" in some of its advertising.  Defendant lacks

14

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 and on that basis denies those allegations.

86.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and on that basis denies those allegations.

87.     Defendant admits that it has used photographs of the Diestel family on its website and in some social media over time.  Defendant admits that it has referenced that it is a family owned and operated company and discussed the family's involvement in the business in some of its advertising.  Defendant admits that past versions of its website have included a webpage entitled "Meet the Family."  Defendant admits that it has used the statements "Thoughtfully Raised," "plenty of fresh air and space to roam," "room to roam, whether indoors or outdoors," "individual care," and "wholesome diet" in some of its advertising.  Defendant admits that it has issued press releases in the past and that a Whole Foods Market Meet the Ranchers video relating to Diestel Turkey Ranch was linked to Defendant's website in the past.  Defendant admits that it uses the brand mark "Since [image] 1949 DIESTEL FAMILY RANCH®" in some of its advertising and product labeling.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 and on that basis denies those allegations.

88.     Defendant admits that Heidi Diestel is the Vice President of Marketing for Diestel Turkey Ranch and is responsible for, *inter alia*, updating and upgrading Defendant's marketing and website.  Defendant admits that Heidi Diestel has walked the flock.  Defendant admits that it has employees, including multiple family members, and that the number of employees has varied over time.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and on that basis denies those allegations.

89.      Defendant admits that it has used the statement "no antibiotics" in some of its advertising and labeling of Diestel Turkey Ranch products.  Defendant admits that its turkey ranches are certified under GAP's animal welfare rating program.  Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 and on that basis denies those allegations.

90.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and on that basis denies those allegations.

91.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and on that basis denies those allegations.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and on that basis denies those allegations.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and on that basis denies those allegations.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and on that basis denies those allegations.

95.     Defendant denies the allegations in Paragraph 95.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and on that basis denies those allegations.

97.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and on that basis denies those allegations.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and on that basis denies those allegations.

99.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and on that basis denies those allegations.

100.     Paragraph 100 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff contends that CAFA jurisdiction over this case exists.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 and on that basis denies those allegations.

101.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and on that basis denies those allegations.

102.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and on that basis denies those allegations.

103.   Defendant admits that it is a California corporation with its headquarters in Sonora, California.  Defendant admits that it is subject to personal jurisdiction in New Mexico for purposes of this action.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 and on that basis denies those allegations.

104.   Paragraph 104 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits venue is proper in this case.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 and on that basis denies those allegations.

105.   Paragraph 105 constitutes Plaintiff's description of the action, to which no response is required.

106.   Paragraph 106 constitutes Plaintiff's description of the action, to which no response is required.

107.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and on that basis denies those allegations.

108.   Defendant denies the allegations in Paragraph 108.

109.   Paragraph 109 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and on that basis denies those allegations.

110.   Paragraph 110 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and on that basis denies those allegations.

111.    Paragraph 111 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and on that basis denies those allegations.

112.    Paragraph 112 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and on that basis denies those allegations.

113.    Paragraph 113 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and on that basis denies those allegations.

114.    Paragraph 114 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and on that basis denies those allegations.

115.    Paragraph 115 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and on that basis denies those allegations.

116.    Defendant admits that it was previously sued in California by Direct Action Everywhere SF Bay Area and that judgment was entered in favor of Defendant in that action. Defendant admits that it was sued by Robert Donovan in California federal court alleging a putative consumer class action and that Mr. Donovan dismissed that federal action.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 and on that basis denies those allegations.

117.    Defendant incorporates by this reference its response to the preceding paragraphs in response to each and every Claim set forth in the FAC.

118.    Paragraph 118 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and on that basis denies those allegations.

119.    Defendant denies the allegations in Paragraph 119.

120.    Defendant denies the allegations in Paragraph 120.

121.    Defendant denies the allegations in Paragraph 121.

122.    Defendant denies the allegations in Paragraph 122.

123.    Paragraph 123 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and on that basis denies those allegations.

124.    Defendant denies the allegations in Paragraph 124.

125.    Defendant denies the allegations in Paragraph 125.

126.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and on that basis denies those allegations.

127.    Defendant denies that Plaintiff is entitled to the injunctive relief described in Paragraph 127.

128.    Defendant incorporates by this reference its response to the preceding paragraphs in response to each and every Claim set forth in the FAC.

129.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and on that basis denies those allegations.

130.    Defendant denies the allegations in Paragraph 130.

131.    Defendant denies the allegations in Paragraph 131.

132.    Defendant denies the allegations in Paragraph 132.

133.    Defendant denies the allegations in Paragraph 133.

134.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and on that basis denies those allegations.

135.    Defendant denies the allegations in Paragraph 135.

136.    Defendant incorporates by this reference its response to the preceding paragraphs in response to each and every Claim set forth in the FAC.

137.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and on that basis denies those allegations.

138.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and on that basis denies those allegations.

139.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and on that basis denies those allegations.

140.    Defendant denies the allegations in Paragraph 140.

141.    Defendant denies the allegations in Paragraph 141.

142.    Defendant denies the allegations in Paragraph 142.

## ANSWER TO RELIEF SOUGHT

Defendant denies the allegations, and denies Plaintiff is entitled to any relief requested, in the unnumbered paragraphs enumerating Plaintiff's prayer for relief.  Defendant further denies that this action can be maintained as a class action.

## AFFIRMATIVE DEFENSES

Defendant alleges below its affirmative defenses.  By setting forth these affirmative defenses, Defendant does not assume the burden to establish any fact or proposition necessary to these defenses where that burden is properly imposed on Plaintiff.  All defenses are asserted as to Plaintiff and, in the event her action is permitted to proceed on a class basis, as to any other member of the purported class.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's FAC fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (First Amendment)

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the free speech provisions of the New Mexico Constitution.

## THIRD AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including the Federal Poultry and Poultry Products Inspection Act, 21 U.S.C. §§ 451, *et seq*. ("PPIA").

## FOURTH AFFIRMATIVE DEFENSE

### (Statutory and Regulatory Compliance)

Plaintiff's claims are barred, in whole or part, by the doctrine of statutory and regulatory compliance.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

The claims in the FAC are barred by the doctrines of waiver and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

The claims in the FAC are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The claims in the FAC are barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The claims in the FAC are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, NMSA section 37-1-4 (four-year statute of limitations).

**NINTH AFFIRMATIVE DEFENSE**

**(Harm Caused by Others)**

Persons and/or entities other than Defendant caused some or all of the harm or damages alleged by Plaintiff, to the extent there was any.

**TENTH AFFIRMATIVE DEFENSE**

**(Other Factors Caused Alleged Harm)**

Factors other than allegedly untrue statements of material fact, omissions of material fact, misleading statements or other alleged actions by Defendant caused some or all of the harm or damages alleged by Plaintiff, to the extent there was any.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Injury, Harm or Damages)**

Defendant's purported conduct did not cause Plaintiff or any putative class member any damages, harm and/or injury.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff and her purported class of persons are barred from claiming injury or damages, if any, because they failed to take reasonable efforts to mitigate such injury or damages, which would have prevented or reduced their injury or damages, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Barred by Law)**

To the extent Plaintiff or their putative class seek punitive damages for an alleged act or omission of Defendant, any award of punitive damages is barred under the relevant state law and

by state and federal constitutional principles, including but not limited to Article I, section 10, Article IV, section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The injury or damage allegedly suffered by Plaintiff and/or her putative class would be adequately compensated in an action at law for damages.  Accordingly, Plaintiff and her putative class have a complete and adequate remedy at law and are not entitled to seek equitable relief.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Due Process and Full Faith & Credit)

To the extent Plaintiff seek to apply New Mexico law to transactions that occurred outside of New Mexico Plaintiff's claims are barred, in whole or in part, by the Due Process Clause of the 14th Amendment of the U.S Constitution and the Full Faith and Credit Clause.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because any representation or statement alleged to have been made by Defendant was made in good faith and with a reasonable belief as to its validity and accuracy, and with reasonable belief that its conduct was lawful.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Class Action Prerequisites)

Plaintiff cannot satisfy the prerequisites for class certification under Fed. R. Civ. P. 23 and, therefore, cannot represent the interests of others.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Puffery)

Plaintiff's claims and those of her putative class are barred to the extent that any alleged deceptive statements constitute puffery, and no reasonable consumer would have reasonably relied on or misunderstood the representations in Defendant's alleged advertising.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Reasonable and Good Faith Reliance)

The claims alleged in the FAC are barred, in whole or in part, because Defendant has at all times acted reasonably and in good faith in conformity with and reliance on any applicable statutory regulations, orders, rulings, approvals, and interpretations of the applicable statutory regulations.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Justifiable Reliance)

Plaintiff's claims are barred, in whole or in part, because Plaintiff could not have justifiably relied on the alleged misrepresentations or omissions asserted in the FAC.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Voluntary Payment Doctrine)

The claims alleged in the FAC are barred by the voluntary payment rule to the extent that Plaintiff or any member of her putative class voluntarily purchased the products without mistake of fact or fraud.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional legal defenses as they become known. Defendant further specifically reserves all legal defenses that it may have against the purported class and against each member of the purported class.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Court determine and adjudge:

1.      That this suit cannot be maintained as a class action;

2.      That the FAC be dismissed on the merits;

3.      That Plaintiffs take nothing by the FAC;

4.      That Defendants be awarded its costs, disbursements, attorneys' fees and expenses incurred herein; and

5.      That Defendants be awarded such other and further relief as the Court may deem proper.

Dated:  January 12, 2024                                    Respectfully submitted:

BLAXTER | BLACKMAN LLP


*/s/ Brian R. Blackman*
BRIAN R. BLACKMAN (admitted P*ro Hac Vice*)
610 Montgomery Street, Suite 1110
San Francisco, California 94111
Tel: (415) 500-7704
Email:  bblackman@blaxterlaw.com

**Attorneys for Defendant Diestel Turkey Ranch**


## <u>JURY DEMAND</u>

Defendant Diestel Turkey Ranch demands a trial by jury on all issues so triable.

Dated:  January 12, 2024

BLAXTER | BLACKMAN LLP


 */s/ Brian R. Blackman*
BRIAN R. BLACKMAN (Admitted *Pro Hac* Vice)
601 Montgomery Street, Suite 1110
San Francisco, California 94111
Tel: (415) 500-7705
Email:  bblackman@blaxterlaw.com

25

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on January 12, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Gretchen Elsner
ELSNER LAW & POLICY, LLC
314 South Guadalupe Street
Santa Fe, NM 87501
Telephone:  (505) 303-0980
Email:  gretchen@elsnerlaw.org

Michael R. Reese
Kate J. Stoia
George V. Granade
REESE LLP
8484 Wilshire Blvd., Suite 515
Los Angeles, CA 90403
Email: mreese@reesellp.com
kstoia@reesellp.com
ggranade@reesellp.com

/s/ *Brian R. Blackman*